Daniel J. Morse (WY Bar # 7-4770)
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
308 West 21st Street, Room 203
Cheyenne, WY 82001
(307) 772-2793
Email: Daniel.J.Morse@USDOJ.GOV

Attorney for Patrick S. Layng, United States Trustee

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| In re: | ) | |
|---|---|---|
| | ) | |
| DENNIS MEYER DANZIK, | ) | Case No. 17- 20934 |
| | ) | |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

_____

## UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION FOR ORDER APPROVING EMPLOYMENT OF ATTORNEY FOR THE ESTATE BY THE DEBTORS[sic]-IN-POSSESSION

The United States Trustee, by and through his undersigned counsel, hereby files the following objection to the Application for Order Approving Employment of Attorney for the Estate by the Debtors[sic]-In-Possession (the "**Application**").

1.  The Law Offices of Ken McCartney, P.C. ("**McCartney**") is unable to satisfy the requirements of § 327(a) of the Bankruptcy Code.  Section 327(a) of the Bankruptcy Code imposes the specific requirement that professionals seeking approval

1

from the bankruptcy court to be employed by the bankruptcy estate "not hold or represent an interest adverse to the estate." *See* 11 U.S.C. § 327(a). Specifically, § 327(a) of the Bankruptcy Code provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, ..., or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a). "Section 327(a) prohibits an attorney (or other professional) from representing a debtor in a chapter 11 case if the attorney has or represents an actual conflicting interest." *In re Wheatfield Business Park LLC*, 286 B.R. 412, 420-21 (C.D. Cal. 2002). "This prohibition is absolute, and is not subject to waiver or consent." *Id*.

    2.   McCartney disclosed in its Disclosure of Compensation – Rule 2016(b) (Doc. No. 4) that "In the last one year period, counsel was paid a total of $29,300.00 as fees earned in the prior chapter 11 case paid between May and August 2017." However, a review of the docket from Case No. 16-20002 does not evidence that McCartney filed any applications seeking approval of compensation under § 330(a) of the Bankruptcy Code.

    3.   As to unapproved fees, this Court recently stated in *In re Schnaible*:

> Counsel may only collect amounts the court approves. Because § 330(a) requires court approval to create the obligation to pay the attorney's fees, absent court approval neither the debtor nor the estate is ever liable. Attorney fees may be paid to a debtor's counsel only if approved by the Court. Court approval under § 330(a) is what creates the liability, not the performance of the services. Accordingly, the Court concludes that an

2

>attorney may not take fees from a chapter 13 debtor postposition without court approval.

Case No. 14-20538 (Doc. No. 262 at p. 4 of 5) (quoting *In re Gantz*, 209 B.R. 999, 1003 (B.A.P. 10th Cir. 1997) (quotations and citations omitted).

4. Following *In re Schnaible*, Debtor's transfer of $29,300 to McCartney for unapproved legal fees was on account of a non-existent legal obligation or, in other words, a gratuitous transfer of funds. As such, those transfers appear avoidable under § 548 of the Bankruptcy Code. Under these circumstances, McCartney appears to have a conflict with Debtor's estate and is unable to satisfy the requirements of § 327(a) of the Bankruptcy Code. *See In re Garza*, 1994 WL 282570 at *2 (E.D. Va. Jan. 19, 1994) ("Any large or unusual payments by a debtor to his counsel within the preference period are relevant to a conflicts analysis and warrant scrutiny by the court when prepetition counsel is sought for employment postpetition. These types of payments pose a possible conflict in which the counsel and the estate may be rivals.").

## **CONCLUSION**

WHEREFORE, the United States Trustee respectfully requests that the Court deny the Application.

Dated:  December 11, 2017.

        Respectfully submitted,

PATRICK S. LAYNG
UNITED STATES TRUSTEE
REGION 19

   /s/ Daniel Morse
By: Daniel J. Morse
Assistant U.S. Trustee, District of Wyoming
308 West 21st Street, Room 203
Cheyenne, WY 82001
Direct Line: 307-772-2793

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the attached **UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION FOR ORDER APPROVING EMPLOYMENT OF ATTORNEY FOR THE ESTATE BY THE DEBTORS-IN-POSSESSION** was electronically served this 11th day of December, 2017, on the following:

**Ken McCartney**
**The Law Offices of Ken McCartney, P.C.**
**P.O. Box 1364**
**Cheyenne, WY 82003**
**307-635-0555**
**Fax : 307-635-0585**
**Email: bnkrpcyrep@aol.com**


    /s/ Daniel Morse
By: Daniel J. Morse
Assistant U.S. Trustee, District of Wyoming