KEN McCARTNEY, Bar No. 5-1335
The Law Offices of Ken McCartney, P.C.
P.O. Box 1364
Cheyenne, WY 82003
Tel (307) 635-0555
Fax (307) 635-0585
Email: bnkrpcyrep@aol.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

In re:                                        )
    DENNIS MEYER DANZIK,          )
                                                   )     Case No. 17- 20934
                                                   )          CHAPTER 11
                             Debtor.          )

## RESPONSE TO THE US TRUSTEE'S OBJECTION TO APPOINTMENT AS DEBTOR'S COUNSEL

      COMES NOW as applicant to become Debtor's Counsel, Ken McCartney of The Law Offices of Ken McCartney, P.C. and he responds to the US Trustee's opposition to his appointment as follows:

1.     First and probably most important, it should be noted that Debtor's counsel in the prior chapter 11 did absolutely nothing wrong when he accepted voluntary post-dismissal payments for current and prior (estate fees) from the Debtor.

2.     At the time the payments were received, there really was no case law in this division regarding Debtor's counsel receiving fees post dismissal, or the need to have the fees approved. The 10th circuit law in point was pretty much limited to *In re Gantz,* 209 B.R. 999 ( B.A.P. 10th Cir, 1997) and certainly no court had ordered that fees not be collected.

3. The Order of dismissal, while lengthy and quite well thought through, did not mention anything with respect to post dismissal fees.

4. Since the Debtor made the last voluntary payment for fees on account of the prior chapter 11 case, two Orders have been entered in this district concerning post conversion fees in Chapter 13 cases, that may, arguably, have some bearing in this situation. Both were entered in *In re Schnaible*, 14-205328. One in September of 2017, and the other in October of 2017. The first, at Doc #214 is not so germain. It stands for the proposition that chapter 13 fees paid into the estate will be returned to the Debtors if the case is converted pre- as well as post- confirmation rather than distributed to administrative claims or other creditors' claims. The second at Doc #262 is more likely relevant in a dismissed chapter 11. On petition for review of the prior decision, the court held that it is the act of court approval which makes fees owed by the Debtor or the estate while serving as attorney for the estate, a binding commitment between the parties and not just the work itself. This leads counsel to believe it wise to petition for attorney fees in all dismissed cases under chapters 11, 12, and 13 in this division after October of 2017.

5. It will be necessary for the court to decide in which cases this will apply. Historically no such provision applies in chapter 7 cases. Debtor's counsel routinely represents post-petition chapter 7 Debtors in adversary proceedings involving dischargability and discharge without court appointment. Section 330 addresses attorney's fees paid by the estate or the Debtor, its plain language does not seem to apply to the post-dismissal Debtor. As §330 apparently does not apply to the post-

       petition chapter 7 Debtors.

6.     In the case at bar, it turns out that the Debtor felt bad about not paying for substantial attorney fees he incurred during the year and three months his chapter 11 had been marching through the court. After dismissal he continued to call and email wanting current representation as the Debtor was managing several court cases during this period of time. Counsel did not "charge" for this representation as he had no expectancy of being paid for the chapter 11 work. Seldom does a dismissed chapter 11 result in counsel's fees being paid.

7.     Perhaps because counsel took every call and answered every email during this period of time the Debtor voluntarily paid, $1,500 on April 7, 2017, $2,800 on May 17, 2017, $5,000 on June 15th, 2017, $5,000 on August 11, 2017, and a final payment on August 17th, 2017, of $15,000 for a total of $29,300.

8.     When the case was dismissed, counsel's time records without editing to conform with all the relevant dockets, indicated $27,427.34 unpaid in the base case, $1,003.75 inpaid in the South Coast Adversary, $3,379.75 unpaid in the Gem Adversary, $5,699.50 in the CWT Adversary, and $876.00 in the Sigma Adversary. Each was tracked separately as there are issues with the estate's responsibility for discharability claims. The total was $38,377.34. Post dismissal services probably exceeds $10,000 in trackable time, but writing $38,377.34 down to the paid $29,300 mooted further charges.

9.     Counsel's current status does not represent any sort of conflict with the estate. The payments are not within the §547 look back period. The transfers were partially

in exchange for good and valuable services being rendered at the time. Had there been division law requiring court involvement, counsel could have easily had the fees approved as reasonable. Such an application is still possible. Failing applicable circuit or division case law, with a conflict among the circuits as to approval (Fifth Circuit holding not necessary, Sixth Circuit at least in Chapter 13 cases leaning toward a requirement) and basically no division law or 10th circuit cases in point, counsel reasoned the court probably did not have jurisdiction to review fees post-dismissal absent a dispute between the post-petition Debtor and counsel.

10.     Given the *dicta* in *Schnaible* counsel, out of an abundance of caution, counsel would probably have sought review and approval.

WHEREFORE counsel prays that the court find no conflict and that he be appointed attorney for the current Chapter 11 estate, or the Court enter such further order under the circumstance that will make that appointment possible.

DONE this 20th day of December, 2017.

/s/ Ken McCartney
KEN McCARTNEY, Bar No. 5-1335
The Law Offices of Ken McCartney, P.C.
P.O. Box 1364
Cheyenne, WY 82003
Tel (307) 635-0555
Fax (307) 635-0585
Email: bnkrpcyrep@aol.com

## CERTIFICATE OF SERVICE

      A true and correct copy of the foregoing was served upon the Office of the US Trustee this 20th day of December, 2017, electronically.

      /s/ Ken McCartney