Bradley T. Hunsicker, Wyo. Bar #7-4579
MARKUS WILLIAMS YOUNG &
ZIMMERMANN LLC
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (307) 638-1975
E-Mail: bhunsicker@markuswilliams.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In Re:<br><br>DENNIS MEYER DANZIK,<br>ss # XXX-XX-1786<br><br>Debtor. | Case No. 17-20934<br>Chapter 11 |

### REPLY IN FURTHER SUPPORT OF MOTIONS FOR ADMISSION OF JEFFREY M. EILENDER, BRADLEY J. NASH, AND JOSHUA D. WURTZEL TO PRACTICE, PRO HAC VICE

Creditors CWT Canada II Limited Partnership and Resource Recovery Corporation (the "CWT Parties") submit this reply: (i) in further support of their motions (Dkt. Nos. 19-21) under U.S.D.C.L.R. 84.2(b) and Rule 9010-1 of the Local Rules for the United States Bankruptcy Court for the District of Wyoming for entry of orders admitting Jeffrey M. Eilender, Bradley J. Nash, and Joshua D. Wurtzel of the law firm Schlam Stone & Dolan LLP ("SSD"), 26 Broadway, New York, New York 10004 (the "SSD Attorneys"), to practice before this Court pro hac vice to represent the CWT Parties in this case; and, (ii) in response to the Debtor Dennis Danzik's ("Danzik") Opposition to the Appearance of Attorneys from Schlam Stone & Dolan LLP *Pro Hoc Vice* (Dkt. No. 22) (the "Opposition").

{Z0201976/1 }

**PRELIMINARY STATEMENT**

Danzik's opposition to the CWT Parties' motions for pro hac vice admission of the SSD Attorneys is frivolous, and a thinly-veiled attempt to disqualify the attorneys who are most familiar with Danzik's assets and current schemes from participating in this case. Indeed, the SSD Attorneys have represented the CWT Parties against Danzik from the beginning, and have amassed extensive knowledge about Danzik's assets and current schemes based, in part, on their post-judgment discovery efforts over the last six months. Danzik knows that the SSD Attorneys are best situated to represent the CWT Parties in this case, and has thus concocted a frivolous argument in a strategic attempt to prevent them from participating in this case. But the Court should reject Danzik's gamesmanship, and permit the CWT Parties to be represented by counsel of their choice.

Danzik claims that the SSD Attorneys cannot represent the CWT Parties in this case because he may have a potential claim against the SSD Attorneys depending on the outcome of a separate interpleader action in Arizona federal court concerning the ownership of restrained funds held in the name of Wyo Tech Financial Group, LLC (the "Wyo Tech Action"), and so the SSD attorneys may be witnesses at some point. Opposition at 1-2. But this argument is erroneous.

The Wyo Tech Action is an interpleader action that Wells Fargo brought after the SSD Attorneys served a restraining notice on it requiring it to freeze an account that is in Wyo Tech's name, but in which Danzik appears to have an interest. Ex. 1. Specifically, Danzik's wife and daughter—both of whom are listed as an "Owner with Control" of Wyo Tech in bank records—have transferred hundreds of thousands of dollars from Wyo

Tech to themselves, Danzik, Danzik's family company, and Danzik's cronies. And while Danzik has denied that he has any interest in Wyo Tech, Wyo Tech has paid thousands of dollars of Danzik's legal fees, as well as legal fees for Tony Ker, Danzik's co-conspirator whom the CWT Parties are suing separately in Arizona federal court. In the Wyo Tech Action, Wyo Tech has asserted third-party claims against SSD and one SSD associate arising out of this restraining notice. Ex. 2. Danzik is not a party to the Wyo Tech Action.[1]

As explained below, Danzik does not even list his potential "claim" against the SSD Parties in his Petition. One must conclude that Danzik either does not believe this "claim" is real, or he has deliberately and willfully omitted an estate asset from his Petition. And even in his Opposition, Danzik fails to explain the basis of his potential "claim" against the SSD Attorneys—relying instead on cursory, conclusory, and sometimes-incomprehensible statements.

Further, any claim that Danzik could conceivably assert against the SSD Attorneys arising out of the restraint of Wyo Tech's funds would be frivolous. Indeed, Danzik signed a sworn declaration stating that he has no interest in Wyo Tech.

Moreover, assuming, *arguendo*, that Danzik had a non-frivolous claim against the SSD Attorneys, Danzik concedes that any potential claim would "depend[] on the outcome" of the Wyo Tech Action. Opposition at 1. This outcome is many months, if not

---

[1] The Wyo Tech Action was commenced on November 9, 2017 (Ex. 1)—before Danzik filed for bankruptcy. Because the Wyo Tech Action involves a dispute over whether funds held in a Wyo Tech account belong to Danzik, the CWT Parties plan to seek relief from this Court to allow the Wyo Tech Action to go forward.

