# Exhibit 2

Richard K. Walker, SBN 004159
WALKER & PESKIND, PLLC
16100 N. 71st Street, Suite 140
Scottsdale, Arizona 85254-2236
rkw@azlawpartner.com
Phone: (480) 483-6336
Facsimile: (480) 483-6337

*Counsel for Defendant Wyo Tech Investment Group, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank, N.A.,<br><br>                        Plaintiff,<br><br>          vs.<br><br>Wyo Tech Investment Group, LLC; CWT Canada II Limited Partnership, Resources Recovery Corporation; and Jean Noelting,<br><br>                        Defendants. | **CASE NO.: 2:17-CV-04140-JJT**<br><br>**DEFENDANT WYO TECH INVESTMENT GROUP, LLC'S ANSWER, COUNTERCLAIM, CROSS-CLAIM AND THIRD PARTY COMPLAINT**<br><br>[Assigned to the Honorable John J. Tuchi] |
| Wyo Tech Investment Group, LLC,<br><br>                        Counterclaimant,<br><br>vs.<br><br>Wells Fargo Bank, N.A.,<br><br>                        Counterdefendant. | |

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

Wyo Tech Investment Group, LLC,

                              Cross-Claimant,

vs.

CWT Canada II Limited Partnership,
Resources Recovery Corporation; and
Jean Noelting,

                              Cross-Defendants.

---

Wyo Tech Investment Group, LLC,

                    Third Party Plaintiff,

vs.

Schlam Stone & Dolan, LLP, a New York
Limited Liability Partnership, and Joshua
Wurtzel,

                    Third Party Defendants.

COMES NOW Defendant WYO TECH INVESTMENT GROUP, LLC (hereinafter "WYO TECH"), by and through its undersigned counsel, and hereby submits its Answer to Plaintiff WELLS FARGO BANK, N.A.'s ("Wells Fargo") Complaint (Doc. 1), filed on November 9, 2017 ("Complaint"), along with WYO TECH's Counterclaim against Wells Fargo; WYO TECH's Crossclaim against Defendants CWT CANADA II LIMITED PARTNERSHIP ("CWT Canada"), RESOURCES RECOVERY CORPORATION ("RRC"), and JEAN NOELTING ("Noelting") (collectively, "Judgment Claimants"); and WYO TECH's Third Party Complaint against the law firm

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

2

of SCHLAM STONE & DOLAN, LLP, and JOSHUA WURTZEL, ESQUIRE (collectively, "Counsel for Judgment Claimants").

## WYO TECH'S ANSWER

1.      Responding to Paragraph 1 of the Complaint, WYO TECH admits that Wells Fargo's Complaint purports to set forth an interpleader action seeking to interplead a sum of money held in a Wells Fargo account owned by WYO TECH.  WYO TECH affirmatively alleges that the account in question was opened in WYO TECH's behalf with a Scottsdale, Arizona branch of Wells Fargo ("Scottsdale Branch"), and that prior to Wells Fargo's impoundment of WYO TECH's funds held in that account, all of WYO TECH's dealings with Wells Fargo concerning the account have been with the aforementioned Scottsdale Branch.  WYO TECH specifically denies that the current balance in the account is $546,282.55, and further denies that Wells Fargo is entitled to an order discharging it from liability arising out of the impoundment of WYO TECH's funds.  The allegations of Paragraph 1 of the Complaint are, in all other respects, denied.

2.      WYO TECH denies that it is or ever has been, an "adverse claimant" as to any of the funds entrusted to Wells Fargo and held in WYO TECH's account with the Scottsdale Branch.  WYO TECH affirmatively alleges that all funds held in that account are its sole property, that no one other than WYO TECH has any right, title, or interest in said funds, and that neither Wells Fargo nor Judgment Claimants nor Counsel for Judgment Claimants have, or ever have had, any legitimate, good faith basis for believing or asserting otherwise.  WYO TECH admits that Judgment Claimants have sought to position themselves as adverse claimants to the funds Wells Fargo now seeks to

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

3

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

interplead, and that Wells Fargo has acquiesced, and has aided and abetted Judgment Claimants, in their maneuvering so to position themselves.

3.     WYO TECH admits that Exhibit A to the Complaint appears to be a true and correct copy of a judgment entered in the Supreme Court of the State of New York in *GEM HOLDCO, LLC, et al. v. Changing World Technologies, et al.*, Case Index No. 650841/2013 ("*GEM HOLDCO* Case"). WYO TECH is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3 of the Complaint and therefore denies the same. WYO TECH affirmatively asserts that it has never been a party litigant, nor has it appeared in any other capacity, in the *GEM HOLDCO* Case; and WYO TECH is not shown as a Judgment Debtor in the Judgment referenced in Paragraph 3 of the Complaint and attached to the Complaint as Exhibit A.

4.     WYO TECH is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and therefore denies the same. WYO TECH affirmatively alleges that it has been informed by Wells Fargo that a Restraining Notice was issued by Counsel for Judgment Claimants pursuant to New York's Civil Practice Rules ("CPLR") § 5222 in the *GEM HOLDCO* Case. A true and correct copy of the aforementioned Restraining Notice, as provided by Wells Fargo to WYO TECH, is attached hereto as Exhibit 1.

5.     WYO TECH admits the allegations set forth in Paragraph 5 of the Complaint.

6.     WYO TECH denies that there is any realistic possibility that Wells Fargo could be "subject to double liability because it may be required to pay the funds to both

4

claimants," as alleged in Paragraph 6 of the Complaint.  WYO TECH further denies that

there is any realistic possibility that Wells Fargo would risk contempt of court if it were

to release the frozen funds to WYO TECH, their rightful owner.  WYO TECH admits

that Wells Fargo is subject to litigation with, and liability to, WYO TECH by freezing

and refusing to release the funds in WYO TECH's account, as is more fully expounded in

WYO TECH's Counterclaim against Wells Fargo set forth below.

7.    Responding to Paragraph 7 of the Complaint, WYO TECH denies that it is

an "adverse claimant[]," as suggested by the allegations set forth therein.  WYO TECH

further denies that Wells Fargo is entitled to an "order discharging it of liability to" WYO

TECH.  WYO TECH admits that Wells Fargo seeks through its Complaint to interplead

funds entrusted to it and held in WYO TECH's account with the Scottsdale Branch.

WYO TECH denies that its funds are, in any legitimate sense, "disputed."

8.    Responding to the allegations set forth in Paragraph 8 of the Complaint,

WYO TECH lacks sufficient knowledge or information to form a belief as to the truth of

the allegations of said Paragraph 8, and therefore denies the same.

9.    Responding to the allegations set forth in Paragraph 9 of the Complaint,

WYO TECH admits that it is a Wyoming limited liability company, that William Hinz is

a member of WYO TECH, that Mr. Hinz is a citizen of Maricopa County, Arizona

("Maricopa County"), that WYO TECH does business in Maricopa County, and that

WYO TECH has no contacts pertinent to this action with the State of New York.  WYO

TECH denies all remaining allegations set forth in said Paragraph 9.

**WALKER & PESKIND, PLLC**
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WALKER & PESKIND, PLLC**
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

10.    Responding to the allegations set forth in Paragraph 10 of the Complaint, WYO TECH lacks sufficient knowledge or information to form a belief as to the truth of the allegations of said Paragraph 10, and therefore denies the same.

11.    Responding to the allegations set forth in Paragraph 11 of the Complaint, WYO TECH lacks sufficient knowledge or information to form a belief as to the truth of the allegations of said Paragraph 11, and therefore denies the same.

12.    Responding to the allegations set forth in Paragraph 12 of the Complaint, WYO TECH lacks sufficient knowledge or information to form a belief as to the truth of the allegations of said Paragraph 12, and therefore denies the same.

13.    Responding to the allegations set forth in Paragraph 13 of the Complaint, WYO TECH admits that the amount in controversy exceeds $75,000.  WYO TECH further admits, upon information and belief, that the citizenship of the parties is completely diverse.  WYO TECH denies that it is a "claimant[]" with respect to its own funds held by Wells Fargo in WYO TECH's account at the Scottsdale Branch.   WYO TECH admits, however, upon information and belief, that its citizenship and that of the Judgment Claimants is diverse.

14.    Responding to the allegations set forth in Paragraph 14 of the Complaint, WYO TECH admits that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).  WYO TECH denies all remaining allegations set forth in said Paragraph 14.

6

15.    Responding to the allegations set forth in Paragraph 15 of the Complaint, WYO TECH lacks sufficient knowledge or information to form a belief as to the truth of the allegations of said Paragraph 15, and therefore denies the same.

16.    Responding to the allegations set forth in Paragraph 16 of the Complaint, WYO TECH admits, upon information and belief, the allegations of said Paragraph 16.

17.    Responding to the allegations set forth in Paragraph 17 of the Complaint, WYO TECH admits, upon information and belief, the allegations of said Paragraph 17.

18.    Responding to the allegations set forth in Paragraph 18 of the Complaint, WYO TECH admits that the language quoted in Paragraph 16 is an accurate excerpt from the Restraining Notice allegedly served on Wells Fargo by the Judgment Claimants, and that said Restraining Notice states that disobedience is "punishable as a contempt of court."  WYO TECH denies, however, that the Restraining Notice complies with the requirements of CPLR § 5222(b), and WYO TECH further denies that the Restraining Notice has any validity or legal effect.  WYO TECH further denies that Wells Fargo could be liable to the Judgment Claimants if it failed to restrain the funds in WYO TECH's account.

19.    Responding to Paragraph 19 of the Complaint, WYO TECH admits that said Paragraph 19 accurately quotes an excerpt from CPLR § 5222(b).

20.    Responding to Paragraph 20 of the Complaint, WYO TECH admits that the Restraining Notice allegedly served on Wells Fargo by the Judgment Claimants specifically identified and commanded the restraint of WYO TECH's account with Well Fargo's Scottsdale Branch.

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

7

21.    Responding to Paragraph 21 of the Complaint, WYO TECH admits that Wells Fargo froze WYO TECH's account with an account number ending in -2809, and that said account had been opened by WYO TECH at Wells Fargo's Scottsdale Branch. With regard to all other allegations in Paragraph 21, WYO TECH lacks sufficient knowledge or information to form a belief as the truth of said allegations, and therefore denies the same.

22.    WYO TECH admits the allegations set forth in Paragraph 22 of the Complaint.

23.    WYO TECH admits the allegations set forth in Paragraph 23 of the Complaint.

24.    WYO TECH admits the allegations set forth in Paragraph 24 of the Complaint. WYO TECH affirmatively asserts, however, that the letter from Judgment Claimants' Counsel referenced in said Paragraph 24 failed to offer any evidence contrary to the assertion, in the letter from WYO TECH's counsel to which Judgment Claimants' Counsel was responding, that the monies in WYO TECH's account were all investor monies, and that neither Dennis Danzik nor any member of Danzik's family, nor RDX Corporation had any right, title, or interest in said monies. WYO TECH further affirmatively alleges that the November 6, 2017 letter from Judgment Claimants' Counsel failed to address the assertion in the letter from WYO TECH's counsel that the Restraining Notice failed in material respects to comply with the express requirements of CPLR § 5222(b). Counsel for WYO TECH followed up with a letter the Judgment Claimants' Counsel dated November 8, 2017 pointing out these omissions from the

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

8

latter's letter of November 6, 2017.  A true and correct copy of the aforementioned letter from WYO TECH's counsel to Judgment Claimants' Counsel is attached hereto as Exhibit 2.  To date, WYO TECH's counsel has received no response to his November 8, 2017 letter.

25.    Responding to the allegations set forth in Paragraph 25 of the Complaint, WYO TECH admits that, by impounding and failing to release WYO TECH's funds to WYO TECH, Wells Fargo subjects itself to litigation with, and liability to, WYO TECH, as more fully expounded in the Counterclaim against Wells Fargo set forth below.

26.    WYO TECH denies the allegations set forth in Paragraph 26 of the Complaint.

### Complaint Count I

### Interpleader

27.    WYO TECH incorporates all its admissions, denials, and affirmative allegations set forth in Paragraphs 1-26 above, as if set forth in full herein.

28.    WYO TECH admits the allegations set forth in Paragraph 28 of the Complaint.

29.    WYO TECH admits that Wells Fargo has in its custody or possession monies from a Wells Fargo bank account in the name of WYO TECH, as alleged in Paragraph 29 of the Complaint.  WYO TECH denies, however, that the correct amount of those funds is $546,282.55, as alleged in said Paragraph 29.

30.    Responding to the allegations set forth in Paragraph 30 of the Complaint, WYO TECH denies that it is an "[a]dverse claimant[]" as to the funds held in Account

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

9

No. -2809, which was opened by WYO TECH and into which funds of its investors have been deposited, and with respect to none of which the judgment debtors whom Judgment Claimants are pursuing hold any right title, or interest.  With respect to all remaining allegations set forth in Paragraph 30, WYO TECH is without sufficient knowledge or information to form a belief as to their truth and therefore denies the same.

31.    Responding to the allegations of Paragraph 31 of the Complaint, WYO TECH admits that Wells Fargo claims no interest in the funds at issue.  WYO TECH denies all remaining allegations set forth in said Paragraph 31.

32.    WYO TECH denies the allegations set forth in Paragraph 32 of the Complaint.

33.    WYO TECH admits that Wells Fargo seeks to interplead the funds in WYO TECH's account with the Court, as alleged in Paragraph 33 of the Complaint.  WYO TECH denies all remaining allegations set forth in said Paragraph 33.

34.    Responding to the allegations set forth in Paragraph 34 of the Complaint, WYO TECH admits that Wells Fargo is entitled to an order discharging it from liability from claims asserted against it by the Judgment Claimants with respect to anything relating to WYO TECH's Wells Fargo account (Account No. -2809) and/or the restoration of WYO TECH's access to its funds held in said account.  WYO TECH denies that Wells Fargo is entitled to any order from the Court discharging it from liability to WYO TECH for the wrongful impoundment of WYO TECH's funds.

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

**WALKER & PESKIND, PLLC**
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

### WYO TECH's Additional Defenses

35.    Wells Fargo's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

36.    Without conceding the existence of a contract, Wells Fargo is foreclosed from any remedy based on the Business Account Agreement described in Paragraph 22 of the Complaint by its prior breach of the terms thereof.

37.    WYO TECH, through its counsel, put Wells Fargo on notice that the Restraining Notice allegedly served on it by Judgment Claimants was not valid, and that the funds in WYO TECH's Account No. -2809 were not subject to any claims of any judgment debtor.  By refusing, in the face of such notice, to release WYO TECH's funds, Wells Fargo waived any right it might otherwise have had to be discharged from legal responsibility for the consequences of its refusal.

38.    WYO TECH reserves the right to assert additional defenses that may be discovered in the course of discovery in this matter.

WHEREFORE, having fully answered Wells Fargo's Complaint, WYO TECH respectfully prays that:

1.    The Court approve the interpleader of all funds currently held by Wells Fargo in Account No. -2809;

2.    The Court deny all other relief sought by Wells Fargo in its Complaint;

11

3. The Court, immediately upon Wells Fargo's payment into the Court of the funds held in Account No. -2809, order the release of said funds to WYO TECH, their rightful owners; and,

4. The Court award WYO TECH its fees and costs incurred in responding to this action, along with such other and further relief that the Court deems just in the circumstances.

## WYO TECH'S COUNTERCLAIM vs. WELLS FARGO

1. WYO TECH incorporates herein all allegations set forth above in its Answer to Wells Fargo's Complaint.

2. This Counterclaim seeks remedies against Wells Fargo for wrongful garnishment, tortious interference with WYO TECH's contractual relations and business expectancies, and aiding and abetting Cross-Claim Defendants CWT Canada II Limited Partnership, Resources Recovery Corporation, and Jean Noelting (collectively, "Judgment Claimants") in their tortious conduct against WYO TECH.

### Parties, Jurisdiction, and Venue

3. WYO TECH is a Wyoming limited liability company authorized to do business, and doing business, in the State of Arizona.

4. Wells Fargo is, upon information and belief, a national bank organized under the National Bank Act, with its designated main office in South Dakota.

12

5.     This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1332, because WYO TECH and Wells Fargo are citizens of different States, and the matter in controversy exceeds $75,000.    Alternatively, the Court has supplemental jurisdiction over the claims that are the subject of this Counterclaim by virtue of 28 U.S.C. § 1367.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 by virtue of the fact that WYO TECH's funds that have been wrongfully impounded were, at the time of impoundment, on deposit in a branch of Wells Fargo located in Scottsdale, Arizona.

## **Factual Background**

7.     On or about October 18, 2017, the New York City law firm of Schlam Stone & Dolan, LLP, and Joshua Wurtzel, an attorney employed by that firm (collectively, "Judgment Claimants' Counsel"), allegedly caused a Restraining Notice and Information Subpoena, purportedly pursuant to Section 5222(b) of the New York Civil Practice Law and Rules ("Restraining Notice"), to be served on Wells Fargo, at its location at 1755 Broadway, New York, NY 10019, on behalf of the Judgment Claimants.

