Bradley T. Hunsicker, Wyo. Bar #7-4579
*MARKUS WILLIAMS YOUNG &*
*ZIMMERMANN LLC*
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (307) 638-1975
E-Mail: bhunsicker@markuswilliams.com

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In Re: | Case No. 17-20934 |
| | Chapter 11 |
| DENNIS MEYER DANZIK, | |
| ss # XXX-XX-1786 | |
| | |
| Debtor. | |

## OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER TO SHOW CAUSE WHY CERTAIN PARTIES SHOULD NOT BE HELD IN CONTEMPT OF THE COURT'S AUTOMATIC STAY

### PRELIMINARY STATEMENT

Debtor Dennis Danzik's ("Danzik") <u>Motion for an Order to Show Cause Why Certain Parties Should Not be Held in Contempt of the Court's Automatic Stay</u> (Dkt. No. 23) (the "Motion") is frivolous, and a waste of the Court's time and resources. The Motion should be denied, and the Court should grant the separate motion for sanctions against Danzik's proposed counsel, Ken McCartney, for filing it.

Danzik is a serial Chapter 11 filer, whose last Chapter 11 case was dismissed by this Court less than nine months ago for reasons including that the Court could not find that Danzik intended in good faith to reorganize. *See* <u>Order on Sigma Opportunity Fund II, LLC's Motion to Dismiss</u> (Dkt. No. 393), Case No. 16-20002.

CWT Canada II Limited Partnership and Resource Recovery Corporation (the "CWT Parties") are two of Danzik's unsecured creditors, and they have a more-than $7 million judgment against him from a New York action based on Danzik's theft of millions of dollars of the CWT Parties' tax credit funds. The New York court also held Danzik in criminal and civil contempt for, among other things, violating an attachment order that required Danzik to put the tax credit funds that he stole into a segregated account, and violating a TRO that prohibited him from paying or diverting money from RDX Technologies Corporation, the now-delisted and defunct public-energy company of which Danzik was CEO. Ex. 1. The New York court also issued a warrant for Danzik's arrest, which it amended on November 8, 2017 in an attempt to have Danzik arrested and extradited to New York. Ex. 2. Danzik has since fled New York, and if he returns there, he will be arrested and imprisoned.

Danzik—a known chronic Vegas gambler, among other things—has shown that he is a serial-obstructionist, with no regard for court orders, and that he is willing to do anything to avoid paying his creditors. Indeed, the New York court—in holding him in contempt—held that Danzik was the "epitome of a recalcitrant, contemptuous, and incorrigible litigant," who "lie[d]," "deliberately did not disclose" relevant records, "coerced" a witness into "submitting false affidavits," and "perjured himself before a Canadian bankruptcy court." Ex. 1.

In this Motion, Danzik argues that the CWT Parties' counsel, Schlam Stone & Dolan LLP, violated the automatic stay by serving a subpoena (the "Subpoena") on Danzik's bankruptcy counsel, Ken McCartney, in an Arizona federal case in which

Danzik is a party (the "Arizona Federal Action"). Mot. ¶¶ 4-6. The Subpoena seeks

information about payments that Danzik made to McCartney, which is relevant to issues

of damages and collusion in the Arizona Federal Action. Danzik states that he is a

"Defendant and cross-claimant" in the Arizona Federal Action, and that "[s]erving

process on proposed Debtor's counsel in this Chapter 11 proceeding" is "clearly void"

and a "violation of this court's automatic stay." Mot. ¶ 6. But this statement is false, and

Danzik's argument is frivolous.

The Arizona Federal Action includes three consolidated actions (Ex. 3): (1) a suit

by the CWT Parties against Elizabeth Danzik and Deja II LLC (Ex. 4); (2) a suit by the

CWT Parties against Richard Carrigan, Kevin Bridges, Danzik Applied Sciences LLC,

and Tony Ker (Ex. 5); and (3) a suit by Danzik and RDX Technologies Corporation

against the CWT Parties (Ex. 6). **Danzik is only a plaintiff in the Arizona Federal**

**Action**, and there are no counterclaims or crossclaims against him. He is not, as he states

(Mot. ¶ 4), a "Defendant" or a "cross-claimant" there.

As explained below, **the automatic stay is "inapplicable" to actions "brought**

***by* the debtor," and "not *against* it"**—like the Arizona Federal Action. *Riviera Drilling*

*& Expl. Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 95 (10th Cir. 2011). And even

if Danzik were a defendant in the Arizona Federal Action—which he is not—the

automatic stay is "inapplicable" to "subpoenas to Debtor" or his counsel "where those

subpoenas" relate to plaintiffs' discovery "regarding claims that were not stayed." *In re*

*Miller*, 262 B.R. 499, 503 (B.A.P. 9th Cir. 2001). Indeed, even Danzik himself

recognized this when he served ***his own subpoena*** on the CWT Parties' counsel in the

Arizona Federal Action two weeks after filing this Chapter 11 case. Thus, it is black-letter law that the Subpoena to McCartney does not violate the automatic stay, and this Motion is frivolous.

