Bradley T. Hunsicker, Wyo. Bar #7-4579
MARKUS WILLIAMS YOUNG &
ZIMMERMANN LLC
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (307) 638-1975
E-Mail: bhunsicker@markuswilliams.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In Re:<br><br>DENNIS MEYER DANZIK,<br>ss # XXX-XX-1786<br><br>Debtor. | Case No. 17-20934<br>Chapter 11 |

## MOTION FOR SANCTIONS AGAINST PROPOSED COUNSEL FOR DEBTOR, KEN McCARTNEY

Creditors CWT Canada II Limited Partnership and Resource Recovery Corporation (the "CWT Parties") move for sanctions under the Court's inherent power and 11 U.S.C. § 105(a) against Debtor Dennis Danzik's proposed counsel, Ken McCartney ("McCartney"), for filing (1) the <u>Motion for an Order to Show Cause Why Certain Parties should not be Held in Contempt of the Court's Automatic Stay</u> (the "Motion for Contempt") (Dkt. No. 23), and (2) the <u>Opposition to the Appearance of Attorneys from Schlam Stone & Dolan LLP Pro Hoc Vice</u> (the "Opposition to Pro Hac Vice Applications") (Dkt. No. 22). As a remedy, the CWT Parties request that McCartney pay their attorneys' fees and costs incurred in responding to these frivolous filings and in making this motion.

{Z0202027/1 }

## **PRELIMINARY STATEMENT**

Debtor Dennis Danzik is a serial Chapter 11 filer, whose last Chapter 11 case was dismissed by this Court less than nine months ago for reasons including a lack of a good faith intent to reorganize. *See* Order on Sigma Opportunity Fund II, LLC's Motion to Dismiss (Dkt. No. 393), Case No. 16-20002. The CWT Parties are two of Danzik's unsecured creditors, and they have a more-than $7 million judgment against him from a New York action based on Danzik's theft of millions of dollars of the CWT Parties' tax credit funds. The New York court also held Danzik in criminal and civil contempt for, among other things, violating an attachment order that required Danzik to put the tax credit funds that he stole into a segregated account, and violating a TRO that prohibited him from paying or diverting money from RDX Technologies Corporation, the now-delisted and defunct public-energy company of which Danzik was CEO. Ex. 1. The New York court then issued a warrant for Danzik's arrest, which it amended on November 8, 2017 in an attempt to have Danzik arrested and extradited to New York. Ex. 2. Danzik has since fled New York, and if he returns there, he will be arrested and imprisoned.

Danzik has shown that he is a serial-obstructionist, with no regard for court orders, and that he is willing to do anything to avoid paying his creditors. Indeed, the New York court—in holding him in contempt—held that Danzik was the "epitome of a recalcitrant, contemptuous, and incorrigible litigant," who "lie[d]," "deliberately did not disclose" relevant records, "coerced" a witness into "submitting false affidavits," and "perjured himself before a Canadian bankruptcy court." Ex. 1.

{Z0202027/1 }    2

Now, Danzik—with the guiding hand of his proposed counsel, Ken McCartney, who represented him in his first failed Chapter 11 filing—has brought his abusive litigation tactics to this Court. Not surprisingly, McCartney's application for employment by Danzik's estate is being challenged by the United States Trustee due to McCartney's acceptance of payment for unapproved fees in Danzik's prior chapter 11 case. (Dkt. No. 12).

*First*, McCartney signed the Motion for Contempt against the CWT Parties' attorneys from Schlam Stone Dolan LLP (the "SSD Attorneys"), in which he argues that the SSD Attorneys violated the automatic stay by issuing a subpoena from an Arizona federal case in which Danzik is a party (the "Arizona Federal Action"). Motion for Contempt ¶¶ 4-6. In the Motion for Contempt, McCartney writes that Danzik is a "Defendant and cross-claimant" in the Arizona Federal Action, and that "[s]erving process on proposed Debtor's counsel in this Chapter 11 proceeding" is "clearly void" and a "violation of this court's automatic stay." Motion for Contempt ¶¶ 4, 6. But Danzik is **not** a "Defendant" or "cross-claimant" in the Arizona Federal Action, and is **only** a plaintiff there. It is black-letter law that the automatic stay is "inapplicable" to actions "brought *by* the debtor," and "not *against* it"—like the Arizona Federal Action. *Riviera Drilling & Expl. Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 95 (10th Cir. 2011). And even if Danzik were a defendant in the Arizona Federal Action—which he is not— the automatic stay is "inapplicable" to "subpoenas to Debtor" or his counsel "where those subpoenas" relate to plaintiffs' discovery "regarding claims that were not stayed." *In re Miller*, 262 B.R. 499, 503 (B.A.P. 9th Cir. 2001). Thus, the Motion for Contempt relies

{Z0202027/1 }  3

on a false factual premise, which McCartney either knew or should have known. Even if that factual premise were correct (which it is not), McCartney's legal arguments would still be erroneous.

