KEN McCARTNEY, Bar No. 5-1335
The Law Offices of Ken McCartney, P.C.
Post Office Box 1364
Cheyenne, WY 82003
Tel (307) 635-0555
Email: bnkrpcyrep@aol.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

In re:                                              )
    DENNIS MEYER DANZIK,           )
                                      )   Case No.   17-20934
                                      )        CHAPTER 11

**PROPOSED DEBTOR'S COUNSEL'S RESPONSE TO THE REQUEST THAT HE BE SANCTIONED AND THE CONTINUED OBJECTION TO THE DEBTOR'S OPPOSITION TO SCHLAM STONE AND DOLAN LLPAPPEARING *PRO HAC VICE***

TO the Honorable United States Bankruptcy Judge:

    COMES NOW proposed counsel Ken McCartney of The Law Offices of Ken McCartney, P.C., and he responds to the opposition Schlam Stone & Dolan LLP, hereinafter SS&D, to the Debtor's opposition to *pro hac vice* appearances and the motion for sanctions against proposed Debtor's counsel for even thinking of it. In support thereof be advised as follows:

1. It comes as no surprise that attorneys from SS&D would seek to address legal opposition by requesting sanction motions. It recently happened in the Arizona case where RDX and Dennis Danzik are suing for being sold a refinery that was a pure fraud, see Exhibit A.

2. It will come as no surprise either that such motions are seldom successful, see Exhibit B here to, the Arizona Court's Order denying the request and limiting

filings of that sort to only after a conference with, and leave of, the court.

3. It seems that the essence of both the request for sanctions and the Reply in Support of Further Support are that SS&D members are not likely to be defendants any time soon and necessarily provide testimony in the case. Well let me make it perfectly clear, that as soon as issues concerning proposed Debtor's counsel are resolved, there will be a civil action brought against Mr. Wurtzel, his mentor, Mr. Eilender and by implication SS&D. Here is why:

   a. On October 18, 2017, Attorney Joshua Wurtzel took it upon himself to evoke a New York statute that can be used to restrain and join property held in a third party bank account if that property is tainted by the ownership or control, even in part, of a judgment Debtor. See Exhibit C hereto. His client has judgment against Dennis Danzik and in the restraint form Atty Wurtzel generated without court or even clerk approval, tied up $546,282.55 in a Wells Fargo Bank account of a Wyoming LLC, Wyo Tech Investment Group LLC.

   b. In support of taking this action, Attorney Wurtzel relied on information gathered from discovering account statements from Wells Fargo. In correspondence dated November 6, 2017, see Exhibit D hereto, atty. Wurtzel admitted relying on essentially two facts: 1) several checks on the Wyo Tech account went to Danzik Applied Sciences LLC, Dennis Danzik, Elizabeth Danzik, attorneys representing various Danzik related parties, and

one of the Danzik daughters, 2) and that Elizabeth and Dennis and her daughter were instrumental in opening the account.

c. The problem with this is the jump in reasoning from lots of checks being written to the conclusion that the money going into the account was somehow from Danzik, hence proper subject matter for restraint. No allegations are made about the actual source of the money in the restrained account in the restraining document or its defenses.

d. As it turns out, the owner of Wyo Tech, William Hinz, filed a sworn declaration, a copy of which is attached labeled Exhibit E, which pretty well says the money in the account was all Wyo Tech's and that Dennis Danzik has no control or interest in the account. Dennis has filed a declaration referenced in Eilender's Reply in Further Support***, disavowing any interest in the account or the company.

e. Atty Wurtzel then battered counsel for Wells Fargo and when faced with pressure for the restrainer and denials of the restrianee, Wells Fargo interplead the money in question, see the complaint for interpleader attached hereto as Exhibit. F.

f. As it turns out, the sole owner of Wyo. Investment Tech, William Hinz uses other people's money in this entity to undertake profitable engineering related ventures. Danzik is a frequent subcontractor, hence the payments. Mr. Hinz is upset, has lost business opportunities since the October seizure

during the continued impounding of his company's funds and he has struck back. See his counterclaim and attachments, Exhibit G hereto. Mr. Hinz believes that no court would have allowed the restraint without a showing of probable case and that, that would involve knowledge or at least allegations about where the money came from. That knowledge of where the money came from, he believes, supports the funds being released. He has alleged the restraint without probable cause is wrongful and seeks substantial damages in the counterclaim for this alleged misconduct.

g. Attorneys at SS&D whose clients do not seem to know a refinery from a grease cooker cannot file a pleading in a case where Dennis is involved that does not start out with three pages denigrating Dennis' character. Nobody will find anything to denigrate William "Bill" Hinz's character.

h. Dennis's case against SS&D has nothing to do with the actual money wrongfully restrained. It has everything to do with Mr. Hinz advice from counsel after the restraint. "Bill, we know you think Dennis is a swell engineer but for the protection of you and your investors we are going to recommend that you cancel the contracts he has with you for future services to avoid being involved with lawyers that have made getting to him a personal quest."

i. Acting as a sane business man, Dennis Danzik's friend of many years, Bill Hinz made the correct business choice and declared Dennis's employment

contract void. Contract Exhibit G hereto, letter canceling Exhibit H hereto. Note the cancelation, hence the cause of action, arose on January 6, 2018, after the petition in this case was filed, hence no reference to the cause of action on schedule B to the petition.

j.  This cost Dennis gross income of not less than $38,333.33 per month in 2018, 2019 and until March of 2020, with a likely net income in excess of $1,494,987.   Enough to pay the IRS proof of claim in this case.

k.  If SS&D cannot show the restraint of William Hinz's company account a productive use of process, not based on negligent unsupported conclusions, Dennis will sue for his $1,494,987.00 and the whole contract sum for several more renewal years.   There is nothing about this that is frivolous or flippant. This is a real as the loss represented by the refinery that did not refine.

DONE this 18th day of January 2018.

FOR DENNIS MEYER DANZIK

By: /s/ Ken McCartney
Proposed Debtor's Counsel
KEN McCARTNEY, Bar No. 5-1335
The Law Offices of Ken McCartney, P.C.
Post Office Box 1364
Cheyenne, WY 82003
Tel (307) 635-0555
Email: bnkrpcyrep@aol.com

Index to exhibits:

A. Motion for sanctions in Arizona

B. Order denying sanction Motion and Restricting such Motions

C. Notice of Restraint

D. Letter by counsel describing reason for restraint

E. Hinz Declaration

F. Interpleader Complaint

G. Interpleader Answer and Counterclaim

H. Danzik Employment Contract

I. Letter cancelling employment

## CERTIFICATE OF SERVICE

  The undersigned caused at rue and correct copy of the foregoing **Proposed Debtor's Counsel's Response** to be served on the following in the manner indicated below. this 18th day of January, 2018.

| | |
|---|---|
| Daniel Morse<br>Assistant Us Trustee | Via Electronic Service Only |

**Via First Class Mail, Postage Prepaid**

| | |
|---|---|
| Mr. Joshua Wurtzel<br>Schlam Stone & Dolan, LLP<br>26 Broadway<br>New York, NY 10004 | Via Electronic Service |
| Bradley T. Hunsiker, Esq,<br>Markus Williams Young & Zimmerman LLC<br>108 East Lincolnway, Suite 300<br>Cheyenne, Wyoming 82001 | Via Electronic Service only |