Daniel J. Morse (WY Bar # 7-4770)
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
308 West 21st Street, Room 203
Cheyenne, WY 82001
(307) 772-2793
Email: Daniel.J.Morse@USDOJ.GOV

Attorney for Patrick S. Layng, United States Trustee

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DENNIS MEYER DANZIK, | ) | Case No. 17-20934 |
| | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |

### UNITED STATES TRUSTEE'S SUPPLEMENTAL RESPONSE TO SUPPORT OBJECTION TO APPLICATION FOR ORDER APPROVING EMPLOYMENT OF ATTORNEY FOR THE ESTATE BY THE DEBTORS[*sic*]-IN-POSSESSION

The United States Trustee, by and through his undersigned counsel, hereby files the following supplemental response to support his Objection to the Application for Order Approving Employment of Attorney for the Estate by the Debtor-In-Possession (Doc. No. 12) (the "**Objection**"). Per its Order dated January 22, 2018, the Court advised that it required additional information on the issue of whether the Court's conclusions from *In re Schnaible*, Case No. 14-20538 (Doc. No. 262 at p. 4 of 5) should apply to Chapter 11 cases where that Chapter 11 case was previously dismissed. *See*

1

Order (Doc. No. 44). As detailed below, the Court's conclusions from *In re Schnaible* should apply even as to a dismissed Chapter 11 case.

    1.    As to unapproved fees in a Chapter 13 case, this Court recently stated in *In re Schnaible*:

> Counsel may only collect amounts the court approves. Because § 330(a) requires court approval to create the obligation to pay the attorney's fees, absent court approval neither the debtor nor the estate is ever liable. Attorney fees may be paid to a debtor's counsel only if approved by the Court. Court approval under § 330(a) is what creates the liability, not the performance of the services. Accordingly, the Court concludes that an attorney may not take fees from a chapter 13 debtor postposition without court approval.

Case No. 14-20538 (Doc. No. 262 at p. 4 of 5) (quoting *In re Gantz*, 209 B.R. 999, 1003 (B.A.P. 10th Cir. 1997) (quotations and citations omitted).

    2.    The rationale from *Jensen v. Gantz (In re Gantz)*, 209 B.R. 999 (10th Cir. BAP 1997), that was adopted by this Court in *In re Schnaible*, has been applied in Chapter 11 cases as well even when the underlying Chapter 11 case has been dismissed. For instance, in *In re 5900 Associates, Inc.*, 468 F.3d 326 (6th Cir. 2006), the Sixth Circuit addressed a bankruptcy court's retention of jurisdiction and the court's duty with respect to a professional's fees in a dismissed chapter 11 case. Specifically, the Sixth Circuit stated: "We find the case for retained jurisdiction over fees to be clear. … The Bankruptcy Code assigns to courts a comprehensive duty to review fees in a particular case, and 11 U.S.C. § 330 is the sole mechanism by which fees may be enforced. Dismissal of a case … cannot abrogate the bankruptcy court's statutorily imposed duty of

2

review." *Id.* at 330 (citing to *Jensen v. Gantz (In re Gantz)*, 209 B.R. 999, 1002 (10th Cir. BAP 1997)).  In *In re 5900 Associates, Inc.*, the Sixth Circuit held that because the attorney was "appointed under 11 U.S.C. § 327, [he] was required to seek approval of his fees from the court under 11 U.S.C. § 330" and "Because he did not do so, his fees are unenforceable." *Id.* at 331.

3. Tenth Circuit courts have held similarly in the context of a Chapter 11 case. *See*, *e.g.*, *In re Wallace*, 2017 WL 4773106 at *3 (Bankr. D. N.M. Oct. 19, 2017) (holding court had jurisdiction to determine fees after voluntary dismissal of chapter 11 case and stating "One effect of the requirement of bankruptcy court fee oversight is that, unless fees have been allowed by the court, they are not an enforceable obligation of the debtor, before or after dismissal."); *see also In re Xavier PS, Inc.*, 2012 WL 629042 at *4 (Bankr. D. Colo. Feb. 27, 2012) ("The bankruptcy court retains jurisdiction to approve attorneys' fees under § 330 even after the underlying case is dismissed").

4. In Debtor's prior bankruptcy case, Case No. 16-20002, The Law Offices of Ken McCartney, P.C. ("**McCartney**") acted as Debtor's counsel pursuant to § 327(a) of the Bankruptcy Code.  (Doc. Nos. 28 and 56).  In this bankruptcy case, McCartney disclosed in its Disclosure of Compensation – Rule 2016(b) (Doc. No. 4) that "In the last one year period, counsel was paid a total of $29,300.00 as fees earned in the prior chapter 11 case paid between May and August 2017."  A review of the docket from Case No. 16-20002 does not evidence that McCartney filed any applications seeking approval of compensation under § 330(a) of the Bankruptcy Code.

3

5. Following the case law above, Debtor's transfer of $29,300 to McCartney for unapproved legal fees was on account of a non-existent legal obligation or, in other words, a gratuitous transfer of funds. As such, those transfers appear avoidable under § 548 of the Bankruptcy Code. Under these circumstances, McCartney appears to have a conflict with Debtor's estate and is unable to satisfy the requirements of § 327(a) of the Bankruptcy Code. *See In re Garza*, 1994 WL 282570 at \*2 (E.D. Va. Jan. 19, 1994) ("Any large or unusual payments by a debtor to his counsel within the preference period are relevant to a conflicts analysis and warrant scrutiny by the court when prepetition counsel is sought for employment postpetition. These types of payments pose a possible conflict in which the counsel and the estate may be rivals.").

## CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Court deny the Application.

Dated: January 23, 2018.

                                                            Respectfully submitted,

                                                            PATRICK S. LAYNG
                                                            UNITED STATES TRUSTEE
                                                            REGION 19

                                                            /s/ Daniel Morse
                                                           By: Daniel J. Morse
                                                           Assistant U.S. Trustee, District of Wyoming
                                                           308 West 21st Street, Room 203
                                                           Cheyenne, WY 82001
                                                           Direct Line: 307-772-2793

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the attached **UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION FOR ORDER APPROVING EMPLOYMENT OFATTORNEY FOR THE ESTATE BY THE DEBTORS-IN-POSSESSION** was electronically served this 23rd day of January, 2018, on the following:

Ken McCartney

The Law Offices of Ken McCartney, P.C.

P.O. Box 1364

Cheyenne, WY 82003

307-635-0555

Fax : 307-635-0585

Email: bnkrpcyrep@aol.com

                /s/ Daniel Morse
              By: Daniel J. Morse
              Assistant U.S. Trustee, District of Wyoming