KEN McCARTNEY, Bar No. 5-1335
The Law Offices of Ken McCartney, P.C.
P.O. Box 1364
Cheyenne, WY 82003
Tel (307) 635-0555
Fax (307) 635-0585
Email: bnkrpcyrep@aol.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

In re:                                    )
    DENNIS MEYER DANZIK,     )
                                        )   Case No. 17- 20934
                                        )   CHAPTER 11
                   Debtor.       )

### REPLY BRIEF TO THE US TRUSTEE'S OBJECTION TO APPOINTMENT AS DEBTOR'S COUNSEL

COMES NOW as applicant to become Debtor's Counsel, Ken McCartney of The Law Offices of Ken McCartney, P.C. and he responds to the US Trustee's opposition to his appointment as follows:

1. First and probably most important, it should be noted that Debtor's counsel in the prior chapter 11 did absolutely nothing wrong when he accepted voluntary post-dismissal payments for current and prior (estate fees) from the Debtor.

2. At the time the payments were received, there really was no case law in this district regarding Debtor's counsel receiving fees post dismissal, or the need to have the fees approved. The 10th circuit law in point was pretty much limited to

*In re Gantz,* 209 B.R. 999 ( B.A.P. 10th Cir, 1997) and certainly no court had ordered that fees not be collected.

3. The Order of dismissal, while lengthy and quite well thought through, did not mention anything with respect to post-dismissal fees.

4. Since the Debtor made the last voluntary payment for fees on account of the prior chapter 11 case, two Orders have been entered in this district concerning post-conversion fees in Chapter 13 cases, that may, arguably, have some bearing in this situation. Both were entered in *In re Schnaible*, 14-20538. One in September of 2017, and the other in October of 2017. The first, at Doc #214 is not so Germain. It stands for the proposition that Chapter 13 fees paid into the estate will be returned to the Debtors if the case is converted pre- as well as post- confirmation rather than distributed to administrative claims or other creditors' claims. The second at Doc #262 is more likely relevant in a dismissed Chapter 11. On petition for review of the prior decision, the court held that it is the act of court approval which makes fees owed by the Debtor or the estate while serving as attorney for the estate, a binding commitment between the parties and not just the work itself. This leads counsel to believe it wise to petition for attorney fees in all dismissed cases under chapters 11, 12, and 13 in this division after October of 2017. The court, however, specifically requested that these memoranda not rely on the court's holding in the chapter 13

scenario.

5. It is noteworthy that counsel did not proceed by making a claim against the Debtor, threaten collection action, or even send a bill. The author is not used to being paid in dismissed chapter 11 proceedings. He cannot recall another occasion when that occurred. The Assistant US Trustee is correct, if court approval is a requirement for voluntary payments, the payments involved were made without legal obligation and trigger an analysis under section 548.

6. It would be settling to have good law on the issue of post chapter 11 dismissal attorney fees. I favor the sixth circuit analysis this court has adopted in Chapter 13 cases and until further notice will proceed with fee applications if there is any hope. It is not to late to file and have a fee application considered in this instance. Counsel has good records, broke out representation in the five adversaries from the base case time and the write down was larger than either group of representation's charges. There is case law limiting fee applications to §327 representation and not qualifying estate payment for certain adversaries, hence the dual nature of time records.

7. Perhaps because counsel took every call and answered every email during this period of time the Debtor voluntarily paid, $1,500 on April 7, 2017, $2,800 on May 17, 2017, $5,000 on June 15th, 2017, $5,000 on August 11, 2017, and a final payment on August 17th, 2017, of $15,000 for a total of $29,300.

8. When the case was dismissed, counsel's time records without editing to conform with all the relevant dockets, indicated $27,427.34 unpaid in the base case, $1,003.75 unpaid in the South Coast Adversary, $3,379.75 unpaid in the GEMCO Adversary, $5,699.50 in the CWT Adversary, and $876.00 in the Sigma Adversary. Each was tracked separately as there are issues with the estate's responsibility for discharability claims. The total was $38,377.34. Post dismissal services probably exceeds $10,000 in trackable time, but writing $38,377.34 down to the paid $29,300 mooted further time records or charges.

9. Counsel's current status does not represent any sort of conflict with the estate. An analysis of §548 is all that is necessary to reach this conclusion. Basically the Debtor in Possession as trustee may recover for the estate a transfer specifically intended to defraud creditors and

> "* * * (B) (i)received less than a reasonably equivalent value in exchange for such transfer or obligation; and
> (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;* * * "

Bankruptcy Code Rules of construction require that both conditions exist before and after the conjunctive "and."

10. The Debtor was not then and is not now insolvent. §101(32) defines insolvent as determined using the balance statement method "debts being greater than property," rather being solvent by  making payments as obligations

come due.

11. Danzik's asset values exceed his liabilities substantially. He, as a guarantor of RDX Technologies' debt and has two judgments against the company and him personally. GEMCO has judgment for about $9M and there is a contested judgment in favor of the CWT Parties for about $7M. At about the time Dennis Danzik paid prior bankruptcy counsel, Dennis Danzik, Tony Kerr, and RDX Technologies filed suit in Arizona Federal District Court against the CWT Parties and GEMCO, alleging $170,000,000.00 in damages for their purchase of what turned out not to be the refinery it was held out to be by the Defendants. That federal lawsuit is going forward and in the substantive deposition stage. It is real. The case has significant value in addition to the obvious value, as an offset to just about all of Dennis Danzik's civil distractors.

WHEREFORE counsel prays that the court find no conflict and that he be appointed attorney for the current Chapter 11 estate, or the Court enter such further order under the circumstance that will make that appointment possible.

DONE this 30th day of January 2018.

/s/ Ken McCartney
KEN McCARTNEY, Bar No. 5-1335
The Law Offices of Ken McCartney, P.C.
P.O. Box 1364
Cheyenne, WY 82003
Tel (307) 635-0555

Fax (307) 635-0585
Email: bnkrpcyrep@aol.com

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing was served upon the Office of the US Trustee this 30th day of January, 2018, electronically.

/s/ Ken McCartney