KEN McCARTNEY, Bar No. 5-1335
The Law Offices of Ken McCartney, P.C.
Post Office Box 1364
Cheyenne, WY 82003
Tel (307) 635-0555
Email: bnkrpcyrep@aol.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

In re:                            )
    DENNIS MEYER DANZIK,    )
                              )   Case No.   17-20934
                              )   CHAPTER 11
                  Debtor.     )

**APPLICATION FOR ORDER APPROVING EMPLOYMENT OF
SPECIAL LITIGATION COUNSEL FOR THE ESTATE
BY THE DEBTOR-IN-POSSESSION**

TO the Honorable United States Bankruptcy Judge:

THE APPLICATION of Dennis Meyer Danzik, the Debtor-In-Possession, respectfully represents:

1. That the Applicant is the Debtor-In-Possession.

2. That a voluntary petition for relief under Chapter 11 of Title 11, United States Code, was filed herein on December 6, 2017, and it is continuing the operation of the business as Debtor-In-Possession.

3. That the Debtor is engaged in the engineering and consulting business.

4. That the Debtor-In-Possession desires to employ Jacques Catafago, Esquire, of The Law Offices of Catafago Fini LLP, The Empire State Building, 350 Fifth Avenue, Suite 7710, New York New York, who is duly admitted to practice in the New York as the attorney for this estate pursuant to 11 U.S.C. §327.

5. That he has selected this attorney because he is familiar with New York Civil litigation practice and is well qualified to act in the capacity of attorney for the Applicant.

6.    That it is necessary for Applicant to employ an attorney to render services now required in New York litigation. Attached hereto is the Declaration of Mr. Catafago recently filed in the RDX Technologies Inc., Chapter 11 proceeding provided as an affidavit of disinterest in this case, describing the various matters now pending that require the Debtor's participation and the results likely.

7.    That to the best of Applicant's knowledge, the attorney has no adverse connections with the estate as attorney for the estate or attorney for the Debtor, no connections with the creditors or any other party in interest or their respective attorneys and accountants, the United States Trustee nor any employee of the United States Trustee, and that dual representation is not anticipated as a problem at this time.

8.    That Jacques Catafago does not represent nor hold an interest adverse to the estate in the matters upon which he is to be engaged herein, and his employment would be in the best interests of the estate. His representation of RDX Technologies Corporation certainly does not conflict. Most of the Debtor's obligations undergoing New York Court scrutiny are as guarantor of RDX obligations.

9.    Applicant proposes that the compensation of the attorney be on the terms and conditions agreed by the parties as described in the attached retention letter. All payments will be only as approved by the United States Bankruptcy Court. The Debtor-In-Possession has been thoroughly advised regarding the rigors of professional fees in bankruptcy cases. And Mr. Catafago acknowledges the need for court approval of all payments in the retention agreement attached.

WHEREFORE, Applicant prays for the annexed Order for which no previous application has been made.

DONE this 7th day of February, 2018.

By: /s/   DENNIS MEYER DANZIK