{Z0201976/1 }   3

years, away. Disqualifying the SSD Attorneys now—when their knowledge and experience is most needed—would be premature and overly speculative.

As explained above, Danzik's Opposition is a strategic attempt to deprive the CWT Parties of their counsel of choice—who have extensive knowledge about and experience dealing with Danzik. The CWT Parties will move separately for sanctions against Danzik's counsel, Ken McCartney, for filing the frivolous Opposition. The Court should grant that separate motion for sanctions, and should also grant the CWT Parties' motions for pro hac vice admission of the SSD Attorneys.

## ARGUMENT

"As a general matter, a litigant has the 'right to employ counsel of [his] choice. *United States ex rel. Tracy v. Emigration Improvement Dist.*, 2017 WL 5632398, at *3 (10th Cir. Nov. 22, 2017) (alteration in original) (citation omitted); *see also Wisdom v. Gugino*, 2017 WL 6517548, at *6 (D. Idaho Dec. 20, 2017) ("Civil litigants generally have a right to be represented by counsel of choice."); *Double K Properties, LLC. v. Aaron Rents, Inc.*, 2003 WL 22697218, at *4 (W.D. Va. Nov. 14, 2003) (party is "entitled to be represented by counsel of its choice, including its regular corporate attorney").

Disqualification or other rejection of a "'party's chosen counsel is an extraordinary remedy not generally in the public interest—a remedy that should be employed only sparingly.'" *Dude v. Cong. Plaza, LLC*, 2017 WL 6492085, at *4 (S.D. Fla. Dec. 15, 2017) (citations omitted). Indeed, "'[b]ecause a party is presumptively entitled to the counsel of his choice, that right may be overridden only if compelling reasons exist.'" *Id.* "Since disqualification motions interfere with a party's right to

counsel of its choice and are often made for tactical reasons, they are 'viewed with disfavor,' and the party seeking disqualification must meet a 'heavy burden of proof in order to prevail.'" *John Nagle Co. v. Goldin*, 2017 WL 4043936, at *9 (N.D.N.Y. Sept. 12, 2017) (citations omitted).

Danzik opposes the CWT Parties' motions to have the SSD Attorneys represent them in this case because Danzik allegedly "suffered actual damages because of the alleged misconduct" by the SSD Attorneys in the Wyo Tech Action, and Danzik "intends to prosecute that claim if Wyo. Tech Investment Group, LLC, prevails in the Arizona court action." Opposition at 1-2. According to Danzik, "[i]t will be impossible to proceed in that regard without testimony from attorneys at Schlam Stone & Dolan LLP whose testimony will be significant and contested," and the SSD Attorneys' participation in this case as counsel may "violate Rule 3.7(a) of the Wyoming Disciplinary Code." But this argument is frivolous.

*First*, Danzik does not even list this supposed "claim" against the SSD Attorneys as an estate asset in his Petition, despite listing other claims against the CWT Parties. *See* Petition at 20. Nor has Danzik amended his Petition to list this supposed "claim" since filing his Opposition on January 3, 2018. Again, either even Danzik does not believe that this supposed "claim" is real, or he has intentionally omitted estate assets from his Petition.

*Second*, the party challenging an adversary's right to be represented by counsel of its choice "'bears the burden of proving grounds for disqualification.'" *Dude*, 2017 WL 6492085, at *4. But Danzik fails to explain what his supposed "claim" against the SSD

Attorneys is. Indeed, Danzik vaguely asserts that the SSD Attorneys will give "significant and contested" testimony in a potential, future action regarding this "claim." Opposition at 2. Danzik does not even try to explain the supposed basis of his "claim" against the SSD Attorneys, or why they will have to give "significant and contested" testimony in any future action. Danzik has not carried his burden to show why the CWT Parties should be deprived of their counsel of choice in this case. Denying the CWT Parties' their right to be represented in this case by the SSD Attorneys would allow any debtor who wants to disqualify a creditor's attorney to do so by conclusorily asserting that the debtor has a claim against the creditor's attorney. This would open the floodgates to the very gamesmanship that Danzik is attempting here.

*Third*, any claim that Danzik could conceivably assert against the SSD Attorneys would be frivolous. As explained above, in the Wyo Tech Action, Wyo Tech has asserted third-party claims against SSD and one SSD associate arising out of the restrained Wyo Tech funds. Ex. 2. Danzik has sworn that he has "never owned, and [does] not presently own, any percentage, membership or other interest in Wyo Tech," and that he has "not been promised any future ownership interest in Wyo Tech." Ex. 3. If Danzik is telling the truth, then he has no interest in the restrained funds. And if he does have an interest in these restrained Wyo Tech funds, then the SSD Attorneys properly restrained them, and Danzik committed bankruptcy fraud by failing to disclose this interest in his Petition. Either way, Danzik has no claim against the SSD Attorneys, and his failure to even explain the basis of this supposed claim speaks volumes.