8.     The Restraining Notice recited that Judgment Claimants had obtained a judgment in the amount of $7,033,491.13 against Dennis M. Danzik and RDX Technologies Corporation (f/k/a Ridgeline Energy Services, Inc.) (collectively, "Judgment Debtors'), and that the judgment and accrued interest remained unpaid.

9.     The Restraining Notice further recited that "it appears that you are in possession or in custody of property in which the judgment debtor has an interest as well as account(s) or any other property, tangible or intangible or interest in any property in

13

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

the name of the judgment debtor, including, but not limited to, **the account reflected in the check in the attached Exhibit A, and any other accounts held in the name of Wyo Tech Investment Group LLC."**  (Emphasis in original.)  The referenced check was a check drawn on WYO TECH's Account No. -2809 and made out to an Arizona law firm.

10.    WYO TECH's Account No. -2809 had been opened on WYO TECH's behalf as a repository for investor funds to be used as operating capital in the operation of WYO TECH's business.

11.    The Restraining Notice stated that "you are hereby forbidden to make or suffer any sale, assignment, or transfer of, or any interference with any property *in which the judgment debtors have any interest*, except upon direction of the sheriff or pursuant to an order of the court until the aforesaid judgment is satisfied or vacated."  (Emphasis added.)

12.    The judgment referenced in the Restraining Notice had been, upon information and belief, obtained by Judgment Claimants in *GEM Holdco, LLC, et al. v. CWT Canada II Limited Partnership, et al.*, Case Index No. 650841/2013, in the Supreme Court of the State of New York, County of New York ("the *GEM Holdco* Case").  The sole Judgment/Debtors named in the aforementioned judgment are Dennis M. Danzik and RDX Technologies Corporation (f/k/a Ridgeline Energy Services, Inc.).

13.    WYO TECH is not, and never has been, a party to the *GEM Holdco* Case, has never entered an appearance in said case for any purpose, and is not named as a judgment debtor in the judgment.

14

14.    Shortly after allegedly having been served with the Restraining Notice, Wells Fargo impounded all funds in WYO TECH's Account No. -2809, depriving WYO TECH of the use of those funds to carry on its business.

15.    On October 24, 2017, Bill Hinz, WYO TECH's interim Chief Executive Officer ("Mr. Hinz"), and its legal counsel, contacted by telephone John P. Foudy, Esquire, and Peter A. Ragone, Esquire, after having been informed that Messrs. Foudy and Ragone were acting as Wells Fargo's counsel with respect to the impoundment of WYO TECH's funds.

16.    During the October 24 telephone conference with Messrs. Foudy and Ragone, Mr. Hinz and counsel for WYO TECH pointed out to them that WYO TECH is not listed as a judgment debtor in the judgment referenced in the Restraining Notice, and further informed them that the monies in WYO TECH's impounded account were all investor monies in which the judgment debtors had no right, title, or interest.

17.    On November 2, 2017, counsel for WYO TECH emailed a letter to Messrs. Foudy and Ragone, again advising them that the judgment in the *GEM Holdco* case did not name WYO TECH, and that the judgment debtors held no right, title, or interest in any of the funds in WYO TECH's Account No. -2809.  The letter further pointed out, *inter alia*, that the Restraining Notice did not comply with express requirements of CPLR § 5222(b) and was, therefore, without binding effect.  In addition, the November 2 letter advised Wells Fargo's counsel of the fact that the impoundment of WYO TECH's funds was interfering in material ways with WYO TECH's business and threatened to cause more serious harm with the passage of time.  Counsel for the Judgment Claimants was

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

15

copied on this letter, and both Wells Fargo and Judgment Claimants were called on to restore WYO TECH's access to its funds forthwith.  A copy of the November 2, 2017 letter from WYO TECH's counsel to Messrs. Foudy and Ragone is attached hereto as Exhibit "3."

18.     None of the funds deposited in WYO TECH's Account No. -2809 since its inception have been funds belonging to either of the Judgment Debtors.

19.     Despite having been put on notice that there are no funds in WYO TECH's Account No. -2809 in which either of the Judgment Debtors have any right, title, or interest, and despite the fact that WYO TECH is not a Judgment Debtor and has never appeared in or been named as a party litigant in the *GEM Holdco* Case, Wells Fargo has continued to refuse to restore WYO TECH's access to its funds.

## Counterclaim Count I: Wrongful Garnishment

20.     WYO TECH incorporates and re-alleges the allegations of Paragraph 1-19 of its Counterclaim as though said allegations were repeated in full herein.

21.     By or before its receipt of the November 2, 2017 letter from WYO TECH's counsel (Exhibit "3" hereto), Wells Fargo knew or should have known that the Restraining Notice served on it was facially invalid and legally insufficient to justify depriving WYO TECH of access to funds needed for the operation of its business, that WYO TECH was not a judgment debtor in the *GEM Holdco* Case, and that Judgment Claimants had no legitimate basis for claiming that the Judgment Debtors had any interest in WYO TECH's funds.

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

16

**WALKER & PESKIND, PLLC**
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

22.     In the alternative, even if the Restraining Notice had not been facially invalid and legally insufficient to justify depriving WYO TECH of access to its funds, Wells Fargo knew or should have known that, under well-established New York law, the Restraining Notice provided no basis for the impoundment of funds held by any Wells Fargo branch other than the one on which the Restraining Notice was served.

23.     Wells Fargo's refusal to restore WYO TECH's access to its funds held on account in a Scottsdale, Arizona branch in the face of information and knowledge that it had no legitimate basis for continuing to deprive WYO TECH of such access constitutes the tort of wrongful garnishment under Arizona law.

24.     As a direct and proximate result of Wells Fargo's wrongful garnishment of its funds, WYO TECH has suffered financial injuries, entitling it to recover from Wells Fargo damages in an amount to be proven at trial.

25.     To mitigate the harm caused by Wells Fargo's wrongful garnishment of WYO TECH's funds, for some aspects of which legal remedies will not be adequate, WYO TECH is entitled to a temporary restraining order and preliminary injunction *pendente lit*e, requiring Wells Fargo to cease and desist its impoundment of WYO TECH's funds and consequent interference with the operation of its business.

### Counterclaim Count II: Aiding and Abetting Wrongful Garnishment and Tortious Interference With Contractual Relations and Business Expectancies

26.     WYO TECH incorporates and re-alleges the allegations of Paragraph 1-25 of its Counterclaim as though said allegations were repeated in full herein.

17

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

27.    Wells Fargo's wrongful garnishment of WYO TECH's funds was, upon information and belief, induced by the Restraining Notice served by Judgment Claimants' Counsel.

28.    At least after having received the November 2, 2017 letter from WYO TECH's counsel (Exhibit "3" hereto), Wells Fargo, Judgment Claimants, and Judgment Claimants' Counsel, were all on notice that there was no legitimate basis for the impoundment of WYO TECH's funds, and that continuing to deprive WYO TECH of access to its funds was causing, and would continue to cause, material harm to WYO TECH's interests.

29.    At least after having received the November 2, 2017 letter from WYO TECH's counsel (Exhibit "3" hereto), Wells Fargo, Judgment Claimants, and Judgment Claimants' Counsel, were all on notice that the funds in WYO TECH's Account No. -2809 were investor monies.

30.    At least after having received the November 2, 2017 letter from WYO TECH's counsel (Exhibit "3" hereto), Wells Fargo, Judgment Claimants, and Judgment Claimants' Counsel, were all on notice that, without access to its funds for use as operating capital, WYO TECH was unable to pay its just debts, or to provide financing for operations calculated to advance its business interests.

31.    At least after having received the November 2, 2017 letter from WYO TECH's counsel (Exhibit "3" hereto), Wells Fargo, Judgment Claimants, and Judgment Claimants' Counsel, were all on notice that the Restraining Notice was facially invalid under the express terms of CPLR § 5222(b), and that, even if otherwise valid, service of

18

the Restraining Notice on a Wells Fargo location in New York City could not, under established New York law, provide a valid basis for impoundment of funds on deposit in a Wells Fargo branch located in Scottsdale, Arizona.

32.    By continuing to deny WYO TECH access to its funds in Account No. -2809, Wells Fargo has aided and abetted the wrongful actions of Judgment Claimants and Judgment Claimants' counsel.

33.    By inducing Wells Fargo to impound WYO TECH's funds as hereinbefore alleged, Judgment Claimants and Judgment Claimants' Counsel have engaged in conduct constituting the tort of wrongful garnishment under Arizona law.

34.    By inducing Wells Fargo to impound WYO TECH's funds as hereinbefore alleged, Judgment Claimants and Judgment Claimants' Counsel tortiously interfered with WYO TECH's contractual relations and business expectancies.

35.    The impoundment of WYO TECH's funds by Wells Fargo at the instance of Judgment Claimants and Judgment Claimants' Counsel has prevented WYO TECH from paying its just debts.

36.    The impoundment of WYO TECH's funds, with the resulting impact on its ability to carry on its business operations, threatens to alienate current WYO TECH investors, thus deterring them from making further investment in WYO TECH and impairing WYO TECH's access to future investor funding needed to implement plans for the development of its business.

37.    The impoundment of WYO TECH's funds, with the resulting impact on its ability to carry on its business operations, threatens to deter future WYO TECH investors

19

from making investments in WYO TECH and further impairing WYO TECH's access to investor funding needed to implement plans for the development of its business.

38.    As a result of Well Fargo's aiding and abetting the wrongful conduct of Judgment Claimants and Judgment Claimants' Counsel, Wells Fargo is jointly and severally liable with Judgment Claimants and Judgment Claimants' Counsel for all harms arising from said wrongful conduct.

## **Prayer For Relief**

WHEREFORE, WYO TECH prays for judgment against Wells Fargo as follows:

A. For its tort damages arising out of Wells Fargo's wrongful garnishment of WYO TECH's funds, and the wrongful conduct by Judgment Claimants and Judgment Claimants' Counsel for which Wells Fargo is jointly and severally liable by virtue of its having aided and abetted such wrongful conduct;

B. For interest on WYO TECH's damages and fees, costs, and expenses as provided by law;

C. For a temporary restraining order, preliminary injunction, and permanent injunction enjoining Wells Fargo from depriving WYO TECH of access to funds it has, or in the future may have, on deposit with any Wells Fargo branch located in Arizona on the basis of the Notice of Restraint, or any similarly defective writ of garnishment or process with the same or similar effect as a writ of garnishment, issued

20

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

and served by Judgment Claimants and/or Judgment Claimants' Counsel; and

D. Such other and further relief as the Court deems just and proper in the circumstances.

**WYO TECH'S CROSS-CLAIM vs. CWT CANADA II LIMITED PARTNERSHIP, RESOURCES RECOVERY CORPORATION, AND JEAN NOELTING**

1.    WYO TECH incorporates herein all allegations set forth above in its Answer to Wells Fargo's Complaint, and in its Counterclaim against Wells Fargo.

2.    This Cross-Claim seeks remedies against Cross-Claim Defendants CWT CANADA II LIMITED PARTNERSHIP ("CWT CANADA"), RESOURCES RECOVERY CORPORATION ("RRC"), AND JEAN NOELTING ("Noelting") (collectively, "Judgment Claimants" or "Cross-Claim Defendants") for wrongful garnishment, tortious interference with WYO TECH's contractual relations and business expectancies, and abuse of process.

**Parties, Jurisdiction, and Venue**

3.    WYO TECH is a Wyoming limited liability company authorized to do business, and doing business, in the State of Arizona.

4.    CWT Canada is, upon information and belief, a limited partnership incorporated in the State of Delaware, with its principal place of business in Toronto, Ontario, Canada.  As a limited partnership, the citizenship of CWT Canada is the

21

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

**WALKER & PESKIND, PLLC**
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

citizenship of its partners, all of whom are incorporated and reside in Toronto, Ontario, Canada.

5.      Upon information and belief, RRC is a Delaware corporation with its principal place of business in the State of New York.

6.      Upon information and belief, Noelting is a citizen of Canada.

7.      This Court has jurisdiction over this Cross-Claim pursuant to 28 U.S.C. § 1332, because WYO TECH, on the one hand, and Cross-Claim Defendants, on the other, are not citizens of the same State, and the matter in controversy exceeds $75,000. Alternatively, the Court has supplemental jurisdiction over the claims that are the subject of this Cross-Claim by virtue of 28 U.S.C. § 1367.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 by virtue of the fact that WYO TECH's funds that have been wrongfully impounded were, at the time of impoundment, on deposit in a branch of Wells Fargo located in Scottsdale, Arizona, and the effects of the wrongful conduct of Cross-Claim Defendants have been felt by WYO TECH primarily in the State of Arizona.

**Factual Background**

9.      Upon information and belief, on or about October 18, 2017, the New York City law firm of Schlam Stone & Dolan, LLP, and Joshua Wurtzel, an attorney employed by that firm, caused a Restraining Notice and Information Subpoena, purportedly pursuant to Section 5222(b) of the New York Civil Practice Law and Rules ("CPLR") ("Restraining Notice"), to be served on Wells Fargo, at its location at 1755 Broadway, New York, NY 10019, purportedly acting on behalf of the Judgment Claimants.

22

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

10.     The Restraining Notice recited that Judgment Claimants had obtained a judgment in the amount of $7,033,491.13 against Dennis M. Danzik and RDX Technologies Corporation (f/k/a Ridgeline Energy Services, Inc.) (collectively, "Judgment Debtors"), and that the judgment and accrued interest remained unpaid.

11.     The Restraining Notice further recited that "it appears that you are in possession or in custody of property in which the judgment debtor has an interest as well as account(s) or any other property, tangible or intangible or interest in any property in the name of the judgment debtor, including, but not limited to, **the account reflected in the check in the attached Exhibit A, and any other accounts held in the name of Wyo Tech Investment Group LLC."**  (Emphasis in original.)  The referenced check was a check drawn on WYO TECH's Account No. -2809 and made out to an Arizona law firm.

12.     WYO TECH's Account No. -2809 had been opened on WYO TECH's behalf as a repository for investor funds to be used as operating capital in the operation of WYO TECH's business.

13.     The Restraining Notice stated that "you are hereby forbidden to make or suffer any sale, assignment, or transfer of, or any interference with any property *in which the judgment debtors have any interest*, except upon direction of the sheriff or pursuant to an order of the court until the aforesaid judgment is satisfied or vacated."  (Emphasis added.)

14.     Upon information and belief, the judgment referenced in the Restraining Notice had been obtained by Judgment Claimants in *GEM Holdco, LLC, et al. v. CWT*

23

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

*Canada II Limited Partnership, et al.*, Case Index No. 650841/2013, in the Supreme Court of the State of New York, County of New York ("the *GEM Holdco* Case").

15.    WYO TECH is not, and never has been, a party to the *GEM Holdco* Case, has never entered an appearance in said case for any purpose, and is not named as a judgment debtor in the judgment.

16.    Shortly after receipt of the Restraining Notice, Wells Fargo impounded all funds in WYO TECH's Account No. -2809, depriving WYO TECH of the use of those funds to carry on its business.

17.    On October 24, 2017, Bill Hinz, WYO TECH's interim Chief Executive Officer ("Mr. Hinz"), and its legal counsel contacted by telephone John P. Foudy, Esquire, and Peter A. Ragone, Esquire, after having been informed that Messrs. Foudy and Ragone were acting as Wells Fargo's counsel with respect to the impoundment of WYO TECH's funds.

18.    During the October 24 telephone conference with Messrs. Foudy and Ragone, Mr. Hinz and counsel for WYO TECH pointed out to them that WYO TECH is not listed as a judgment debtor in the judgment referenced in the Restraining Notice, and further informed them that the monies in WYO TECH's impounded account were all investor monies in which the judgment debtors had no right, title, or interest.

19.    Also on October 24, 2017, Mr. Hinz and counsel for WYO TECH telephoned Joshua Wurtzel, one of Judgment Claimants' Counsel, imparting to him substantially the same information that had been given to Wells Fargo's counsel earlier that same day, and calling on him to withdraw the Restraining Notice so that WYO

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

TECH's access to its funds could be restored before substantial damage resulted from their impoundment.

20.    On November 2, 2017, counsel for WYO TECH emailed a letter to Messrs. Foudy and Ragone, again advising them that the judgment in the *GEM Holdco* case did not name WYO TECH, and that the Judgment Debtors held no right, title, or interest in any of the funds in WYO TECH's Account No. -2809.  The letter further pointed out, *inter alia*, that the Restraining Notice did not comply with express requirements of CPLR 5222(b) and was, therefore, without binding effect.  In addition, the November 2 letter advised Wells Fargo's counsel of the fact that the impoundment of WYO TECH's funds was interfering in material ways with WYO TECH's business and threatened to cause more serious harm with the passage of time.  Counsel for the Judgment Claimants (Joshua Wurtzel) was copied on this letter, and both Wells Fargo and Judgment Claimants were called on to restore WYO TECH's access to its funds forthwith.  A true and correct copy of the November 2, 2017 letter from WYO TECH's counsel to Messrs. Foudy and Ragone is attached hereto as Exhibit "3."