McCartney was free to serve objections to the Subpoena, or move to quash the Subpoena, in the Arizona Federal Action. He did neither. Instead, he defaulted on the Subpoena and made this frivolous Motion on Danzik's behalf—falsely representing (Mot. ¶ 4) that Danzik is a "Defendant and cross-claimant" in the Arizona Federal Action, and frivolously asserting (*id.* ¶ 6) that the Subpoena violates the automatic stay.

The CWT Parties will move separately for sanctions against McCartney for filing this frivolous Motion and making false representations to the Court. The Court should grant the CWT Parties' separate motion for sanctions, and should deny this Motion.

## **ARGUMENT**

Under 11 U.S.C. § 362(a)(1), a chapter 11 filing automatically stays the "commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against* the debtor."[1] But as the Tenth Circuit has held, when a **"lawsuit was brought *by* the debtor," and "not *against* it, § 362(a)(1) is inapplicable,"** because "[a] debtor can continue to pursue its claims

---

[1] When the debtor files a Chapter 11 case less than a year after his previous Chapter 11 case was dismissed, the second filing is presumed to have been filed in "bad faith," and the automatic stay terminates "with respect to the debtor on the 30th day after the filing of the later case." 11 U.S.C. § 362(c)(3). Here, Danzik filed his first chapter 11 case on January 4, 2016, which this Court dismissed on March 18, 2017, for reasons including lack of good faith. *See* Order on Sigma Opportunity Fund II, LLC's Motion to Dismiss (Dkt. No. 393), Case No. 16-20002. Danzik filed this chapter 11 case on December 6, 2017—less than nine months after his first case was dismissed. Thus, Danzik's petition in this case triggered the automatic stay from December 6, 2017 through January 5, 2018. Danzik has moved to extend the automatic stay (Dkt. No. 24), but there is no interim stay pending resolution of that motion.

against another party even after filing for bankruptcy protection." *Riviera Drilling &*
*Expl. Co.*, 412 F. App'x at 95. Further, "§ 362(a)(3) is also inapplicable, because an
attempt to dismiss or defeat a debtor's lawsuit is not an act to obtain possession or
exercise control over property of the debtor's estate," and interpreting § 362(a)(3) to stay
a non-debtor defendant from serving subpoenas, taking discovery, or even making
dispositive motions in a case brought by a debtor plaintiff would "prevent those sued by
debtors from defending themselves." *Id.*

Thus, "the automatic stay provisions of § 362 [do] not prevent" non-debtor
defendants from "protecting their legal rights in the proceedings initiated against them
by" a debtor plaintiff. *In re Bryner*, 425 B.R. 601, 608 (B.A.P. 10th Cir. 2010); *see also*
*In re Merrick*, 175 B.R. 333, 338 (B.A.P. 9th Cir. 1994) ("automatic stay should not tie
the hands of a defendant while the plaintiff debtor is given free rein to litigate"), *quoted*
*in Bryner*, 425 B.R. at 608; *United States v. Inslaw, Inc.*, 932 F.2d 1467, 1473 (D.C. Cir.
1991) ("someone defending a suit brought by the debtor does not risk violation of
§ 362(a)(3) by filing a motion to dismiss the suit, though his resistance may burden rights
asserted by the bankrupt"), *quoted in Riviera Drilling & Expl. Co.*, 412 F. App'x at 95-
96; *Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir.
1989) ("automatic stay is inapplicable to suits by the bankrupt").

The Subpoena here was issued from, and seeks documents relevant to the claims
and defenses in, the Arizona Federal Action. As explained above, Danzik is a ***plaintiff*** in
one of the three consolidated actions that make up the Arizona Federal Action, but he is
***not a defendant*** there. So Danzik's statement in the Motion that he is a "Defendant and

cross-claimant" in the Arizona Federal Action (Mot. ¶ 4) is false. Further, because Danzik is only a ***plaintiff*** in the Arizona Federal Action, the automatic stay is "inapplicable" to that action, and the CWT Parties' service of a subpoena in that action does not violate the automatic stay. *Riviera Drilling & Expl. Co.*, 412 F. App'x at 95.