As the Court knows, seeking to sanction and hold in contempt other attorneys is incredibly serious, and should not be done lightly. Before filing the Motion for Contempt, McCartney should have researched the factual representations and legal arguments he was making. McCartney either filed the Motion for Contempt without doing any factual or legal research, or he intentionally sought to mislead this Court. Neither is acceptable, and the Court should sanction McCartney for this frivolous filing.

*Second*, McCartney signed and filed the Opposition to Pro Hac Vice Applications solely in a strategic attempt to deprive the CWT Parties of their counsel of choice, who have extensive knowledge about and experience dealing with Danzik. McCartney argues that Danzik may have a "claim" against the SSD Attorneys "depending on the outcome" of a separate action in Arizona federal court, and so the SSD Attorneys may be witnesses in this case. Opp. at 1-2. But as explained below, McCartney does not indicate what the basis of Danzik's claim against the SSD Attorneys would be, and Danzik did not include this supposed "claim" as an estate asset in his Petition. Further, any claim that Danzik could assert against the SSD Attorneys would be frivolous. The Court should also sanction McCartney for filing the frivolous Opposition to Pro Hac Vice Applications in bad faith.

Because Danzik has temporarily succeeded in hiding the tax credit funds he stole from the CWT Parties, has now filed for Chapter 11 less than nine months after his last

{Z0202027/1 }                                                    4

case was dismissed for cause, and is a fugitive evading arrest in New York, an effective deterrent against his and McCartney's frivolous conduct is to sanction McCartney. Indeed, McCartney has disregarded his obligations as an officer of the Court to investigate the factual and legal basis of filings he makes, and he should have the funds to pay the CWT Parties' attorneys' fees and costs incurred in responding to these frivolous filings and making this motion.

## ARGUMENT

"A court has the inherent power to sanction a party if it acts in 'bad faith, vexatiously, wantonly, or for oppressive reasons,' including 'willful[] abuse [of the] judicial processes.'" *Lundahl v. Halabi*, 600 F. App'x 596, 607 (10th Cir. 2014) (alterations in original) (citation omitted); *see also Lundahl v. Am. Bankers Ins. Co. of Florida*, 2014 WL 11369429, at *2 (D. Wyo. Feb. 5, 2014) ("A federal court may impose sanctions against a party who abuses the judicial process, perpetrates a fraud on the court, or fails to comply with local or federal procedural rules, such authority deriving from statutes, rules of civil procedure and its inherent power to manage their proceedings."), *aff'd*, 610 F. App'x. 734 (10th Cir. 2015).

As part of its inherent power, the Court may "award damages, including attorney's fees" and "costs" against a party or its counsel for making a "'frivolous'" filing. *In re Thomas*, 348 F. App'x 413, 417 (10th Cir. 2009) (citation omitted); *see also Hutchinson v. Pfeil*, 223 F. App'x 765, 768 (10th Cir. 2007) (awarding attorneys' fees and costs against plaintiffs and their counsel for filing frivolous appeals). A filing is frivolous if it

"'consists of irrelevant and illogical arguments based on factual misrepresentations and false premises.'" *Wheeler v. C.I.R.*, 528 F.3d 773, 782 (10th Cir. 2008).

## I. THE COURT SHOULD SANCTION McCARTNEY FOR FILING THE MOTION FOR CONTEMPT BECAUSE IT IS FRIVOLOUS

As explained in the CWT Parties' separate opposition, Danzik's contempt motion—which McCartney signed and filed—includes false factual representations and frivolous, and often incomprehensible, legal arguments.

The Motion for Contempt relies on the factual representation that Danzik is a "Defendant and cross-claimant" in the Arizona Federal Action (Contempt Mot. ¶ 4), and the SSD Attorneys violated the automatic stay by issuing a subpoena from that action (*id.* ¶ 6). However, Danzik is *not* a "Defendant" or a "cross-claimant" in the Arizona Federal Action. *See* Exs. 3-6. Further, because the automatic stay does not "prevent" non-debtor defendants from "protecting their legal rights in the proceedings initiated against them by" a debtor plaintiff, the SSD Attorneys' issuance of a subpoena in the Arizona Federal Action did not violate the automatic stay. *In re Bryner*, 425 B.R. 601, 608 (B.A.P. 10th Cir. 2010); *see also Riviera Drilling & Expl. Co.*, 412 F. App'x at 95 (automatic stay is "inapplicable" to actions "brought *by* the debtor," and "not *against* it"). Thus, the Motion for Contempt—and McCartney's legal arguments in that motion—rely solely on a false factual premise, which McCartney either knew or should have known was false. *See Lundahl*, 2014 WL 11369429, at *2 (sanctioning parties for "factual and legal misrepresentations made in pleadings and other documents").

Also as explained in the CWT Parties' separate opposition, even if Danzik were a defendant in the Arizona Federal Action (which he is not), the automatic stay does not apply to the rest of the claims against other defendants in that action. Indeed, "'[i]t is clearly established that the automatic stay does not apply to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor.'" *In re Peeples*, 553 B.R. 892, 899 (Bankr. D. Utah 2016) (quoting *Seiko Epson Corp. v. Nu–Kote Int'l, Inc.*, 190 F.3d 1360, 1364 (Fed. Cir. 1999)), *aff'd*, 566 B.R. 68 (D. Utah 2017). The automatic stay does not even "prohibit taking discovery from a debtor in proceedings against solvent defendants." *In re Privett*, 557 B.R. 580, 586 (S.D. Ohio 2016).