*Fourth*, even if Danzik had a non-frivolous claim against the SSD Attorneys (which he does not), and even if he had explained the basis of this supposed claim (which he has not), disqualifying the SSD Attorneys from representing the CWT Parties would be premature and speculative. Danzik asserts that he will assert his supposed claim against the SSD Attorneys only "*if* Wyo. Tech Investment Group, LLC, prevails in the Arizona court action." Opposition at 2 (emphasis added); *see also id.* at 1 ("[i]t is highly likely that the law firm in question will be further involved as party defendants in this court *depending on the outcome of*" the Wyo Tech Action") (emphasis added). Given that it could be months—or even years—until the Wyo Tech Action is resolved, and given that Danzik states that he will assert his supposed claim against the SSD Attorneys only if Wyo Tech prevails in that action, denying the CWT Parties their counsel of choice would be premature and overly speculative. *See Dude*, 2017 WL 6492085, at *4 (refusing to disqualify counsel when doing so would be "premature and overly speculative").

In the interim, preventing the SSD Attorneys from representing the CWT Parties in this case would substantially prejudice the CWT Parties. This is Danzik's second chapter 11 case in less than nine months, and nothing about his financial condition has meaningfully changed since his first case was dismissed for reasons including that he filed the case in "bad faith" The CWT Parties thus expect to move to dismiss, and need the SSD Attorneys to represent them in doing so. Indeed, the SSD Attorneys have represented the CWT Parties in their suit against Danzik since the very beginning, and have been taking extensive post-judgment discovery about Danzik's assets for the last six months. Through this experience and discovery, the SSD Attorneys have amassed

{Z0201976/1 }  7

extensive knowledge about Danzik's assets and current schemes—including how he launders money through entities he controls to hide them from creditors. Disqualifying the SSD Attorneys would deprive the CWT Parties of their counsel that is intimately familiar with Danzik's assets and current schemes. Indeed, that is why Danzik seeks to disqualify the SSD Attorneys. The Court should see through this tactic, and grant the CWT Parties' motions for pro hac vice admission of the SSD Attorneys.

## CONCLUSION

The Court should grant the CWT Parties' motions for pro hac vice admission of the SSD Attorneys, and grant the CWT Parties' separate motion for sanctions against Danzik's proposed counsel, Ken McCartney.

Dated: Cheyenne, Wyoming
       January 10, 2018

Respectively submitted,

**CWT Canada II Limited Partnership and Resource Recovery Corporation,** *Creditors and Movants*

By: /s/ Bradley T. Hunsicker
    Bradley T. Hunsicker, #7-4579
    **MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC**
    106 East Lincolnway, Suite 300
    Cheyenne, WY 82001
    Telephone: (307) 778-8178
    Facsimile: (307) 638-1975
    E-Mail: bhunsicker@markuswilliams.com

By: /s/
    Jeffrey M. Eilender
    Bradley J. Nash
    Joshua Wurtzel

{Z0201976/1 }    8

**SCHLAM STONE & DOLAN LLP**
26 Broadway
New York, New York 10004
Telephone: (212) 344-5400
Facsimile: (212) 34407677
E-Mail: jme@schlamstone.com
E-Mail: bnash@schlamstone.com
E-Mail: jwurtzel@schlamstone.com

*Attorneys for Creditors CWT Canada II Limited Partnership and Resource Recovery Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of January, 2018, I caused a true and correct copy of the foregoing **REPLY IN FURTHER SUPPORT OF MOTIONS FOR ADMISSION OF JEFFREY M. EILENDER, BRADLEY J. NASH, AND JOSHUA D. WURTZEL TO PRACTICE, PRO HAC VICE** to be served, electronically, upon the parties indicated below via the Court's CM/ECF system:

**Ken McCartney**
The Law Offices of Ken McCartney, P.C.
P.O. Box 1364
Cheyenne, WY 82003
bnkrpcyrep@aol.com
*Attorney for Debtor*

**Daniel J. Morse**
Assistant U.S. Trustee
308 West 21st Street, Room 203
Cheyenne, WY 82001
daniel.j.morse@usdoj.gov

**Aaron J. Nash**
Evans Petree PC
1000 Ridgeway Loop Rd, Suite 200
Memphis, TN 38120-4036
anash@evanspetree.com
*Attorney for TDAF*

　　　　　　　　　　　　　　　　　　*/s/ Bradley T. Hunsicker*
　　　　　　　　　　　　　　　　　　Bradley T. Hunsicker

{Z0201976/1}　　　　　　　　　　9