21.    On November 6, 2017, Judgment Claimants' Counsel responded to the November 2, 2017 letter from WYO TECH's counsel to Messrs. Foudy and Ragone, on which Judgment Claimants' counsel had been copied.  A true and correct copy of the November 6, 2017 letter from Joshua Wurtzel to Richard K. Walker is attached hereto as Exhibit "4."

22.    The November 6 letter from Judgment Claimants' Counsel stated that "your claim that Judgment Creditors' restraining notice on Wyo Tech's Well Fargo account is

25

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

improper is erroneous" (Exhibit "4" at 1), but failed to address in any way the specific points raised in the November 2 letter from WYO TECH's counsel demonstrating that the Restraining Notice was invalid because it did not comply with the express terms of CPLR § 5222(b), and did not in any event have sufficient reach to justify impoundment of funds on deposit with a Wells Fargo branch located in Scottsdale, Arizona.

23. Principally, the November 6 letter from Judgment Claimants' Counsel concerned itself with castigating Judgment Debtor Dennis Danzik and the allegation, made for the first time, that "Wyo Tech is liable to Judgment Creditors for fraudulent transfers and conspiracy to commit fraudulent transfers." No facts were offered in the letter to support this allegation, but it appears to have been premised primarily, if not solely, on the assertions that certain members of Judgment Debtor Dennis Danzik's family had had some association with WYO TECH, and that a number of payments had been made from WYO TECH's Account No. -2809 "to Danzik, his family members, his company, or his cronies." *Id*. at 2.

24. The November 6 letter from Judgment Claimants' Counsel also not only refused to withdraw Judgment Claimants' Restraining Notice, but it implicitly threatened Wells Fargo by stating "if Wells Fargo releases these funds, it will be liable to Judgment Creditors." *Id*. at 3.

25. On November 8, 2017, counsel for WYO TECH responded by letter to the November 6 letter from Judgment Claimants' Counsel. A true and correct copy of the November 8, 2017 letter from Richard K. Walker to Joshua Wurtzel is attached hereto as Exhibit "2."

26

26.     The November 8 letter from WYO TECH's counsel pointed out that the November 6 letter from Judgment Claimants' Counsel contained no information supporting the assertion that WYO TECH had been involved in any fraudulent transfers or conspiracies to commit fraudulent transfers, no information indicating that the Judgment Debtors had any interest in funds in WYO TECH's Account No. -2809, and nothing disputing WYO TECH's contention, set forth in the November 2 letter to Messrs. Foudy and Ragone on which Judgment Claimants' Counsel was copied, that the Restraining Notice did not comply with the express requirements of CPLR § 5222(b), on whose authority it purportedly had been issued and served on Wells Fargo.

27.     Counsel for WYO TECH concluded his November 8 letter with the following clear admonition:

> We respect your clients' right to pursue Danzik and RDX vigorously within the bounds of the law to obtain satisfaction of the outstanding judgment.  By the same token, however, we have every right to expect and demand that your clients, your law firm, and you respect the facts that WYO TECH is not a judgment debtor in your action, that it is an independent business entity with investors and business interests unrelated to those at issue in the [*GEM Holdco* Case], and that the impoundment that you have caused of funds in which your judgment debtors have no right, title, or interest impinges unjustifiably and unlawfully upon WYO TECH's business and property rights.  If your clients, your law firm, and you do not immediately begin according WYO TECH and its rights the respect to which they are entitled, my client is fully committed to seeking appropriate legal sanctions.

Exhibit "2" at 3.

28.     To date, no response to the November 8 letter from WYO TECH's counsel has been received by WYO TECH or its counsel, and WYO TECH's funds continue to be

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

impounded as a result of the Restraining Notice issued and served on Wells Fargo by Judgment Claimants and Judgment Claimants' Counsel.

29.     None of the funds deposited in WYO TECH's Account No. -2809 since its inception have been funds belonging to the Judgment Debtors.

30.     Despite having been put on notice that there are no funds in WYO TECH's Account No. -2809 in which the Judgment Debtors have any right, title, or interest, and despite the fact that WYO TECH is not a Judgment Debtor and has never appeared in or been named as a party litigant in the *GEM Holdco* Case, Judgment Claimants have refused, and continue to refuse, to withdraw the Restraining Notice and advise Wells Fargo that impoundment of WYO TECH's funds should be discontinued.

### Cross-Claim Count I: Wrongful Garnishment

31.     WYO TECH incorporates and re-alleges the allegations of Paragraph 1-30 of its Cross-Claim as though said allegations were repeated in full herein.

32.     Judgment Claimants, through their counsel, issued and served upon Wells Fargo the Restraining Notice, without any legitimate factual basis for the assertion that the Judgment Debtors had an interest in any funds in WYO TECH's Account No. -2809.

33.     Judgment Claimants, through their counsel, issued and served upon Wells Fargo the Restraining Notice, knowing that it did not, and could not, comply with the express requirements of CPLR § 5222(b), and that it was and is, for that reason, not valid.

34.     Upon receiving the November 2, 2017 letter from WYO TECH's counsel (Exhibit "3" hereto), Judgment Claimants knew or should have known that the Restraining Notice they had served on Wells Fargo was facially invalid and legally

28

insufficient to justify depriving WYO TECH of access to funds needed for the operation

of its business, that WYO TECH was not a Judgment Debtor in the *GEM Holdco* Case,

and that Judgment Claimants had no legitimate basis for claiming that the Judgment

Debtors had any interest in WYO TECH's funds.

35.    In the alternative, even if the Restraining Notice had not been facially

invalid and legally insufficient to justify depriving WYO TECH of access to its funds,

Judgment Claimants knew or should have known that, under well-established New York

law, the Restraining Notice provided no basis for the impoundment of funds held by any

Wells Fargo branch other than the one on which the Restraining Notice was served.

36.    Judgment Claimants' refusal to notify Wells Fargo of the withdrawal of

their invalid Restraining Notice so that WYO TECH's access to its funds would be

restored in the face of information and knowledge that Judgment Claimants had no

legitimate basis for continuing to cause WYO TECH to be deprived of such access

constitutes the tort of wrongful garnishment under Arizona law.

37.    As a direct and proximate result of Judgment Claimants' wrongful

garnishment of its funds, WYO TECH has suffered financial injuries, entitling it to

recover from Judgment Claimants damages in an amount to be proven at trial.

38.    To mitigate the harm caused by Judgment Claimants' wrongful

garnishment of WYO TECH's funds, for some aspects of which legal remedies will not

be adequate, WYO TECH is entitled to a temporary restraining order and preliminary

injunction *pendente lite*, requiring Judgment Claimants to cease and desist in seeking to

cause the impoundment of WYO TECH's funds and causing consequent interference

29

**WALKER & PESKIND, PLLC**
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

with the operation of its business, and to an order at the conclusion of this litigation permanently enjoining Judgment Claimants from further interfering with WYO TECH's access to its funds.

### Cross-Claim Count II: Tortious Interference With Contractual Relations and Business Expectancies

39.     WYO TECH incorporates and re-alleges the allegations of Paragraph 1-38 of its Counterclaim as though said allegations were repeated in full herein.

40.     Judgment Claimants' knowingly and willfully caused the wrongful garnishment of WYO TECH's funds by serving the Restraining Notice on Wells Fargo and demanding the impoundment of funds in WYO TECH's Account No. -2809.

41.     Judgment Claimants knew or should have known, at the time Judgment Claimants' Counsel issued and served the Restraining Notice on Wells Fargo, that they had no valid factual basis on which to assert that the Judgment Debtors had any interest in WYO TECH's funds in Account No. -2809.

42.     Judgment Claimants knew or should have known, at the time Judgment Claimants' Counsel issued and served the Restraining Notice on Wells Fargo, that the Restraining Notice did not comply with the express requirements of CPLR § 5222(b), and that it was not valid for that reason.

43.     Judgment Claimants knew or should have known, at the time Judgment Claimants' Counsel issued and served the Restraining Notice on Wells Fargo, that as a matter of well-established New York law, service of the Restraining Notice on Wells

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

Fargo at one of its New York locations would not provide a valid basis for impoundment of WYO TECH funds on deposit with a Wells Fargo branch located in Arizona.

44.    At least after having received the November 2, 2017 letter from WYO TECH's counsel (Exhibit "3" hereto), if not before, Judgment Claimants and Judgment Claimants' Counsel were on notice that there was no legitimate basis for the impoundment of WYO TECH's funds, and that continuing to deprive WYO TECH of access to its funds was causing, and would continue to cause, material harm to WYO TECH's interests.

45.    At least after having received the November 2, 2017 letter from WYO TECH's counsel (Exhibit "3" hereto), if not before, Judgment Claimants and Judgment Claimants' Counsel were on notice that the funds in WYO TECH's Account No. -2809 were investor monies in which the Judgment Debtors had no right, title, or interest.

46.    At least after having received the November 2, 2017 letter from WYO TECH's counsel (Exhibit "3" hereto), if not before, Judgment Claimants and Judgment Claimants' Counsel were on notice that, without access to its funds for use as operating capital, WYO TECH was unable to pay its just debts, or to provide financing for operations calculated to advance its business interests.

47.    At least after having received the November 2, 2017 letter from WYO TECH's counsel (Exhibit "3" hereto), if not before, Judgment Claimants and Judgment Claimants' Counsel were on notice that the Restraining Notice was facially invalid under the express terms of CPLR § 5222(b), and that, even if otherwise valid, service of the Restraining Notice on a Wells Fargo location in New York City could not, under

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

established New York law, provide a valid basis for impoundment of funds on deposit in a Wells Fargo branch located in Scottsdale, Arizona.

48.     Since receiving the November 2 and November 8, 2017 letters from WYO TECH's counsel (Exhibits "3" and "2" hereto), Judgment Claimants have continued to refuse to withdraw the Restraining Notice, or to notify Wells Fargo that impoundment of WYO TECH's funds was not required.

49.     Since receiving the November 2 and November 8, 2017 letters from WYO TECH's counsel (Exhibits "3" and "2" hereto), Judgment Claimants have had ample opportunities to come forward with facts to justify their actions in causing WYO TECH's Account No. -2809 to be impounded, if any such facts exist, but they have failed to do so.

50.     By inducing Wells Fargo to impound WYO TECH's funds as hereinbefore alleged, Judgment Claimants and Judgment Claimants' Counsel have engaged in conduct constituting the tort of wrongful garnishment under Arizona law.

51.     By wrongfully inducing Wells Fargo to impound WYO TECH's funds as hereinbefore alleged, Judgment Claimants and Judgment Claimants' Counsel knowingly, willfully, and tortiously interfered with WYO TECH's contractual relations and business expectancies.

52.     By wrongfully inducing Wells Fargo to impound WYO TECH's funds as hereinbefore alleged, Judgment Claimants and Judgment Claimants' Counsel knowingly, willfully, and tortiously interfered with WYO TECH's contractual relationship with Wells Fargo by causing Wells Fargo not to make available on demand funds that WYO

TECH had deposited on account with a branch of Wells Fargo located in Scottsdale, Arizona.

53.     The impoundment of WYO TECH's funds by Wells Fargo at the instance of Judgment Claimants and Judgment Claimants' Counsel has prevented WYO TECH from paying its just debts, a result that Judgment Claimants' and Judgment Claimants' Counsel knew or should have known would ensue from their causing the wrongful garnishment of WYO TECH's Account No. -2809.

54.     The impoundment of WYO TECH's funds, with the resulting impact on its ability to carry on its business operations, threatens to alienate current WYO TECH investors, thus deterring them from making further investment in WYO TECH and impairing WYO TECH's access to future investor funding needed to implement plans for the development of its business.  This is a consequence that Judgment Claimants and Judgment Claimants' Counsel knew or should have known would ensue from their causing the wrongful garnishment of WYO TECH's Account No. -2809.

55.     The impoundment of WYO TECH's funds, with the resulting impact on its ability to carry on its business operations, threatens to deter future WYO TECH investors from making investments in WYO TECH and further impairing WYO TECH's access to future investor funding needed to implement plans for the development of its business. This is a consequence that Judgment Claimants and Judgment Claimants' Counsel knew or should have known would ensue from their causing the wrongful garnishment of WYO TECH's Account No. -2809.

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

56.    As a result of the wrongful conduct of Judgment Claimants and Judgment Claimants' Counsel in causing the impoundment of WYO TECH's funds in Account No. -2809, they are liable for all harms arising from said wrongful conduct.

57.    As a direct and proximate result of the conduct of Judgment Claimants and Judgment Claimants' Counsel in causing the wrongful garnishment of WYO TECH's funds, WYO TECH has suffered, and continues to suffer, financial injuries.  WYO TECH is entitled to recover damages sufficient to compensate it for such injuries in amounts to be proven at trial.

58.    In tortiously interfering with WYO TECH's contractual relations and business expectancies as hereinbefore alleged, Judgment Claimants/Cross-Claim Defendants have acted knowingly, willfully, wantonly, maliciously, and with an intention to cause injury to WYO TECH.   As such, the actions of Judgment Claimants/Cross-Claim Defendants constitute the acts of an evil hand guided by an evil mind, entitling WYO TECH to recover punitive damages in an amount sufficient to punish Judgment Claimants/Cross-Claim Defendants for their wrongful conduct and deter other from engaging in such conduct in the future.

**Cross-Claim Count III: Abuse of Process**

59.    WYO TECH incorporates and re-alleges the allegation of Paragraph 1-58 of its Cross-Claim as though said allegations were repeated in full herein.

60.    The issuance of the Restraining Order and service of it on Wells Fargo by Judgment Claimants and Judgment Claimants' Counsel purportedly pursuant to CPLR § 5222(b) constituted a willful act in the use of judicial process.

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

61.    As plainly revealed in the November 6, 2017 letter from Judgment Claimants' Counsel (Exhibit "4" hereto), Judgment Claimants had an improper ulterior purpose in issuing and serving the Restraining Notice, which was to obtain leverage to gain access to WYO TECH's confidential business records.

62.    Judgment Claimants' demand for WYO TECH's confidential business records was first articulated during a conference call on October 24, 2017 participated in by Judgment Claimants' Counsel (Joshua Wurtzel), Bill Hinz (interim CEO of WYO TECH), and WYO TECH's counsel.  In that conversation, Judgment Claimants' Counsel demanded that WYO TECH provide him with various confidential WYO TECH corporate documents, including a list of WYO TECH investors.

63.    In the November 2, 2017 letter from WYO TECH's counsel to Judgment Claimants' Counsel, a sworn Declaration from Bill Hinz was provided which stated unequivocally, *inter alia*, that: (a) the Judgment Debtors were not among WYO TECH's current members or equity owners; (b) based on his review of WYO TECH's financial records he had seen no evidence that WYO TECH currently owed any money to Mr. Danzik of any member of his family; and (c) neither Judgment Debtors Dennis Danzik nor his spouse have any authority over funds in WYO TECH's Wells Fargo Account No. -2809.  Declaration of William Hinz dated November 1, 2017 and attached to Exhibit "3" hereto.

64.    Also accompanying the November 2 letter from WYO TECH's counsel were Declarations from Judgment Debtors Dennis Danzik and his spouse, Elizabeth Danzik.  Those Declarations stated, *inter alia*, that: (a) neither of them had ever owned

35

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

any interest in WYO TECH; (b) neither had been promised any future interest in WYO TECH; (c) neither was owed any money by WYO TECH; (d) neither had ever contributed any funds to WYO TECH; and (e) neither had ever had any authority over WYO TECH's Wells Fargo Account No. -2809.  Declaration of Dennis M. Danzik dated November 2, 2017 and Declaration of Elizabeth J. Danzik dated November 2, 2017, both attached to Exhibit "3" hereto.

65.    In the November 6, 2017 letter from Judgment Claimants' Counsel (Exhibit "4" hereto) responding to the November 2 letter from WYO TECH's counsel, the above-referenced Declarations were brushed aside with the statement that "without supporting documentation, these declarations do not persuade us of anything."  *Id.* at 2.

66.    Judgment Claimants' Counsel subsequently in the same letter pointedly reminded WYO TECH's counsel of Judgment Claimants' demand for WYO TECH's confidential business records: "After we spoke two weeks ago, I asked you to provide specific documents about Wyo Tech's investors, and Wyo Tech's capitalization, that would go a long way toward showing whether Wyo Tech is indeed an independent, non-Danzik entity, as you contend."  *Id*. at 3.