Even if Danzik were a defendant in the Arizona Federal Action (which he is not), the automatic stay "'does not protect non-debtor parties or their property.'" *Miller*, 262 B.R. at 503 (citation omitted). As a result, the actions in the Arizona Federal Action against non-debtor defendants Elizabeth Danzik, Deja II LLC, Richard Carrigan, Kevin Bridges, Danzik Applied Sciences LLC, and Tony Ker are unaffected by Danzik's chapter 11 filing. *See id.* ("'section 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor'") (citation omitted); *In re Peeples*, 553 B.R. 892, 899 (Bankr. D. Utah 2016), ("'It is clearly established that the automatic stay does not apply to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor.'") (quoting *Seiko Epson Corp. v. Nu–Kote Int'l, Inc.*, 190 F.3d 1360, 1364 (Fed. Cir. 1999)), *aff'd*, 566 B.R. 68 (D. Utah 2017).

Thus, the automatic stay would not prevent the CWT Parties from taking non-party discovery from Danzik on these separate claims. *See Miller*, 262 B.R. at 507 ("section 362(a)(1) is inapplicable to [plaintiffs'] subpoenas to Debtor where those subpoenas were part of [plaintiffs'] discovery regarding claims that were not stayed"); *see also In re Privett*, 557 B.R. 580, 586 (S.D. Ohio 2016) ("an automatic stay pursuant to § 362 should not be extended to prohibit taking discovery from a debtor in proceedings

against solvent defendants"). Even more, because serving a non-party subpoena on a debtor does not violate the automatic stay, serving a non-party subpoena on the debtor's counsel also does not violate the automatic stay. Thus, Danzik's argument that (Mot. ¶ 6) "[s]erving process on proposed Debtor's counsel in this Chapter 11 proceeding" is "clearly void" and a "violation of this court's automatic stay" is erroneous and frivolous.

Moreover, Danzik himself has recognized that the automatic stay does not apply to the Arizona Federal Action. Indeed, on December 19, 2017, two weeks after filing this case, Danzik served a subpoena on the CWT Parties' counsel in the Arizona Federal Action. Ex. 7. Additionally, between December 14 and December 27, 2017, Danzik's counsel scheduled depositions in the Arizona Federal Action, including depositions of the CWT Parties' principals and Danzik himself. *See* Ex. 8 (Danzik's counsel proposing dates in January 2018 for the CWT Parties' principals' depositions) (Danzik's Counsel: "Yes, the clients will be appearing via skype.") (Danzik's Counsel: "Can we move Dennis Danzik's deposition from January 8 to January 12?") (Danzik's Counsel: "Okay, thank you. We will dial in from our offices and will make sure the witness is connected as well.").

Thus, the automatic stay does not bar service of or compliance with the Subpoena, and Danzik's factual representations and legal arguments in the Motion are erroneous and frivolous.

## **CONCLUSION**

The Court should deny this Motion, and grant the CWT Parties' separate motion for sanctions against McCartney.

Dated: Cheyenne, Wyoming
      January 10, 2018

Respectively submitted,

**CWT Canada II Limited Partnership,
Resource Recovery Corporation, and
Jean Noelting,** *Creditors and Movants*

By:    /s/ Bradley T. Hunsicker,
       Bradley T. Hunsicker, #7-4579
       MARKUS WILLIAMS YOUNG &
       ZIMMERMANN LLC
       106 East Lincolnway, Suite 300
       Cheyenne, WY 82001
       Telephone: (307) 778-8178
       Facsimile: (307) 638-1975
       E-Mail:
       bhunsicker@markuswilliams.com

By:    /s/
       Jeffrey M. Eilender
       Bradley J. Nash
       Joshua Wurtzel
       **SCHLAM STONE & DOLAN LLP**
       26 Broadway
       New York, New York 10004
       Telephone: (212) 344-5400
       Facsimile: (212) 34407677
       E-Mail: jme@schlamstone.com
       E-Mail: bnash@schlamstone.com
       E-Mail: jwurtzel@schlamstone.com

       *Attorneys for Creditors CWT Canada II*
       *Limited Partnership and Resource*
       *Recovery Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of January, 2018, I caused a true and correct copy of the foregoing **OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER TO SHOW CAUSE WHY CERTAIN PARTIES SHOULD NOT BE HELD IN CONTEMPT OF THE COURT'S AUTOMATIC STAY** to be served, electronically, upon the parties indicated below via the Court's CM/ECF system:

**Ken McCartney**
The Law Offices of Ken McCartney, P.C.
P.O. Box 1364
Cheyenne, WY 82003
bnkrpcyrep@aol.com
*Attorney for Debtor*

**Daniel J. Morse**
Assistant U.S. Trustee
308 West 21st Street, Room 203
Cheyenne, WY 82001
daniel.j.morse@usdoj.gov

**Aaron J. Nash**
Evans Petree PC
1000 Ridgeway Loop Rd, Suite 200
Memphis, TN  38120-4036
anash@evanspetree.com
*Attorney for TDAF*

*/s/ Bradley T. Hunsicker*
Bradley T. Hunsicker