In the Motion for Contempt, McCartney concedes that the Arizona Federal Action also has "multiple [other] defendants, straight, and cross claimants." Motion for Contempt ¶ 4. In conclusion, even if the factual premise of the Motion for Contempt were correct (which it is not), McCartney's legal arguments based on that factual premise are still frivolous.

II. **THE COURT SHOULD SANCTION McCARTNEY FOR FILING THE OPPOSITION TO PRO HAC VICE APPLICATIONS BECAUSE IT IS FRIVOLOUS**

As explained in the CWT Parties' reply in further support of their motions for pro hac vice admission of the SSD Attorneys, Danzik's opposition to these motions—which McCartney signed and filed—is a strategic attempt to deprive the CWT Parties of their counsel of choice, who have extensive knowledge about and experience dealing with Danzik.

According to McCartney's arguments in the Opposition to Pro Hac Vice Applications—which are at times incomprehensible—the SSD Attorneys cannot represent the CWT Parties in this case because Danzik may have a potential "claim" against the SSD Attorneys "depending on the outcome" of a separate interpleader action in Arizona federal court concerning the ownership of restrained funds, and so the SSD attorneys may be witnesses at some point. Opposition to Pro Hac Vice Applications at 1-2. This is merely an argument that Danzik and McCartney concocted—without providing any support, detail, or explanation—to prevent the SSD Attorneys from bringing the extensive knowledge they have about Danzik's assets and current schemes to this case. McCartney thus made this frivolous argument solely for tactical purposes, and in bad faith.

As explained in the CWT Parties' reply, Danzik does not even list his potential "claim" against the SSD Parties in his Petition. Either he does not believe this "claim" is real, or he has purposely omitted estate assets from his Petition. Even in his Opposition to Pro Hac Vice Applications, Danzik fails to explain the basis of his potential "claim" against the SSD Attorneys—relying instead on cursory, conclusory, and sometimes-incomprehensible statements.

Further, any claim that Danzik could conceivably assert against the SSD Attorneys arising out of the restraint of a supposedly-unrelated third party's funds would be frivolous. Indeed, Danzik signed a sworn declaration stating that he has no interest in the third party. *See* Ex. 7.

Simply stated, McCartney filed the frivolous Opposition to Pro Hac Vice Applications solely to prevent the attorneys with the most knowledge about Danzik's assets and fraudulent schemes from participating in this case, and he should be sanctioned for this conduct. *See Lundahl*, 2014 WL 11369429, at *2 (sanctioning parties for their "frivolous filings brought with the apparent purpose of harassment not only of Defendant but of the judicial machinery itself, and their general abusive litigation conduct").

## CONCLUSION

The Court should sanction McCartney under its inherent power and 11 U.S.C. § 105(a), and order McCartney to pay the CWT Parties' attorneys' fees and costs incurred in (1) responding to Danzik's Motion for Contempt (Dkt. No. 23), (2) responding to Danzik's Opposition to Pro Hac Vice Applications (Dkt. No. 22), and (3) making this motion.

Dated: Cheyenne, Wyoming
January 10, 2018

Respectively submitted,

**CWT Canada II Limited Partnership and Resource Recovery Corporation,** *Creditors and Movants*

By: /s/ Bradley T. Hunsicker
Bradley T. Hunsicker, #7-4579
**MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC**
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (307) 638-1975
Email: bhunsicker@markuswilliams.com

By: /s/

>Jeffrey M. Eilender
>Bradley J. Nash
>Joshua Wurtzel
>**SCHLAM STONE & DOLAN LLP**
>26 Broadway
>New York, New York 10004
>Telephone: (212) 344-5400
>Facsimile: (212) 34407677
>E-Mail: jme@schlamstone.com
>E-Mail: bnash@schlamstone.com
>E-Mail: jwurtzel@schlamstone.com
>
>*Attorneys for Creditors CWT Canada II Limited Partnership and Resource Recovery Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of January, 2018, I caused a true and correct copy of the foregoing **MOTION FOR SANCTIONS AGAINST PROPOSED COUNSEL FOR DEBTOR, KEN McCARTNEY** to be served, electronically, upon the parties indicated below via the Court's CM/ECF system:

**Ken McCartney**
The Law Offices of Ken McCartney, P.C.
P.O. Box 1364
Cheyenne, WY 82003
bnkrpcyrep@aol.com
*Attorney for Debtor*

**Aaron J. Nash**
Evans Petree PC
1000 Ridgeway Loop Rd, Suite 200
Memphis, TN 38120-4036
anash@evanspetree.com
*Attorney for TDAF*

**Daniel J. Morse**
Assistant U.S. Trustee
308 West 21st Street, Room 203
Cheyenne, WY 82001
daniel.j.morse@usdoj.gov

>*/s/ Bradley T. Hunsicker*
>Bradley T. Hunsicker