67.    The clear implication of the November 6 letter from Judgment Claimants' counsel was that WYO TECH's funds were being held hostage, and would continue to be held hostage, until such time as WYO TECH acceded to the demands of Judgment Claimants that its confidential business records be surrendered, notwithstanding the sworn Declarations accompanying the November 2 letter from WYO TECH's counsel

firmly establishing that, contrary to the assertion in the Restraining Notice, the Judgment

Debtors have no interest in WYO TECH's funds.

68.    Judgment Claimants' use of the Restraining Notice to force WYO TECH to

disclose its confidential business records constitutes an ulterior purpose not proper in the

regular conduct of legal proceedings, and it therefore is an abuse of process.

69.    As a direct and proximate result of the use of the Restraining Notice by

Judgment Claimants and Judgment Claimants' Counsel in an attempt to extort access to

WYO TECH's confidential business records, WYO TECH has suffered, and continues to

suffer, financial injuries.    WYO TECH is entitled to recover damages sufficient to

compensate it for such injuries in amounts to be proven at trial.

70.    In their abuse of legal process to extort access to WYO TECH's

confidential business records, Judgment Claimants/Cross-Claim Defendants have acted

knowingly, willfully, wantonly, maliciously, and with an intention to cause injury to

WYO TECH.    As such, the actions of Judgment Claimants/Cross-Claim Defendants

constitute the acts of an evil hand guided by an evil mind, entitling WYO TECH to

recover punitive damages in an amount sufficient to punish Judgment Claimants/Cross-

Claim Defendants for their wrongful conduct and deter others from engaging in such

conduct in the future.

### **Prayer For Relief**

WHEREFORE, WYO TECH prays for judgment against Judgment

Claimants/Cross-Claim Defendants, and against each of them jointly and severally, as

follows:

37

A. For its tort damages arising out of Judgment Claimants'/Cross-Claim Defendants' wrongful garnishment of WYO TECH's funds;

B. For its tort damages arising out of the tortious interference by Judgment Claimants/Cross-Claim Defendants with WYO TECH's contractual relations and business expectancies;

C. For its tort damages arising out of the abuse of process by Judgement Claimants/Cross-Claim Defendants;

D. For punitive damages for Judgment Claimants'/Cross-Claim Defendants' conduct in acting knowingly, willfully, wantonly, maliciously, and with an intention to cause injury to WYO TECH, in an amount sufficient to punish Judgment Claimants/Cross-Claim Defendants for their wrongful conduct and to deter others from engaging in such conduct in the future;

E. For interest on WYO TECH's damages and fees, costs, and expenses as provided by law;

F. For a temporary restraining order, preliminary injunction, and permanent injunction enjoining Judgment Claimants/Cross-Claim Defendants from causing WYO TECH to be deprived of access to funds it has, or in the future may have, on deposit with any Wells Fargo branch or other banking institution; and

G. Such other and further relief as the Court deems just and proper in the circumstances.

38

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

## WYO TECH'S THIRD PARTY COMPLAINT
## vs. SCHLAM STONE & DOLAN, LLP, AND JOSHUA WURTZEL

1.     WYO TECH incorporates herein all allegations set forth above in its Answer to Wells Fargo's Complaint, its Counterclaim against Wells Fargo, and its Cross-Claim against the Judgment Claimants.

2.     This Third Party Complaint seeks remedies against Third Party Defendants SCHLAM STONE & DOLAN, LLP, and JOSHUA WURTZEL (collectively, "Judgment Claimants' Counsel" or "Third Party Defendants") for wrongful garnishment, tortious interference with WYO TECH's contractual relations and business expectancies, abuse of process, and aiding and abetting the tortious conduct of Judgment Claimants.

## Parties, Jurisdiction, and Venue

3.     WYO TECH is a Wyoming limited liability company authorized to do business, and doing business, in the State of Arizona.

4.     Upon information and belief, Third Party Defendant Schlam Stone & Dolan, LLP ("the Schlam Firm"), is a law firm organized as a limited liability partnership under the laws of the State of New York, with its principal place of business in New York City, New York.  Further, upon information and belief, none of the partners of the Schlam Firm are citizens of the State of Wyoming.

5.     Upon information and belief, Third Party Defendant Joshua Wurtzel ("Wurtzel") is a citizen of the State of New York, and is a lawyer admitted to practice law before the courts of the State of New York.

39

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

6.      This Court has jurisdiction over this Third Party Complaint pursuant to 28 U.S.C. § 1332, because WYO TECH, on the one hand, and the Schlam Firm and Wurtzel, on the other, are not citizens of the same State, and the matter in controversy exceeds $75,000. Alternatively, the Court has supplemental jurisdiction over the claims that are the subject of this Third Party Complaint by virtue of 28 U.S.C. § 1367.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 by virtue of the fact that WYO TECH's funds that have been wrongfully impounded were, at the time of impoundment, on deposit in a branch of Wells Fargo Bank, N.A., located in Scottsdale, Arizona, and the effects of the wrongful conduct of Third Party Defendants have been felt by WYO TECH primarily in the State of Arizona.

### **Factual Background**

8.      On or about October 18, 2017, the Schlam Firm and Joshua Wurtzel caused a Restraining Notice and Information Subpoena, purportedly pursuant to Section 5222(b) of the New York Civil Practice Law and Rules ("Restraining Notice"), to be issued and served on Wells Fargo, at its location at 1755 Broadway, New York, NY 10019, on behalf of the Judgment Claimants.

9.      The Restraining Notice recited that Judgment Claimants had obtained a judgment in the amount of $7,033,491.13 against Dennis M. Danzik and RDX Technologies Corporation (f/k/a Ridgeline Energy Services, Inc.) (collectively, "Judgment Debtors"), and that the judgment and accrued interest remained unpaid.

10.      The Restraining Notice further recited that "it appears that you are in possession or in custody of property in which the judgment debtor has an interest as well

40

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

as account(s) or any other property, tangible or intangible or interest in any property in the name of the judgment debtor, including, but not limited to, **the account reflected in the check in the attached Exhibit A, and any other accounts held in the name of Wyo Tech Investment Group LLC."**  (Emphasis in original.)  The referenced check was a check drawn on WYO TECH's Account No. -2809 and made out to an Arizona law firm.

11.    WYO TECH's Account No. -2809 had been opened on WYO TECH's behalf as a repository for investor funds to be used as operating capital in the operation of WYO TECH's business.

12.    The Restraining Notice stated that "you are hereby forbidden to make or suffer any sale, assignment, or transfer of, or any interference with any property *in which the judgment debtors have any interest*, except upon direction of the sheriff or pursuant to an order of the court until the aforesaid judgment is satisfied or vacated."  (Emphasis added.)

13.    The judgment referenced in the Restraining Notice had been obtained by Judgment Claimants in *GEM Holdco, LLC, et al. v. CWT Canada II Limited Partnership, et al.*, Case Index No. 650841/2013, in the Supreme Court of the State of New York, County of New York ("the *GEM Holdco* Case").

14.    WYO TECH is not, and never has been, a party to the *GEM Holdco* Case, has never entered an appearance in said case for any purpose, and is not named as a judgment debtor in the judgment.

41

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

15.     Shortly after receipt of the Restraining Notice, Wells Fargo impounded all funds in WYO TECH's Account No. -2809, depriving WYO TECH of the use of those funds to carry on its business.

16.     On October 24, 2017, Bill Hinz, WYO TECH's interim Chief Executive Officer ("Mr. Hinz"), and its legal counsel contacted by telephone John P. Foudy, Esquire, and Peter A. Ragone, Esquire, after having been informed that Messrs. Foudy and Ragone were acting as Wells Fargo's counsel with respect to the impoundment of WYO TECH's funds.

17.     During the October 24 telephone conference with Messrs. Foudy and Ragone, Mr. Hinz and counsel for WYO TECH pointed out to them that WYO TECH is not listed as a judgment debtor in the judgment referenced in the Restraining Notice, and further informed them that the monies in WYO TECH's impounded account were all investor monies in which the judgment debtors had no right, title, or interest.

18.     Also on October 24, 2017, Mr. Hinz and counsel for WYO TECH telephoned Wurtzel, a Schlam Firm lawyer serving as one of Judgment Claimants' Counsel, imparting to him substantially the same information that had been given to Wells Fargo's counsel earlier that same day, and calling on him to withdraw the Restraining Notice so that WYO TECH's access to its funds could be restored before substantial damage resulted from their impoundment.

19.     On November 2, 2017, counsel for WYO TECH emailed a letter to Messrs. Foudy and Ragone, again advising them that the judgment in the *GEM Holdco* case did not name WYO TECH, and that the Judgment Debtors held no right, title, or interest in

any of the funds in WYO TECH's Account No. -2809.  The letter further pointed out, *inter alia*, that the Restraining Notice did not comply with express requirements of CPLR § 5222(b) and was, therefore, without binding effect.  In addition, the November 2 letter advised Wells Fargo's counsel of the fact that the impoundment of WYO TECH's funds was interfering in material ways with WYO TECH's business and threatened to cause more serious harm with the passage of time.  Counsel for the Judgment Claimants (Wurtzel) was copied on this letter, and both Wells Fargo and Judgment Claimants were called on to restore WYO TECH's access to its funds forthwith.  A true and correct copy of the November 2, 2017 letter from WYO TECH's counsel to Messrs. Foudy and Ragone is attached hereto as Exhibit "3."

20.    On November 6, 2017, Wurtzel responded to the November 2, 2017 letter from WYO TECH's counsel to Messrs. Foudy and Ragone, on which Judgment Claimants' counsel had been copied.  A true and correct copy of the November 6, 2017 letter from Joshua Wurtzel to Richard K. Walker is attached hereto as Exhibit "4."

21.    The November 6 letter from Wurtzel stated that "your claim that Judgment Creditors' restraining notice on Wyo Tech's Well Fargo account is improper is erroneous" (Exhibit "4" at 1), but failed to address in any way the specific points raised in the November 2 letter from WYO TECH's counsel demonstrating that the Restraining Notice was invalid because it did not comply with the express terms of CPLR § 5222(b), and did not in any event have sufficient reach to justify impoundment of funds on deposit with a Wells Fargo branch located in Scottsdale, Arizona.

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

22.    The November 6 letter from Wurtzel concerned itself principally with castigating Judgment Debtor Dennis Danzik and the allegation, made for the first time, that "Wyo Tech is liable to Judgment Creditors for fraudulent transfers and conspiracy to commit fraudulent transfers."   No facts were offered in the letter to support this allegation, but it appears to have been premised primarily, if not solely, on the assertions that certain members of Judgment Debtor Dennis Danzik's family had had some association with WYO TECH, and that a number of payments had been made from WYO TECH's Account No. -2809 "to Danzik, his family members, his company, or his cronies." *Id*. at 2.

23.    In the November 6 letter, Wurtzel also not only refused to withdraw Judgment Claimants' Restraining Notice, but he implicitly threatened Wells Fargo by stating "if Wells Fargo releases these funds, it will be liable to Judgment Creditors." *Id*. at 3.

24.    On November 8, 2017, counsel for WYO TECH responded by letter to the November 6 letter from Wurtzel.  A true and correct copy of the November 8, 2017 letter from Richard K. Walker to Joshua Wurtzel is attached hereto as Exhibit "2."

25.    The November 8 letter from WYO TECH's counsel pointed out that the November 6 letter from Wurtzel contained no information supporting the assertion that WYO TECH had been involved in any fraudulent transfers or conspiracies to commit fraudulent transfers, no information indicating that the Judgment Debtors had any interest in funds in WYO TECH's Account No. -2809, and nothing disputing WYO TECH's contention, set forth in the November 2 letter to Messrs. Foudy and Ragone on which

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

44

Wurtzel had been copied, that the Restraining Notice did not comply with the express

requirements of CPLR § 5222(b), on whose authority it purportedly had been issued and

served on Wells Fargo.

26.    Counsel for WYO TECH concluded his November 8 letter with the

following clear admonition:

> We respect your clients' right to pursue Danzik and RDX vigorously
> within the bounds of the law to obtain satisfaction of the outstanding
> judgment.  By the same token, however, we have every right to
> expect and demand that your clients, your law firm, and you respect
> the facts that WYO TECH is not a judgment debtor in your action,
> that it is an independent business entity with investors and business
> interests unrelated to those at issue in the [*GEM Holdco* Case], and
> that the impoundment that you have caused of funds in which your
> judgment debtors have no right, title, or interest impinges
> unjustifiably and unlawfully upon WYO TECH's business and
> property rights.  If your clients, your law firm, and you do not
> immediately begin according WYO TECH and its rights the respect
> to which they are entitled, my client is fully committed to seeking
> appropriate legal sanctions.

Exhibit "2" at 3.

27.    To date, no response to the November 8 letter from WYO TECH's counsel

has been received by WYO TECH or its counsel, and WYO TECH's funds continue to be

impounded as a result of the Restraining Notice issued and served on Wells Fargo by

Judgment Claimants and Judgment Claimants' Counsel.

28.    None of the funds deposited in WYO TECH's Account No. -2809 since its

inception have been funds belonging to the Judgment Debtors.

29.    Despite having been put on notice that there are no funds in WYO TECH's

Account No. -2809 in which either of the Judgment Debtors have any right, title, or

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

45

interest, and despite the fact that WYO TECH is not a Judgment Debtor and has never appeared in or been named as a party litigant in the *GEM Holdco* Case, the Schlam Firm and Wurtzel have refused, and continue to refuse, to withdraw the Restraining Notice and advise Wells Fargo that impoundment of WYO TECH's funds should be discontinued.

## Third Party Complaint Count I: Wrongful Garnishment

30.    WYO TECH incorporates and re-alleges the allegations of Paragraph 1-29 of its Third Party Complaint as though said allegations were repeated in full herein.

31.    The Schlam Firm and Wurtzel issued and served upon Wells Fargo the Restraining Notice, without any legitimate factual basis for the assertion that either of the Judgment Debtors had an interest in any funds in WYO TECH's Account No. -2809.

32.    The Schlam Firm and Wurtzel issued and served upon Wells Fargo the Restraining Notice, knowing that it did not, and could not, comply with the express requirements of CPLR § 5222(b), and that it was and is, for that reason, not valid.

33.    Upon receiving the November 2, 2017 letter from WYO TECH's counsel (Exhibit "3" hereto), the Schlam Firm and Wurtzel knew or should have known that the Restraining Notice they had served on Wells Fargo was facially invalid and legally insufficient to justify depriving WYO TECH of access to funds needed for the operation of its business, that WYO TECH was not a Judgment Debtor in the *GEM Holdco* Case, and that Judgment Claimants had no legitimate basis for claiming that the Judgment Debtors had any interest in WYO TECH's funds.

34.    In the alternative, even if the Restraining Notice had not been facially invalid and legally insufficient to justify depriving WYO TECH of access to its funds, the

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

46

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

Schlam Firm and Wurtzel knew or should have known that, under well-established New York law, the Restraining Notice provided no basis for the impoundment of funds held by any Wells Fargo branch other than the one on which the Restraining Notice was served.

36. The refusal by the Schlam Firm and Wurtzel to notify Wells Fargo of the withdrawal of their invalid Restraining Notice so that WYO TECH's access to its funds would be restored in the face of information and knowledge that they had no legitimate basis for continuing to cause WYO TECH to be deprived of such access constitutes the tort of wrongful garnishment under Arizona law.

36. As a direct and proximate result of the wrongful garnishment of WYO TECH's funds procured by the Schlam Firm and Wurtzel, WYO TECH has suffered financial injuries, entitling it to recover from Judgment Claimants damages in an amount to be proven at trial.

37. To mitigate the harm caused by the wrongful garnishment of WYO TECH's funds at the instance of the Schlam Firm and Wurtzel, for some aspects of which legal remedies will not be adequate, WYO TECH is entitled to a temporary restraining order and preliminary injunction *pendente lit*e, requiring Third Party Defendants to cease and desist from seeking to cause or causing the impoundment of WYO TECH's funds and causing consequent interference with the operation of its business, and to an order at the conclusion of this litigation permanently enjoining the Schlam Firm and Wurtzel from further interfering with WYO TECH's access to its funds.

47

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

### Third Party Complaint Count II: Tortious Interference
### With Contractual Relations and Business Expectancies

38.     WYO TECH incorporates and re-alleges the allegations of Paragraph 1-37 of its Third Party Complaint as though said allegations were repeated in full herein.

39.     The Schlam Firm and Wurtzel knowingly and willfully caused the wrongful garnishment of WYO TECH's funds by serving the Restraining Notice on Wells Fargo and demanding the impoundment of funds in WYO TECH's Account No. -2809.

40.     The Schlam Firm and Wurtzel knew or should have known, at the time they issued and served the Restraining Notice on Wells Fargo, that they had no valid factual basis on which to assert that the Judgment Debtors had any interest in WYO TECH's funds in Account No. -2809.

41.     The Schlam Firm and Wurtzel knew or should have known, at the time they issued and served the Restraining Notice on Wells Fargo, that the Restraining Notice did not comply with the express requirements of CPLR § 5222(b), and that it was not valid for that reason.

42.     The Schlam Firm and Wurtzel knew or should have known, at the time they issued and served the Restraining Notice on Wells Fargo, that as a matter of well-established New York law, service of the Restraining Notice on Wells Fargo at one of its New York locations would not provide a valid basis for impoundment of WYO TECH funds on deposit with a Wells Fargo branch located in Arizona.

43.     At least after having received the November 2, 2017 letter from WYO TECH's counsel (Exhibit "3" hereto), if not before, the Schlam Firm and Wurtzel were

48

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

on notice that there was no legitimate basis for the impoundment of WYO TECH's funds, and that continuing to deprive WYO TECH of access to its funds was causing, and would continue to cause, material harm to WYO TECH's interests.

44.    At least after having received the November 2, 2017 letter from WYO TECH's counsel (Exhibit "3" hereto), if not before, the Schlam Firm and Wurtzel were on notice that the funds in WYO TECH's Account No. -2809 were investor monies in which the Judgment Debtors had no right, title, or interest.

45.    At least after having received the November 2, 2017 letter from WYO TECH's counsel (Exhibit "3" hereto), if not before, the Schlam Firm and Wurtzel were on notice that, without access to its funds for use as operating capital, WYO TECH was unable to pay its just debts, or to provide financing for operations calculated to advance its business interests.

46.    At least after having received the November 2, 2017 letter from WYO TECH's counsel (Exhibit "3" hereto), if not before, the Schlam Firm and Wurtzel were on notice that the Restraining Notice was facially invalid under the express terms of CPLR § 5222(b), and that, even if otherwise valid, service of the Restraining Notice on a Wells Fargo location in New York City could not, under established New York law, provide a valid basis for impoundment of funds on deposit in a Wells Fargo branch located in Scottsdale, Arizona.

47.    Since receiving the November 2 and November 8, 2017 letters from WYO TECH's counsel (Exhibits "3" and "2" hereto), the Schlam Firm and Wurtzel have

continued to refuse to withdraw the Restraining Notice, or to notify Wells Fargo that impoundment of WYO TECH's funds was not required.

48.    Since receiving the November 2 and November 8, 2017 letters from WYO TECH's counsel (Exhibits "3" and "2" hereto), the Schlam Firm and Wurtzel have had ample opportunities to come forward with facts to justify their actions in causing WYO TECH's Account No. -2809 to be impounded, if any such facts exist, but they have failed to do so.

49.    By inducing Wells Fargo to impound WYO TECH's funds as hereinbefore alleged, the Schlam Firm and Wurtzel have engaged in conduct constituting the tort of wrongful garnishment under Arizona law.

50.    By wrongfully inducing Wells Fargo to impound WYO TECH's funds as hereinbefore alleged, the Schlam Firm and Wurtzel knowingly, willfully, and tortiously interfered with WYO TECH's contractual relations and business expectancies.

51.    By wrongfully inducing Wells Fargo to impound WYO TECH's funds as hereinbefore alleged, the Schlam Firm and Wurtzel knowingly, willfully, and tortiously interfered with WYO TECH's contractual relationship with Wells Fargo by causing Wells Fargo not to make available on demand funds that WYO TECH had deposited on account with a branch of Wells Fargo located in Scottsdale, Arizona.

52.    The impoundment of WYO TECH's funds by Wells Fargo at the instance of the Schlam Firm and Wurtzel has prevented WYO TECH from paying its just debts, a result that Third Party Defendants knew or should have known would ensue from their causing the wrongful garnishment of WYO TECH's Account No. -2809.

**WALKER & PESKIND, PLLC**
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

53.     The impoundment of WYO TECH's funds, with the resulting impact on its ability to carry on its business operations, threatens to alienate current WYO TECH investors, thus deterring them from making further investment in WYO TECH and impairing WYO TECH's access to future investor funding needed to implement plans for the development of its business.  This is a consequence that the Schlam Firm and Wurtzel knew or should have known would ensue from their causing the wrongful garnishment of WYO TECH's Account No. -2809.

54.     The impoundment of WYO TECH's funds, with the resulting impact on its ability to carry on its business operations, threatens to deter future WYO TECH investors, thus deterring them from making further investment in WYO TECH and further impairing WYO TECH's access to future investor funding needed to implement plans for the development of its business.  This is a consequence that the Schlam Firm and Wurtzel knew or should have known would ensue from their causing the wrongful garnishment of WYO TECH's Account No. -2809.

55.     As a result of the wrongful conduct of the Schlam Firm and Wurtzel in causing the impoundment of WYO TECH's funds in Account No. -2809, they are liable for all harms arising from said wrongful conduct.

56.     As a direct and proximate result of the conduct of the Schlam Firm and Wurtzel in causing the wrongful garnishment of WYO TECH's funds, WYO TECH has suffered, and continues to suffer, financial injuries.  WYO TECH is entitled to recover damages sufficient to compensate it for such injuries in amounts to be proven at trial.

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

51

57.    In tortiously interfering with WYO TECH's contractual relations and business expectancies as hereinbefore alleged, the Schlam Firm and Wurtzel have acted knowingly, willfully, wantonly, maliciously, and with an intention to cause injury to WYO TECH.   As such, the actions of the Schlam Firm and Wurtzel constitute the acts of an evil hand guided by an evil mind, entitling WYO TECH to recover punitive damages in an amount sufficient to punish Third Party Defendants for their wrongful conduct and deter other from engaging in such conduct in the future.

### Third Party Complaint Count III: Abuse of Process

58.    WYO TECH incorporates and re-alleges the allegation of Paragraph 1-57 of its Third Party Complaint as though said allegations were repeated in full herein.

59.    The issuance of the Restraining Order and service of it on Wells Fargo by the Schlam Firm and Wurtzel purportedly pursuant to CPLR § 5222(b) constituted a willful act in the use of judicial process.

60.    As plainly revealed in the November 6, 2017 letter from Judgment Claimants' Counsel (Exhibit "4" hereto), the Schlam Firm and Wurtzel had an improper ulterior purpose in issuing and serving the Restraining Notice, which was to obtain leverage to gain access to WYO TECH's confidential business records.

61.    Third Party Defendants' demand for WYO TECH's confidential business records was first articulated during a conference call on October 24, 2017 participated in by Wurtzel, Bill Hinz (interim CEO of WYO TECH), and WYO TECH's counsel.   In that conversation, Wurtzel demanded that WYO TECH provide him with various corporate documents, including a list of WYO TECH investors.

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

62.    In the November 2, 2017 letter from WYO TECH's counsel that was copied to Wurtzel, a sworn Declaration from Bill Hinz was provided which stated unequivocally, *inter alia*, that: (a) the Judgment Debtors were not among WYO TECH's current members or equity owners; (b) based on his review of WYO TECH's financial records he had seen no evidence that WYO TECH currently owed any money to Mr. Danzik of any member of his family; and (c) neither Judgment Debtors Dennis Danzik nor his spouse have any authority over funds in WYO TECH's Wells Fargo Account No. -2809.  Declaration of William Hinz dated November 1, 2017 and attached to Exhibit "3" hereto.

63.    Also accompanying the November 2 letter from WYO TECH's counsel were Declarations from Judgment Debtors Dennis Danzik and his spouse, Elizabeth Danzik.  Those Declarations stated, *inter alia*, that: (a) neither of them had ever owned any interest in WYO TECH; (b) neither had been promised any future interest in WYO TECH; (c) neither was owed any money by WYO TECH; (d) neither had ever contributed any funds to WYO TECH; and (e) neither had ever had any authority over WYO TECH's Wells Fargo Account No. -2809.  Declaration of Dennis M. Danzik dated November 2, 2017 and Declaration of Elizabeth J. Danzik dated November 2, 2017, both attached to Exhibit "3" hereto.

64.    In the November 6, 2017 letter from Wurtzel (Exhibit "4" hereto) responding to the November 2 letter from WYO TECH's counsel, the above-referenced Declarations were brushed aside with the statement that "without supporting documentation," these declarations do not persuade us of anything."  *Id*. at 2.

65.     Wurtzel subsequently in the same letter pointedly reminded WYO TECH's counsel of Judgment Claimants' demand for WYO TECH's confidential business records: "After we spoke two weeks ago, I asked you to provide specific documents about Wyo Tech's investors, and Wyo Tech's capitalization, that would go a long way toward showing whether Wyo Tech is indeed an independent, non-Danzik entity, as you contend." *Id*. at 3.

66.     The clear implication of the November 6 letter from Wurtzel was that WYO TECH's funds were being held hostage, and would continue to be held hostage, until such time as WYO TECH acceded to his demands that its confidential business records be surrendered, notwithstanding the sworn Declarations accompanying the November 2 letter from WYO TECH's counsel firmly establishing that, contrary to the assertion in the Restraining Notice, the Judgment Debtors have no interest in WYO TECH's funds.

67.     The use of the Restraining Notice by the Schlam Firm and Wurtzel to force WYO TECH to disclose its confidential business records constitutes an ulterior purpose not proper in the regular conduct of legal proceedings, and it therefore is an abuse of process.

68.     As a direct and proximate result of the use of the Restraining Notice by Third Party Defendants in an attempt to extort access to WYO TECH's confidential business records, WYO TECH has suffered, and continues to suffer, financial injuries. WYO TECH is entitled to recover damages sufficient to compensate it for such injuries in amounts to be proven at trial.

54

69.    In their abuse of legal process to extort access to WYO TECH's confidential business records, the Schlam Firm and Wurtzel have acted knowingly, willfully, wantonly, maliciously, and with an intention to cause injury to WYO TECH. As such, the actions of Third Party Defendants constitute the acts of an evil hand guided by an evil mind, entitling WYO TECH to recover punitive damages in an amount sufficient to punish the Schlam Firm and Wurtzel for their wrongful conduct and deter other from engaging in such conduct in the future.

### Third Party Complaint Count IV: Aiding and Abetting
### Tortious Conduct of Judgment Claimants

70.    WYO TECH incorporates and re-alleges the allegation of Paragraph 1-69 of its Third Party Complaint as though said allegations were repeated in full herein.

71.    By obtaining the impoundment of WYO TECH's funds in its Wells Fargo Account No. -2809, and then refusing to cause Wells Fargo to restore WYO TECH's access to those funds after having been confronted with clear evidence that the Restraining Notice was defective and the Judgment Debtors had no interest in WYO TECH's funds, the Judgment Claimants engaged in conduct constituting the torts of wrongful garnishment, tortious interference with WYO TECH's contractual relations and business expectancies, and abuse of process.

72.    Schlam Stone and Wurtzel knew or should have know that their clients were, by obtaining the impoundment of WYO TECH's funds and refusing to cause WYO TECH's access to those funds to be restored, engaging in conduct constituting the torts of

55

wrongful garnishment, tortious interference with WYO TECH's contractual relations and business expectancies, and abuse of process.

73.    By causing the Restraining Notice to issue and be served on Wells Fargo, and then refusing to withdraw the Restraining Notice and inform Wells Fargo the impoundment of WYO TECH's funds should be discontinued once confronted with facts establishing that the Judgment Debtors had no interest in said funds, the Schlam Firm and Wurtzel knowingly aided and abetted the Judgment Claimants in committing the torts of wrongful garnishment, tortious interference, and abuse of process.

74.    As a result of their having aided and abetted the tortious conduct of Judgment Claimants, the Third Party Defendants are jointly and severally liable for all harms arising out of said tortious conduct.

**Prayer For Relief**

WHEREFORE, WYO TECH prays for judgment against Third Party Defendants, and against each of them jointly and severally, as follows:

A.    For its tort damages arising out of Third Party Defendants' wrongful garnishment of WYO TECH's funds;

B.    For its tort damages arising out of the tortious interference by Third Party Defendants with WYO TECH's contractual relations and business expectancies;

C.    For its tort damages arising out of the abuse of process by Third Party Defendants;

56

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

D.  For its tort damages arising out of tortious conduct by Judgment Claimants that was aided and abetted by Third Party Defendants;

E.  For punitive damages for Third Party Defendants' conduct in acting knowingly, willfully, wantonly, maliciously, and with an intention to cause injury to WYO TECH, in an amount sufficient to punish Third Party Defendants for their wrongful conduct and to deter others from engaging in such conduct in the future;

F.  For interest on WYO TECH's damages and fees, costs, and expenses as provided by law;

G.  For a temporary restraining order, preliminary injunction, and permanent injunction enjoining Third Party Defendants from causing WYO TECH to be deprived of access to funds it has, or in the future may have, on deposit with any Wells Fargo branch or other banking institution; and

H.  Such other and further relief as the Court deems just and proper in the circumstances.


DATED this 12th day of December, 2017.


WALKER & PESKIND, PLLC

By: /s/ Richard K. Walker
    Richard K. Walker
    Walker & Peskind, PLLC
    16100 N. 71st Street, Suite 140
    Scottsdale, Arizona 85254-2236

1

2

NOTICE OF ELECTRONIC FILING AND CERTIFICATE OF SERVICE

3

4        I hereby certify that on December 12, 2017, I electronically filed the foregoing

5   Defendant Wyo Tech Investment Group, LLC's Answer, Counterclaim, Cross-Claim, and

6   Third Party Complaint, with the Clerk of the Court for filing and uploading to the CM/ECF

7

8   system, which will send notification of such filing to all parties of record.

9

10  /s/ Michelle Giordano

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WALKER & PESKIND, PLLC**
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

# "EXHIBIT 1"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: IAS PART 54

| | |
|---|---|
| GEM HOLDCO, LLC, and GEM VENTURES, LTD., <br><br> *Plaintiffs,* <br><br> -against- <br><br> CHANGING WORLD TECHNOLOGIES, L.P., *et al.,* <br><br> *Defendants.* | **Index No.: 650841/2013** <br><br> **(Kornreich, J.)** <br><br><br> **RESTRAINING NOTICE AND INFORMATION SUBPOENA** |
| CWT CANADA II LIMITED PARTNERSHIP, RESOURCE RECOVERY CORPORATION and JEAN NOELTING, <br><br> *Third-Party Plaintiffs,* <br><br> -against- <br><br> CHRISTOPHER BROWN, EDWARD TOBIN, ELIZABETH J. DANZIK and DEJA II, LLC. <br><br> *Third-Party Defendants.* | |

TO:    Wells Fargo
       1755 Broadway
       New York, NY 10019
       Legal Department Fax: 877-554-5339

**WHEREAS**, a judgment was entered in this Court on September 7, 2016 in favor of Cross-Claim Plaintiffs CWT Canada II Limited Partnership, Resources Recovery Corporation, and Jean Noelting, and against Cross-Claim Defendants RDX Technologies Corporation (f/k/a Ridgeline Energy Services, Inc.) and Dennis M. Danzik (the "judgment debtor" or "judgment debtors"), for the amount of $7,033,491.13,

**WHEREAS**, the amount of $7,033,491.13, together with interest from September 7, 2016, remains due and unpaid,

1

**WHEREAS,** the witness to whom this subpoena is addressed resides in New York County,

**WHEREAS,** it appears that you are in possession or in custody of property in which the judgment debtor has an interest as well as account(s) or any other property, tangible or intangible or interest in any property in the name of the judgment debtor, including, but not limited to **the account reflected in the check in the attached Exhibit A, and any other accounts held in the name of Wyo Tech Investment Group LLC.**

**YOU ARE HEREBY COMMANDED**, to answer in writing under oath, separately and fully, each question in the questionnaire accompanying the subpoena, each answer referring to the question to which it responds; and that you return the answers together with the original of the questions within 7 days after your receipt of the questions and this subpoena.

**PLEASE TAKE NOTICE** that false swearing or failure to comply with this Information Subpoena is punishable as a contempt of Court.

2

# EXHIBIT A



| | | | |
|---|---|---|---|
| **Capture Date** | 20170525 | **Optional Field 6** | 0 |
| **Sequence Number** | 300430389 | **Amount** | $10,000.00 |
| **Serial Number** | 0 | **Routing Number** | 122105278 |
| **Account Number** | 7993862809 | **Transaction Code** | 2036 |

05/25/2017 11:02:30 AM 833 0000301 0MEG8 4534 300430389 0 20

05/25/2017 11:02:17 AM 833 0000301 0MEG8 0000 300430389 0 20



WB00090

## RESTRAINING NOTICE

Pursuant to Section 5222(b) of the Civil Practice Law and Rules, a copy of which is set forth below, you are hereby forbidden to make or suffer any sale, assignment, or transfer of, or any interference with any property in which the judgment debtors have an interest, except upon direction of the sheriff or pursuant to an order of the court until the aforesaid judgment is satisfied or vacated. This notice also covers all property in which the judgment debtors have an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtor. Disobedience of this Restraining Notice is punishable as a contempt of court.

**Certification:** I hereby certify that this information subpoena complies with Rule 5224 of the Civil Practice Law and Rules and Section 601 of the General Business Law that I have a reasonable belief that the party receiving this subpoena has in their possession information about the debtors that will assist the creditor in collecting the judgment.

Dated: October 18, 2017
     New York, New York

            **SCHLAM STONE & DOLAN LLP**

*Joshua Wurtzel*

By:     _____

        Jeffrey M. Eilender
        Bradley J. Nash
        Joshua Wurtzel
        26 Broadway
        New York, New York 10004
        Telephone: (212) 344-5400
        Facsimile: (212) 344-7677
        E-Mail: jme@schlamstone.com
        E-Mail: bnash@schlamstone.com
        E-Mail: jwurtzel@schlamstone.com

        *Attorneys for Cross-Claim Plaintiffs CWT*
        *Canada II Limited Partnership, Resource*
        *Recovery Corporation, and Jean Noelting*

3

## CPLR 5222(b)

Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

4

IN ACCORDANCE WITH THE INSTRUCTIONS AND DEFINITIONS SET FORTH

BELOW, ANSWER THE QUESTIONS THAT FOLLOW ON THE FORM PROVIDED

WITHIN SEVEN (7) DAYS AND RETURN YOUR ANSWERS IN THE PRE-ADDRESSED,

POSTAGE PAID ENVELOPE ENCLOSED HEREWITH TO:

Schlam, Stone, and Dolan LLP
26 Broadway
New York, New York 10004
Attention: Joshua Wurtzel

### Definitions And Instructions

1.    Each question and every subpart thereof shall be answered fully and separately.

2.    Answering a question by simply identifying a document, unless the question expressly

requests only the identification of a document, will not be a sufficient answer to that

question.

3.    When any question calls for the identity of any person, you are to provide the person's:

a.    full name;

b.    last known business address and telephone number;

c.    present occupation, title and business affiliation; and

d.    occupation, title and business position during the time period to which your

answer relates.

4.    When any question requires you to identify a document, you shall state to the extent

known:

a.    the type of document;

b.    the general subject matter;

6

      c.      the date of the document; and

      d.      the author(s), addressee(s) and recipient(s).

5.      The term "document" means any written, printed, recorded or graphic matter of any kind, however produced or reproduced, including without limitation any writing, drawing, graph, chart, photograph, label, sign, print, package, wrapper, receptacle, advertisement, computer disk, tape and audio or visual recording, which is in your possession, custody or control.

6.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, opinions, or otherwise), including without limitation any meeting, conversation, discussion, faxes, notes correspondence, message, or other written and oral communications between two or more persons, in person, on the telephone, or by any other means of electronic or physical communication.

7.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.

8.      The term "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of any request all documents that might otherwise be construed to be outside of its scope.

9.      The terms "any" and "all" shall be construed as necessary to bring within the scope of any question all documents, communications or subject matter that might otherwise be construed to be outside its scope.

10.      The use of the singular form of any word includes the plural, and vice versa, whenever necessary to bring within the scope of any question all documents, communications, or

subject that might otherwise be construed to be outside its scope.

11.    These questions are intended to be of a continuing nature. If after the service of your responses hereto, you should learn of any information which supplements or differs from the answers you supplied, you will promptly supplement your responses to the undersigned attorneys.

12.    In the event you decline to answer any particular question, or subpart thereof, on the ground of any evidentiary privilege or discovery exclusion, (a) state the basis for assertion of the privilege or exclusionary principle, and (b) give a summary statement of the document's date, author, recipient, custodian and subject matter in sufficient detail to permit the Court to reach a determination in the event of a motion to compel.

8

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK: IAS PART 54**

| | |
|---|---|
| GEM HOLDCO, LLC, and GEM VENTURES, LTD., <br><br> *Plaintiffs,* <br> -against- <br><br> CHANGING WORLD TECHNOLOGIES, L.P., *et al.*, <br><br> *Defendants.* | **Index No.: 650841/2013** <br><br> **(Kornreich, J.)** <br><br><br> **QUESTIONS AND ANSWERS IN CONNECTION WITH INFORMATION SUBPOENA** |
| CWT CANADA II LIMITED PARTNERSHIP, RESOURCE RECOVERY CORPORATION and JEAN NOELTING, <br><br> *Third-Party Plaintiffs,* <br><br> -against- <br><br> CHRISTOPHER BROWN, EDWARD TOBIN, ELIZABETH J. DANZIK and DEJA II, LLC. <br><br> *Third-Party Defendants.* | |

STATE OF _____ :

                                    : ss.

COUNTY OF _____ :

      I, _____ on behalf of Wells Fargo, being duly sworn, depose

and say that I am the recipient of an information subpoena herein and of the original and a copy

of questions accompanying said subpoena. The answers set forth below are made from

information obtained from my records and/or are based upon my personal knowledge.

## Questions

Question No. 1

Do you have a record of any account in which the judgment debtors may have an interest, whether under the name of the debtors, under a trade or corporate name, or in association with others, as of the date of the subpoena or within one year prior thereto?

Answer to Question No. 1

Question No. 2

As to each such account, what is the exact title of the account, the date opened, amounts presently on deposit; if closed, the amount on deposit when closed and the date closed?

Answer to Question No. 2

Title                          Date Opened          Amount on Deposit    Date Closed

Question No. 3

        Do you have a record of any safe deposit box in which the judgment debtors may have an interest, whether under the name of the debtors, under a trade or corporate name, or in association with others, as of the date of the subpoena or within one year prior thereto?

Answer to Question No. 3

Question No. 4

        As to each such box what is the exact designation of the lessees thereof, the date hired, the date discontinued, the names of those having access?

Answer to Question No. 4

| Lessees | Date Hired | Date Discontinued | Those Having Access |
|---------|-----------|-------------------|---------------------|

11

Question No. 5

    Do you hold collateral in which the debtors have or may have an interest?

Answer to Question No. 5

Question No. 6

    What is the description and value of each item of collateral?

Answer to Question No. 6

Description                              Value

12

Question No. 7

What interest do the debtors appear to have in each item of collateral?

Answer to Question No. 7

Question No. 8

      Is any of the judgment debtors indebted to you?

Answer to Question No. 8

Question No. 9

      As to each indebtedness, what is the amount of the original indebtedness, the date

incurred, amount repaid and date of such repayment?

Answer to Question No. 9

Amount       Date Incurred       Amount Repaid       Date Repaid

Question No. 10

      Do you hold any lien, mortgage or otherwise, against property of the debtors?

Answer to Question No. 10

Question No. 11

      What is the nature of each such lien, the full description of the property affected
by the lien, the location and identity of the office of the filing or recording and full indexing
information?

Answer to Question No. 11

| Lien | Property | Where Recorded or Filed | Book and Page No. |
| --- | --- | --- | --- |

15

Question No. 12

Are any of the assets of the debtors, in your possession or care, subject to liens,

attachments or other encumbrances?

Answer to Question No. 12

Question No. 13

What are the full details of the same in regard to each asset?

Answer to Question No. 13

16

Question No. 14

      Do you have any other transactions with the debtors, directly or indirectly, as a result of which the debtors may now have, or may in the future become entitled to, money or credit?

Answer to Question No. 14

Question No. 15

      What are the full details of each such transaction?

Answer to Question No. 15

17

Question No. 16

      Has any of the debtors given you a statement of final condition?

Answer to Question No. 16

Question No. 17

      What assets are disclosed therein (or in the alternative supply a copy thereof)?

Answer to Question No. 17

Question No. 18

For the individual debtors, what is debtor's social security number and last place of employment?

Answer to Question No. 18

Dated this _____ day of _____ 2017.


                              _____
                              On Behalf of Wells Fargo


SUBSCRIBED AND SWORN to before me this ___ day of_____ 2017, by _____
on behalf of Wells Fargo


                              _____
                              Notary Public

EXEMPTION NOTICE

as required by New York Law

YOUR BANK ACCOUNT IS RESTRAINED OR "FROZEN"

The attached Restraining Notice or notice of Levy by Execution has been issued against your bank account. You are receiving this notice because a creditor has obtained a money judgment against you, and one or more of your bank accounts has been restrained to pay the judgment. A money judgment is a court's decision that you owe money to a creditor. You should be aware that FUTURE DEPOSITS into your account(s) might also be restrained if you do not respond to this notice.

You may be able to "vacate" (remove) the judgment. If the judgment is vacated, your bank account will be released. Consult an attorney (including free legal services) or visit the court clerk for more information about how to do this.

Under state and federal law, certain types of funds cannot be taken from your bank account to pay a judgment. Such money is said to be "exempt. "

DOES YOUR BANK ACCOUNT CONTAIN ANY OF THE FOLLOWING TYPES OF FUNDS?

1. Social security;

2. Social security disability (SSD);

3. Supplemental security income (SSI);

4. Public assistance (welfare);

5. Income earned while receiving SSI or public assistance;

6. Veterans benefits;

7. Unemployment insurance;

8. Payments from pensions and retirement accounts;

9. Disability benefits;

10. Income earned in the last 60 days (90% of which is exempt);

11. Workers' compensation benefits;

12. Child support;

5

13. Spousal support or maintenance (alimony);

14. Railroad retirement; and/or

15. Black lung benefits.

If YES, you can claim that your money is exempt and cannot be taken. To make the claim, you must

(a) complete the EXEMPTION CLAIM FORM attached;

(b) deliver or mail the form to the bank with the restrained or "frozen" account; and

(c) deliver or mail the form to the creditor or its attorney at the address listed on the form.

You must send the forms within 20 DAYS of the postmarked date on the envelope holding this notice. You may be able to get your account released faster if you send to the creditor or its attorney written proof that your money is exempt. Proof can include an award letter from the government, an annual statement from your pension, pay stubs, copies of checks, bank records showing the last two months of account activity, or other papers showing that the money in your bank account is exempt. If you send the creditor's attorney proof that the money in your account is exempt, the attorney must release that money within seven days. You do not need an attorney to make an exemption claim using the form.

6

EXEMPTION CLAIM FORM

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK: IAS PART 54

| | |
|---|---|
| GEM HOLDCO, LLC, and GEM VENTURES, LTD., | **Index No.: 650841/2013** |
| *Plaintiffs,* | |
| -*against*- | **EXEMPTION CLAIM FORM QUESTIONS AND ANSWERS IN CONNECTION WITH INFORMATION SUBPOENA** |
| CHANGING WORLD TECHNOLOGIES, L.P., *et al.*, | |
| *Defendants.* | |
| CWT CANADA II LIMITED PARTNERSHIP, RESOURCE RECOVERY CORPORATION and JEAN NOELTING, | |
| *Third-Party Plaintiffs,* | |
| -*against*- | |
| CHRISTOPHER BROWN, EDWARD TOBIN, ELIZABETH J. DANZIK and DEJA II, LLC. | |
| *Third-Party Defendants.* | |

NAME AND ADDRESS OF JUDGMENT CREDITOR OR ATTORNEY

Schlam Stone & Dolan LLP

ADDRESS A

26 Broadway, 19th Floor
New York, New York 10004

NAME AND ADDRESS OF FINANCIAL INSTITUTION

Wells Fargo

ADDRESS B

1755 Broadway
New York, NY 10019

Directions: To claim that some or all of the funds in your account are exempt, complete both copies of this form, and make one copy for yourself. Mail or deliver one form to ADDRESS A and one form to ADDRESS B within twenty days of the date on the envelope holding this notice. **If you have any documents, such as an award letter, an annual statement from your pension, paystubs, copies of checks or bank records showing the last two months of account activity, include copies of the documents with this form. Your account may be released more quickly.

7

I state that my account contains the following type(s) of funds (check all that apply):

....     Social security

....     Social security disability (SSD)

....     Supplemental security income (SSI)

....     Public assistance

....     Wages while receiving SSI or public assistance

....     Veterans benefits

....     Unemployment insurance

....     Payments from pensions and retirement accounts

....     Income earned in the last 60 days (90% of which is exempt)

....     Child support

....     Spousal support or maintenance (alimony)

....     Workers' compensation

....     Railroad retirement or black lung benefits

....     Other (describe exemption):_____

I request that any correspondence to me regarding my claim be sent to the following address:

_____

(FILL IN YOUR COMPLETE ADDRESS)

8

I certify under penalty of perjury that the statement above is true to the best of my knowledge and belief.

_____          _____

DATE                                    SIGNATURE OF JUDGMENT DEBTOR

9

## NOTICE TO JUDGMENT DEBTOR OR OBLIGOR

Money or property belonging to you may have been taken or held in order to satisfy a judgment or order which has been entered against you. Read this carefully.

### YOU MAY BE ABLE TO GET YOUR MONEY BACK

State and federal laws prevent certain money or property from being taken to satisfy money judgments or orders. Such money or property is said to be "exempt." The following is a partial list of money which may be exempt:

1. Supplemental social security income (SSI);

2. Social security;

3. Public assistance (welfare);

4. Spousal support, maintenance (alimony) or child support;

5. Unemployment benefits;

6. Disability benefits;

7. Workers' compensation benefits;

8. Public or private pensions;

9. Veterans' benefits;

10. Ninety percent of your wages or salary earned in the last sixty days;

11. Twenty-five hundred dollars of any bank account containing statutorily exempt payments that were deposited electronically or by direct deposit within the last forty-five days, including, but not limited to, your social security, supplemental security income, veterans benefits, public assistance, workers' compensation, unemployment insurance, public or private pensions, railroad retirement benefits, black lung benefits, or child support payments;

12. Railroad retirement; and

13. Black lung benefits.

If you think that that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order. If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice.

10

Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING ANY FREE LEGAL SERVICES ORGANIZATION IF YOU QUALIFY. You can also go to court without an attorney to get your money back. Bring this notice with you when you go. You are allowed to try to prove to a judge that your money is exempt from collection under New York civil practice law and rules, sections fifty-two hundred twenty-two-a, fifty-two hundred thirty-nine and fifty-two forty. If you do not have a lawyer, the clerk of the court may give you forms to help you prove your account contains exempt money that the creditor cannot collect. The law (New York civil practice law and rules, article four and sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption.

# "EXHIBIT 2"



RICHARD K. WALKER
ATTORNEY AT LAW

RKW@AZLAWPARTNER.COM

**Walker & Peskind, PLLC**

ATTORNEYS & COUNSELORS

PHONE  480-483-6336
FAX   480-483-6337

16100 N. 71ST STREET, STE 140
SCOTTSDALE, AZ 85254

•

November 8, 2017

*VIA EMAIL (jwurtzel@schlamstone.com)*

Joshua Wurtzel, Esquire
Schlam Stone & Dolan, LLP
26 Broadway
New York, NY 10004

> RE:   *GEM Holdco, LLC, et al. v. Changing World Technologies, L.P., et al.,*
> **Index No. 650841/2013; WYO TECH Investment Group, LLC.**

Dear Josh:

This is in response to your letter to me dated November 6, 2017. To begin, I must state emphatically that I am aware of nothing that would justify or support your allegation that "Wyo Tech is liable to Judgment Creditors for fraudulent transfers and conspiracy to commit fraudulent transfers." Nor does your letter provide any information suggesting you have anything that would warrant the assertion of such a wild claim.

The fundamental and immutable fact is that, before it could be shown that WYO TECH had any involvement in such conduct, it would first have to be demonstrated that monies in WYO TECH's account belonged to either Dennis Danzik ("Danzik") or RDX Technologies Corp. ("RDX"), the judgment debtors in the above-captioned action. As my November 2, 2017 letter to Messrs. John Foudy and Peter Ragone, attorneys for Wells Fargo Bank, N.A. ("Wells Fargo"), on which you were copied, makes plain: "All of the funds deposited in Account No. 7993862809 are investor monies in which neither Mr. Danzik nor RDX nor any member of Mr. Danzik's family holds any right, title, or interest." You have not provided any information indicating otherwise.

Your letter asserts that "the evidence we have compiled shows that Danzik is using Wyo Tech to carry out the same fraudulent scheme that he has attempted multiple times, including with RDX." This assertion appears to be premised primarily or exclusively on the observation that funds from WYO TECH's account "have been paid to Danzik Applied Sciences, LLC, Elizabeth Danzik, Jovahna Danzik, or other known Danzik cronies." Be that as it may, there is nothing that prohibits a third party from paying out its funds to whomever it deems appropriate, even a judgment debtor (a status applicable only to Mr. Danzik in any event, so far as I am aware), absent a proper writ of garnishment requiring the diversion of funds otherwise that would otherwise go to the putative payee. Inasmuch as there has been to date no such writ served on WYO TECH,

Joshua Wurtzel, Esquire
November 8, 2017
Page 2


any payments to Danzik Applied Sciences ("DAS"),[1] or to any of the individual family members
or "cronies" you mentioned, supply no basis for your suggestion that such payments implicate
WYO TECH in some sort of impropriety.

Your letter asserts that "[u]pon information and belief, Danzik has conveyed RDX's
intellectual property to Wyo Tech in violation of a TRO issued by the New York court, and with
an intent to defraud Judgment Creditors." To the best of my knowledge, there has never been a
transfer of intellectual property, or any other kind of property for that matter, from RDX to WYO
TECH. Although I must confess to having little knowledge as to the nature of RDX's business,
from what little we do know, Bill Hinz and I have been unable to imagine what intellectual property
RDX might have that would even be of interest to WYO TECH. If you can provide more specific
information as to the basis for your allegation, we will look into it, but we seriously doubt that any
transfer of the sort you have imagined ever occurred.

Your letter also mentions that you have requested that we provide "specific documents
about Wyo Tech's investors, and Wyo Tech's capitalization," and you say that our failure to do
your bidding in this regard "speaks volumes." Mr. Hinz and I understand very well that you
believe Dennis Danzik is a scoundrel. Whether he is or he is not what you believe him to be,
however, gives neither you nor your client the right to require surrender of confidential business
records from an entity that is not one of your client's judgment debtors, and it certainly gives you
no license to interfere with that entity's conduct of its business affairs by depriving it of access to
its own funds. You are entitled to speculate as much as you desire about why I am unwilling to
yield to your demand for confidential business records merely because you think you perceive the
unseen hand of Dennis Danzik behind some of my client's expenditures. No prudent lawyer,
however, would release a corporate client's business records under such circumstances.

Conspicuous by its absence from your November 6 letter is any attempt to address the fact,
raised in my letter to Messrs. Foudy and Ragone, that the Restraining Notice served on Wells
Fargo does not comply with the express requirements of CPLR § 5222(b). I again call on you to
notify Wells Fargo that you are withdrawing the Restraining Notice you served on it to cause the
impoundment of WYO TECH's capital. If you wish to ensure that any amounts that my client

---

[1] Your letter states that DAS is no longer in good standing in Delaware. Our research confirmed this.
Regardless, I do not see the logic of your contention that "every time Wyo Tech pays money into a 'DAS'
account, it is really paying Danzik directly." Without necessarily conceding your contention that payments
to a corporation not in good standing are tantamount to payments to the company's owners, it would seem
that payments to DAS would, at most, be payments to Danzik only in proportion to his share of the equity
ownership in that company. As indicated in my letter to Messrs. Foudy and Ragone, it is my understanding
that Danzik holds only a minority interest in DAS.

Joshua Wurtzel, Esquire
November 8, 2017
Page -3-

would otherwise consider itself obliged to pay to Danzik or RDX are applied to your clients'
Judgment in the above-captioned action, the proper way to do that is by serving on WYO TECH
an appropriate, lawfully obtained writ of garnishment. If you obtain such a writ, you have my
assurance that WYO TECH will comply with it to the letter. With this option readily available to
you, there is no legitimate reason for you to continue to tie up operating capital needed for WYO
TECH business operations that have nothing whatsoever to do with your controversy with Danzik
and RDX. There will be legal consequences for your client, your law firm, and quite possibly for
you personally, if you do not forthwith take the steps necessary to cause Wells Fargo to release
WYO TECH's funds.

In conclusion, let me make one additional thing very clear. Neither WYO TECH nor Mr.
Hinz nor this law firm have any interest in cooperating in or facilitating an evasion by Danzik
and/or RDX of any responsibility they may have for obligations to your clients. Nor has there
heretofore been any such collusion, your suppositions notwithstanding, by Mr. Hinz or any of
WYO TECH's investors. We respect your clients' right to pursue Danzik and RDX vigorously
within the bounds of the law to obtain satisfaction of the outstanding judgment. By the same
token, however, we have every right to expect and demand that your clients, your law firm, and
you respect the facts that WYO TECH is not a judgment debtor in your action, that it is an
independent business entity with investors and business interests unrelated to those at issue in the
above-captioned action, and that the impoundment that you have caused of funds in which your
judgment debtors have no right, title, or interest impinges unjustifiably and unlawfully upon WYO
TECH's business and property rights. If your clients, your law firm, and you do not immediately
begin according WYO TECH and its rights the respect to which they are entitled, my client is fully
committed to seeking appropriate legal sanctions.

Sincerely,

Richard K. Walker

RKW:mmg

# "EXHIBIT 3"



RICHARD K. WALKER
ATTORNEY AT LAW

RKW@AZLAWPARTNER.COM

**Walker & Peskind**, PLLC

ATTORNEYS & COUNSELORS

PHONE  480-483-6336
FAX  480-483-6337

16100 N. 71ST STREET, STE 140
SCOTTSDALE, AZ 85254

November 2, 2017

***VIA EMAIL*** *(*jfoudy@rnrlawgroup.com*; pragone@rnrlawgroup.com)*

John P. Foudy, Esquire
Peter A. Ragone, Esquire
Rosner Nocera & Ragone, LLP
61 Broadway, Suite 1900
New York, NY 10006-2706

      **RE:**    **Wrongful Garnishment of Wells Fargo Accnt. #7993862809
            Belonging to WYO TECH Investment Group, LLC.**

Gentlemen:

    As you may recall, Bill Hinz and I spoke with the two of you about this matter in a conference call on October 24, 2017. I am enclosing herewith the Judgment in *GEM HOLDCO, LLC, et al. v. CWT Canada II Limited Partnership, et al.*, Index No. 650841/2013, pursuant to which, as we understand it, a Restraining Notice under CLPR § 5222 has been issued to the New York office of your client, Wells Fargo Bank, N.A. ("Wells Fargo"), by the law firm of Schlam Stone & Dolan, LLP ("Schlam Stone"). When Mr. Hinz and I spoke with you on October 24, you told us that Wells Fargo had no choice under New York law but to honor the Restraining Notice, and that it directed your client to freeze any funds held by it in the name of my client WYO TECH Investment Group, LLC ("WYO TECH"). Neither we nor, we are informed, Defendants' counsel in the *GEM HOLDCO* matter have seen the Restraining Notice, and I would appreciate it if you could be kind enough to email a copy to me as soon as possible.

    With respect to the enclosed Judgment, I would draw your attention to the fact that WYO TECH is not named as a party litigant in the *GEM HOLDCO* action. Further, the Judgment, by its terms, is against Dennis Danzik ("Mr. Danzik") and RDX Technologies Corporation ("RDX"), and *not* against WYO TECH. As Mr. Hinz and I explained to you when we spoke last week, neither Mr. Danzik nor RDX nor any member of Mr. Danzik's family holds any equity interest in WYO TECH. All of the funds deposited in Account No. 7993862809 are investor monies in which neither Mr. Danzik nor RDX nor any member of Mr. Danzik's family holds any right, title, or interest. None of the funds are owed to Mr. Danzik, or to any member of his family.

John P. Foudy, Esquire
Peter A. Ragone, Esquire
November 2, 2017
Page 2

There is a possibility, which we are still researching, that there may be a small indebtedness (less than $1,700) that remains to be paid by WYO TECH to Danzik Applied Sciences, an entity in which we understand Mr. Danzik owns a minority interest.[1]  Whatever the outcome of our investigation with respect to that potential debt, however, we do not see that even that amount could legitimately be made the subject of a CPLR § 5222 restraining notice.

As I assume you are aware, CPLR § 5222(b) provides, in pertinent part, as follows:

A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor . . . has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served.[2]

On the face of it, there does not seem to be any basis on which Wells Fargo could reasonably conclude that the above-quoted requirements have been met.  Clearly, Wells Fargo, the "person" on whom the Schlam Stone Restraining Notice was served, owes no portion of the funds at issue to anyone other than WYO TECH, the account owner.  Further, based on the information Mr. Hinz and I have provided, Wells Fargo neither "knows [n]or has reason to believe the judgment debtor or obligor [Mr. Danzik and/or RDX] has an interest" in the funds at issue.  Although we have not yet seen the Restraining Notice served on Wells Fargo, there does not appear to be any legitimate basis on which Schlam Stone could have issued it in compliance with the statutory requirements.  That being the case, it would preclude the Restraining Notice from have any binding effect whatsoever on Wells Fargo.

In addition, it does not appear that restraining notices served on Wells Fargo in New York have any effect with respect to Wells Fargo branches located outside the State of New

---

[1]  As is the case with WYO TECH, Danzik Applied Sciences is not a party litigant in the *GEM HOLDCO* litigation, and it is not named in the Judgment.  Thus, even if we determine that WYO TECH still has an outstanding indebtedness to Danzik Applied Sciences, that still would not constitute an amount owed to one of the judgement debtors in the *GEM HOLDCO* case.

[2]  Please note that the citation to CPLR § 5222 in the text above is not intended, and should not be construed, as a concession that that provision, or any other provision of New York law, controls in this situation.  To the contrary, it is WYO TECH's position that, inasmuch as its funds were deposited in a Wells Fargo branch in Scottsdale, Arizona, WYO TECH is neither a party nor a judgment debtor in the *GEM HOLDCO* matter, WYO TECH has never submitted to the jurisdiction of the New York Courts, and WYO TECH has no contacts with the State of New York pertinent to the issues addressed herein, it is Arizona law that controls with respect to those issues.

John P. Foudy, Esquire
Peter A. Ragone, Esquire
November 2, 2017
Page 3

York. *See Motorola Credit Corp. v. Standard Chartered Bank*, 24, N.Y. 3d 149, 158-59, 21
N.E.3d 223, 226 (2014) (under separate entity rule, restraining notices on a New York branch
have no impact on assets in other branches); *see also B&M Kingstone, LLC v. Mega Internatn'l
Commercial Bank, Ltd*, 131 A.D. 259, 266, 15 N.Y.S.3d 318, 323 (2015) (same). As I believe
you are aware, the WYO TECH funds that have been impounded are all on deposit with a Wells
Fargo branch located in Scottsdale, Arizona.

        In sum, we are aware of no good faith, lawful basis on which Schlam Stone could have
issued the Restraining Notice it served on Wells Fargo to tie up the operating capital of WYO
TECH and thus interfere with the Company's business endeavors. In this regard, as you may or
may not be aware, Wells Fargo has refused to honor WYO TECH's latest payroll checks, along
with several checks issued to pay WYO TECH's routine corporate expenses, so the damage to
my client is both real and immediate. Moreover, WYO TECH is a startup company on the front
end of business endeavors that are time sensitive. The impoundment of WYO TECH's funds
poses a serious risk of interference with potentially lucrative business opportunities, and could
result in loss of some portion or all of those opportunities altogether.

        Even if some small amount of the funds in Account No. 7993862809 are owed to an
entity in which one of the *GEM HOLDCO* Defendants holds an interest (which, again, we
presently believe would involve only a small indebtedness to Danzik Applied Sciences), that
could justify, at most, a garnishment (or, in New York parlance, a restraining notice) requiring,
subject to any countervailing rights of the entity whose funds were garnished/impounded,
retention and/or surrender to the judgment creditor of any amounts owing, or that may in the
future come to be owing, to such entity.

        As I explained to you when we spoke on October 24, there is a tort action for wrongful
garnishment recognized by the courts under Arizona law. The Arizona Supreme Court has also
held that banks impounding funds of their account holders in response to writs of execution may
themselves be held liable for damages resulting from the impoundment if they know, or should
know, that the account holder is not liable to the judgment creditor. *See Valley Natn'l Bank v.
Brown*, 110 Ariz. 260, 263, 517 P.2d 1256, 1259 (1974).

        Please be advised that, if WYO TECH's funds are not released from impoundment and
made available for my client's unfettered use by or before November 10, 2017, it is WYO
TECH's intention to bring an action in Arizona against CWT Canada II Limited Partnership,
Resource Recovery Corporation, and Jean Noelting (collectively referred to in the enclosed
Judgment as "the CWT Parties"), Schlam Stone, the Schlam Stone lawyer who issued the
Restraining Notice, and Wells Fargo, asserting claims based on, among other things, wrongful
garnishment and tortious interference with contract and/or business expectancies.

John P. Foudy, Esquire
Peter A. Ragone, Esquire
November 2, 2017
Page 4

We believe the facts set forth above, and in the enclosed Declarations of William Hinz, Dennis Danzik, and Elizabeth Danzik, make a compelling case for Schlam Stone to withdraw the Restraining Notice it has issued to Wells Fargo, and by copy of this letter, we are demanding that Schlam Stone do so forthwith. Failing that, we believe the same facts provide Wells Fargo with ample basis for disregarding the Restraining Notice and lifting the impoundment of WYO TECH's funds immediately. Even if, despite all the foregoing, Wells Fargo were to choose to continue the unlawful denial of WYO TECH's access to its funds, however, it should be abundantly clear that no portion of those funds can lawfully be released without further legal proceedings in which WYO TECH would be given the opportunity to assert its rights to its own funds. Please be advised that WYO TECH will hold Wells Fargo responsible, for any disbursement of its funds, along with any other party participating in causing such disbursement, absent a legitimate court order issued after WYO TECH has been given the chance to assert its rights in such funds in full accordance with the due process of law.

Again, please provide a copy of the Restraining Notice to me via email to me as soon as possible. If you wish to discuss anything related to the matters set forth above, please feel free to contact me.

Sincerely,

Richard K. Walker

Enclosures (4)
cc:    Joshua Wurtzel, Esquire
       Schlam Stone & Wurtzel, LLP
       jwurtzel@schlamstone.com

FILED: NEW YORK COUNTY CLERK 09/07/2016 04:34 PM          INDEX NO. 650841/2013
NYSCEF DOC. NO. 673                                               RECEIVED NYSCEF: 09/07/2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: IAS PART 54

| | |
|---|---|
| GEM HOLDCO, LLC, and GEM VENTURES, LTD, <br><br> *Plaintiffs,* <br><br> -against- <br><br> CWT CANADA II LIMITED PARTNERSHIP, RESOURCE RECOVERY CORPORATION, JEAN NOELTING, RIDGELINE ENERGY SERVICES, INC., DENNIS DANZIK, DOUGLAS JOHNSON and KELLY SLEDZ, <br><br> *Defendants.* | Index No.: 650841/2013 <br> (Kornreich, J.) <br><br><br> **JUDGMENT** |
| CWT CANADA II LIMITED PARTNERSHIP, RESOURCE RECOVERY CORPORATION and JEAN NOLETING, <br><br> *Third-Party Plaintiffs* <br><br> -against- <br><br> EDWARD TOBIN, CHRISTOPHER BROWN, DEJA II, LLC, ELIZABETH DANZIK and RES MANAGEMENT, INC., <br><br> *Third-Party Defendants.* | |

Upon this Court's Decision and Order dated and entered on August 4, 2016, and pursuant

to CPLR 5016(c), it is now

ADJUDGED, that Cross-Claim Plaintiffs CWT Canada II Limited Partnership, whose

address is ~~Corporation Trust Center~~, 1209 Orange Street, Wilmington, DE 19801; Resource

Recovery Corporation, whose address is 2711 Centerville Road, Suite 400, Wilmington, DE

19808; and Jean Noelting, whose address is 4100 Yonge Street, Toronto, ON M2P2G2, Canada

(collectively, the CWT Parties"), recover from Cross-Claim Defendants Dennis Danzik, whose

address is 1334 Sunset Boulevard South, Cody, WY 82414 ("Danzik"), and RDX Technologies

Corporation (f/k/a Ridgeline Energy Services, Inc.), whose address is 7464 East Tierra Buena

Lane, Suites 101/102, Scottsdale, AZ 85260 ("RDX"), jointly and severally, the sum of

$999,975.00, plus interest thereon at 9% from March 27, 2013, in the sum of $310,677.16, and the

sum of $4,654,827.00, plus interest thereon at 9% from February 20, 2014 in the sum of

$1,067,421.97, together with costs and disbursements as taxed by the clerk in the sum of $590.00,

amounting in all to the sum of $7,033,491.13, and that the cross-claim plaintiffs have

execution therefor.

CLERK

**FILED**

SEP 27, 2016
COUNTY CLERK'S OFFICE
NEW YORK

2 of 3

2 of 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: IAS PART 54

| | |
|---|---|
| GEM HOLDCO, LLC, and GEM VENTURES, LTD, | |
| | Index No.: 650841/2013 |
| *Plaintiffs,* | |
| -against- | |
| CWT CANADA II LIMITED PARTNERSHIP, RESOURCE RECOVERY CORPORATION, JEAN NOELTING, RIDGELINE ENERGY SERVICES, INC., DENNIS DANZIK, DOUGLAS JOHNSON and KELLY SLEDZ, | **BILL OF COSTS** |
| *Defendants.* | |
| CWT CANADA II LIMITED PARTNERSHIP, RESOURCE RECOVERY CORPORATION and JEAN NOLETING, | |
| *Third-Party Plaintiffs* | I HEREBY CERTIFY THAT I HAVE ADJUSTED THIS BILL OF COSTS AT $ 590.00 |
| -against- | |
| EDWARD TOBIN, CHRISTOPHER BROWN, DEJA II, LLC, ELIZABETH DANZIK and RES MANAGEMENT, INC., | SEP — 7 2016 |
| *Third-Party Defendants.* | CLERK |

**COSTS**

Costs for all proceedings before a note of issue is filed (CPLR 8201(1)) ................................$200.00
Total Costs: ................................................................................................................$200.00

**DISBURSEMENTS**

Motion fee (CPLR 8301(a)(12)): ..................................................................................$45.00
RJI (CPLR 8301(a)(12)).............................................................................................$95.00
Deposition transcripts (CPLR 8301(a)(9)).....................................................................$250.00
Total Disbursements: ................................................................................................$390.00

# STATEMENT

| Account No. | Date |
|---|---|
| C6867 | 12/14/2015 |

| Current | 30 Days | 60 Days |
|---|---|---|
| $6,150.35 | $0.00 | $0.00 |
| 90 Days | 120 Days & Over. | Total Due |
| $0.00 | $0.00 | $6,150.35 |

Magna Legal Services
Seven Penn Center
1635 Market Street -8th Floor
Philadelphia, PA 19103
Phone:215.207.9460  Fax:215.207.9461

Jeffrey Eilender, Esq.
Schlam Stone & Dolan, LLP
26 Broadway
19th Floor
New York, NY 10004

Page 1 of 1.

| Invoice Date | Invoice No. | Balance | Job Date | Witness | Case Name |
|---|---|---|---|---|---|
| 11/19/2015 | 234622 | 2,250.65 | 10/28/2015 | Candie Blazar | Gem Holdco, LLC, and Gem Ventures v. Changing World Technologies, L.P. |
| 11/19/2015 | 234660 | 3,899.70 | 10/29/2015 | Candie Blazar | Gem Holdco, LLC, and Gem Ventures v. Changing World Technologies, L.P. |

Tax ID: 20-8474245

Phone: 212-344-5400   Fax:212-344-7677

*Please detach bottom portion and return with payment.*

Jeffrey Eilender, Esq.
Schlam Stone & Dolan, LLP
26 Broadway
19th Floor
New York, NY 10004

Account No.  :  C6867
Date  :  12/14/2015

Total Due  :  $ 6,150.35

Remit To: Magna Legal Services LLC
          P.O. Box 822804
          Philadelphia, PA 19182-2804

## SUMMARY

Costs...........................................................................................................$200.00
Disbursements...............................................................................................$390.00
Total ...........................................................................................................$590.00

Dated: New York, New York
      September 1, 2016

                               **SCHLAM STONE & DOLAN LLP**

                By:
                               Vitali S. Rosenfeld
                               26 Broadway
                               New York, New York 10004
                               (212) 344-5400

                               Attorneys for the Cross-Claim Plaintiffs

**VITALI S. ROSENFELD,** an attorney duly admitted to the courts of this state, affirms under penalty of perjury the following to be true:

      1.    I am a member of Schlam Stone & Dolan LLP, attorneys for Defendants and Cross-Claim Plaintiffs CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting in this action. The foregoing disbursements were incurred in this action and are reasonable in amount.

                            Vitali S. Rosenfeld

**FILED**

SEP. 7 2016
COUNTY CLERK'S OFFICE
NEW YORK

2

2 of 3

5 of 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: IAS PART 54

GEM HOLDCO, LLC, and GEM VENTURES, LTD,

-against-

CWT CANADA II LIMITED PARTNERSHIP, RESOURCE RECOVERY
CORPORATION, JEAN NOELTING, RIDGELINE ENERGY SERVICES, INC.,
DENNIS DANZIK, DOUGLAS JOHNSON and KELLY SLEDZ,

*Defendants.*

CWT CANADA II LIMITED PARTNERSHIP, RESOURCE RECOVERY
CORPORATION and JEAN NOELTING,

*Third-Party Plaintiffs*

-against-

EDWARD TOBIN, CHRISTOPHER BROWN, DEJA II, LLC, ELIZABETH DANZIK and
RES MANAGEMENT, INC.,

*Third-Party Defendants.*

Index No.: 650841/2013

## JUDGMENT

SCHLAM STONE & DOLAN LLP
Jeffrey M. Eilender
Bradley J. Nash
Vitali S. Rosenfeld
26 Broadway – 19th Floor
New York, New York 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
E-Mail: jme@schlamstone.com
E-Mail: vrosenfeld@schlamstone.com
*Attorneys for the cross-claim plaintiffs*

3-2

FILED AND
DOCKETED
AT      SEP - 7 2016
N.Y., CO. CLK'S OFFICE    4:32 PM

## DECLARATION OF DENNIS M. DANZIK

Dennis M. Danzik, declares:

1. I have been requested by one of my clients, William Hinz of Paradise Valley, Arizona to submit a declaration in regard to WYO TECH Investment Group, LLC ("WYO TECH"), one of the companies for which I have done work in the past. I am over the age of 21, and I have personal knowledge of the facts set forth in this Declaration. If called as a witness, I could competently testify with respect to the facts set forth herein.

2. I currently reside in Wyoming and work in Wyoming, New Mexico, Utah and Nevada. My work currently involves the building and rebuilding of highly specialized engines, alternators and compression equipment that are primarily designed to be used in the oil and gas exploration and recovery industry.

3. Several days ago, around October 20th, I was made aware that a "writ" had been issued in New York, causing a bank account to be frozen belonging to WYO TECH, a company that Mr. Hinz runs I was informed that WYO TECH's company bank account had been frozen by attorneys trying to collect on a judgement against myself personally in New York.

4. I have completed engineering and construction work for WYO TECH over the last year through a contracting company, Danzik Applied Sciences, LLC ("DAS"), in which I own a minority interest. DAS has always been paid in timely fashion for this work.

5. I have never owned, and do not presently own, any percentage, membership or other interest in WYO TECH. I am also not owed any wages, or other compensation by WYO TECH for any past work, and I am not currently doing any work for WYO TECH.

6. I have not been promised any future ownership interest in WYO TECH.

7. I have never contributed any funds to WYO TECH.

1      8. I have never had any authority over WYO TECH's bank account, at any bank or other

2          financial institution.

3

4   I declare under penalty of perjury that the foregoing is true and correct.

5

6   DATED this 2nd day of November 2017

7

8

9      Dennis M. Danzik

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## DECLARATION OF ELIZABETH J. DANZIK

Elizabeth J. Danzik, declares:

1.  I have been requested by William Hinz who runs WYO TECH Investment Group, LLC, ("WYO TECH"), to submit this Declaration regarding my work in the past for WYO TECH. I am over the age of 21, and I have personal knowledge of the facts set forth in this Declaration. If called as a witness, I could competently testify with respect to the facts set forth herein.

2.  I am a resident of Wyoming.

3.  I have done work for WYO TECH as an employee for several months doing bookkeeping, and other duties that I was assigned. I no longer work for WYO TECH in any capacity.

4.  I have never owned, and do not presently own any percentage, membership or other equity interest in WYO Tech.

5.  I have not been promised any future interest in WYO TECH.

6.  I have never contributed any funds to WYO Tech for any reason.

7.  I am not owed any wages or any other form of compensation by WYO TECH.

8.  I have never had any authority over WYO TECH's current bank account with Wells Fargo (Account No. 7993862809). I did, for a brief period of time, have signatory

1   authority with respect to an earlier WYO TECH account, but that account was closed

2   in March of 2017.

3

4   I declare under penalty of perjury that the foregoing is true and correct.

5

6   DATED this 2nd day of November 2017

7

8   _Elizabeth J. Danzik_

9   Elizabeth J. Danzik

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

## DECLARATION OF WILLIAM J. HINZ

3

William J. Hinz, declares:

4

1. I am a resident of the State of Arizona, and I am over the age of 21. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, I could competently testify with respect to the facts set forth herein.

5

6

2. I am a member and the interim Chief Executive Officer of WYO TECH Investment Group, LLC.

7

8

3. I have reviewed the list of 40 plus investors who are current members and equity owners of WYO TECH, and I can attest that neither Dennis M Danzik ("Mr. Danzik") nor RDX Technologies Corporation are among them.

9

10

11

4. Based on my review of WYO TECH's financial records, I have seen no evidence that WYO TECH currently owes any money to Mr. Danzik or any member of his family, and it is my belief that no such money is owed.

12

13

14

5. During the past year, Mr. Danzik has been engaged to work on engineering and construction projects for WYO TECH through a contracting company, Danzik Applied Sciences, LLC ("DAS"), in which I understand he owns a minority interest. WYO TECH has fully paid for those services, and neither Mr. Danzik nor DAS is currently engaged to perform further services for WYO TECH.

15

16

17

18

6. The impoundment of WYO TECH's funds in Wells Fargo Account No. 7993862809 is causing significant difficulties for the conduct of WYO TECH's business affairs, including the fact that paychecks to employees and vendors have not been honored. This is a problem that will only become more severe over time if WYO TECH's funds continue to be impounded.

19

20

21

22

23

7. Neither Mr. Danzik nor his wife, Elizabeth Danzik, have any authority over the funds in Wells Fargo Account No. 7993862809.

24

25

1    I declare under penalty of perjury that the foregoing is true and correct.

2

3    DATED this 1st day of November 2017

4

5

6         William J. Hinz

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

2

# "EXHIBIT 4"

Joshua Wurtzel
Associate

jwurtzel@schlamstone.com

# SCHLAM STONE & DOLAN LLP

26 Broadway, New York, NY 10004
Main: 212 344-5400  Fax: 212 344-7677
schlamstone.com

November 6, 2017

**BY E-MAIL**

Richard K. Walker, Esq.
Walker & Peskind, PLLC
SGA Corporate Center
16100 N. 71st Street, Suite 140
Scottsdale, AZ 85254

Re:    *GEM Holdco, LLC, et al. v. Changing World Technologies, L.P., et al.*, Index No.
        650841/2013; Wyo Tech Investment Group, LLC

Dear Rick:

This firm represents Cross-Claim Plaintiffs and Judgment Creditors CWT Canada II Limited
Partnership, Resource Recovery Corporation, and Jean Noelting in this action.

We write in response to your November 2, 2017 letter to John Foudy and Peter Ragone,
counsel to Wells Fargo in this matter, which copied me. As explained below, your claim that
Judgment Creditors' restraining notice on Wyo Tech's Wells Fargo account is improper is
erroneous, and Wyo Tech is liable to Judgment Creditors for fraudulent transfers and
conspiracy to commit fraudulent transfers.

As you are aware, the New York court in this action issued a more-than $7 million judgment
against Dennis Danzik and RDX Technologies Corporation. This judgment remains
outstanding, even though Danzik and RDX have waived any appeal of it in New York.
Danzik is also a criminal fugitive on the run—the New York court held him and RDX in
criminal and civil contempt for their willful violations of court orders, including their
violations of an attachment order, and issued a warrant for Danzik's arrest. We are working to
have Danzik arrested wherever he is, and extradited to New York. We are also aware that the
FBI is investigating Danzik's criminal activities, and we have been cooperating in that
investigation. We have also informed the FBI about Danzik's activities with Wyo Tech.

On October 18, 2017, we served an Information Subpoena and Restraining Notice on Wells
Fargo, directing Wells Fargo to restrain, among other things, funds held in the name of Wyo
Tech. We did this because we had a strong basis to believe that Wyo Tech was an entity that
Danzik was using to evade creditors. While we appreciate the information you provided in the
declarations attached to your November 2 letter, our own investigation has revealed
contradictory facts, and has further strengthened our belief that Danzik is using Wyo Tech
(either in collusion with some of its investors, or without their knowledge) to evade creditors.
Indeed, the New York court held that Danzik was the "epitome of a recalcitrant,

Richard K. Walker, Esq.
November 6, 2017
Page 2 of 4

contemptuous, and incorrigible litigant," who "lie[d]," "deliberately did not disclose" relevant
records, "coerced" a witness into "submitting false affidavits," and "perjured himself before a
Canadian bankruptcy court." So without supporting documentation, these declarations do
little to persuade us of anything. And the evidence we have compiled shows that Danzik is
using Wyo Tech to carry out the same fraudulent scheme that he has attempted multiple
times, including with RDX.

We understand that over half of the funds that have been paid from the Wyo Tech Wells
Fargo account at issue have been paid to Danzik Applied Sciences LLC, Elizabeth Danzik,
Jovahna Danzik, or other known Danzik cronies. When we spoke last week, Mr. Hinz told me
that he believed DAS stopped doing work for Wyo Tech months ago. But Wyo Tech has
continued to make dozens of transfers to DAS accounts every month, including as recently as
October 5, 2017. As you may not know, DAS is no longer in good standing in Delaware—its
state of formation—and thus lacks any legal status separate from its owners, one of whom is
Danzik. So every time Wyo Tech pays money into a "DAS" account, it is really paying
Danzik directly.

Wyo Tech's operations also show that Danzik has some type of de facto control over this
entity. His wife supposedly helped to form the entity earlier this year, yet our understanding is
that Elizabeth has little, or no, experience that would qualify her to help run this type of
entity. And the same is even more true for Jovahna—who is just a few years out of college. It
is telling that Jovahna has check-signing authority, and directs so many payments to herself,
her mother, and her father's company, when she too seems to lack any experience to qualify
her for this role. And we also understand that Wyo Tech is making regular payments to
several other long-time Danzik cronies, including Tony Calim, Vince Meil, Doug Bean, and
Monica Garcia. Mr. Hinz said that he first met Danzik about a year ago, and was very
cautious about bringing Danzik in to work with him. But Wyo Tech—a purportedly
independent start up—is employing a half dozen Danzik family members and cronies, and has
paid hundreds of thousands of dollars to Danzik's company. Indeed, approximately 65% of
the money that Wyo Tech has spent from this account has gone to Danzik, his family
members, his company, or his cronies.

Moreover, we know that Wyo Tech has paid thousands of dollars in Danzik's legal fees. We
have also been told by Danzik's New York counsel that Wyo Tech has paid Tony Ker's legal
fees. We are not aware of any connection that Tony Ker has to Wyo Tech, so it is even more
puzzling why—if Wyo Tech is what you say it is—Wyo Tech would be paying for his lawyer.

Further, we have a signature card for the account at issue in which Jovahna states that she is
the "Owner with Control of the Entity." This of course contradicts any claim that no member
of the Danzik family has an interest in this entity.

Richard K. Walker, Esq.
November 6, 2017
Page 3 of 4

Thus, given the information we had when we served the restraining notice, and given the additional information we have now, we had a reasonable belief—and have an even more reasonable belief—that Wyo Tech is an entity that Danzik is using to evade creditors. The restraining notice that we served is thus valid, and lawful.

Wyo Tech is also liable to Judgment Creditors for fraudulent transfers and conspiracy to commit fraudulent transfers. Judgment Creditors will seek any enhanced penalties and attorneys'-fee awards available under law.

*First*, under A.R.S § 44-1004(A), a "transfer made" by a "debtor" is "fraudulent as to a creditor" if the "debtor made the transfer" either with "actual intent to hinder, delay or defraud any creditor of the debtor"; or "[w]ithout receiving a reasonably equivalent value in exchange for the transfer." Upon information and belief, Danzik has conveyed RDX's intellectual property to Wyo Tech in violation of a TRO issued by the New York court, and with an intent to defraud Judgment Creditors. Also upon information and belief, Wyo Tech has not paid reasonably equivalent value to RDX for this intellectual property.

*Second*, a defendant is liable for conspiracy to commit fraudulent transfers when there is a "(1) fraudulent conveyance (made with intent to hinder, delay, or defraud creditors); (2) agreement between two or more persons to commit a fraudulent conveyance; (3) damages resulting from the conveyance traceable to the conspiracy; and (4) inadequate equitable remedies under UFTA." *In re Hashim*, 379 B.R. 912, 916 (B.A.P. 9th Cir. 2007). Here, Danzik, through his wife and daughter, have fraudulently transferred funds from Wyo Tech— with Wyo Tech's apparent agreement—to themselves, DAS, and Danzik cronies, in an effort to defraud Judgment Creditors.[1]

After we spoke two weeks ago, I asked you to provide specific documents about Wyo Tech's investors, and Wyo Tech's capitalization, that would go a long way toward showing whether Wyo Tech is indeed an independent, non-Danzik entity, as you contend. But we have not received a response to that request. And Wyo Tech's lack of a response speaks volumes.

Finally, if Wells Fargo releases these funds, it will be liable to Judgment Creditors.

We reserve all rights to protect our and our client's interests.

---

[1] Judgment Creditors do not concede that Arizona law governs Wyo Tech's misconduct.

Richard K. Walker, Esq.
November 6, 2017
Page 4 of 4

Sincerely,

*Joshua Wurtzel*

Joshua Wurtzel

cc:    Jeffrey M. Eilender, Esq. (by e-mail)
       Bradley J. Nash, Esq. (by e-mail)
       J. Henk Taylor, Esq. (by e-mail)
       Bradley T. Hunsicker, Esq. (by e-mail)
       John Foudy, Esq. (by e-mail)
       Peter Ragone, Esq. (by e-mail)