Mark J. Giunta (#015079)
Liz Nguyen (#030282)
Law Office of Mark J. Giunta
531 East Thomas Road, Suite 200
Phoenix, Arizona 85012
Phone (602) 307-0837
Fax (602) 307-0838
Email markgiunta@giuntalaw.com
Email liz@giuntalaw.com

*Attorneys for Debtor*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re: | Chapter 11 Proceeding |
|---|---|
| RDX TECHNOLOGIES CORPORATION, | Case No. 2:17-bk-14387-PS |
| Debtor. | DECLRATION OF JACQUES CATAFAGO IN SUPPORT OF APPLICATION FOR ORDER APPROVING SPECIAL COUNSEL FOR DEBTOR-IN-POSSESSION |

I, Jacques Catafago, pursuant to 28 U.S.C. §1746, declare under penalty of perjury as follows:

1. I make this declaration based upon my personal knowledge in support of the *Application for Order Approving Employment of Special Counsel for Debtor-in-Possession* ("Application").

2. I am an attorney with the law firm of Catafago Fini LLP ("Applicant") whose mailing address is The Empire State Building, 350 5th Avenue, Suite 7710, New York, New York 10118, and I make this statement on behalf of the Applicant.

3. I am currently admitted to practice law in the State of New York, New Jersey, Florida, and the District of Columbia, and have been since 1984.

4. I have extensive experience as a civil litigator in the State of New York.

1

5. In March of 2017 -- prior to the date of the that Debtor RDX Technologies Corporation ("Debtor") commenced this bankruptcy proceeding – Applicant (Catafago Fini LLP) was retained by and become the attorneys for Debtor RDX Technologies Corporation and Dennis Danzik with respect to the following litigation matters:

a. In an action captioned *GEM Holdco, LLC et al. v. CWT Canada II Limited Partnership et al.*, Index No. 650841/2013 (N.Y. Supreme Court, County of New York) (the "First Action"), the Debtor and Dennis Danzik are appellants in two appeals that Applicant is handling: (1) the first appeal ("the First Appeal") is from an Order dated June 3, 2016, in which the Debtor and Dennis Danzik were held in contempt; and (2) the second appeal (the "Second Appeal") is from an Order of Contempt and Commitment and Warrant of Arrest, both dated November 8, 2017, directed against the Debtor and Dennis Danzik. In the First Action, Applicant was also retained to bring an anticipated motion in the lower court to bring to the court's attention new evidence pursuant to NY CPLR 5015, in which it will seek to vacate a Judgment dated September 7, 2016 against Debtor and Dennis Danzik in the amount of $7,033,491.13 (the "CPLR 5015 Motion"), as well as the other orders in the Action.

b. In an action captioned *GEM Holdco, LLC et al. v. RDX Technologies Corp.*, Index No. 653694/2015 (N.Y. Supreme Court, County of New York) (the "Second Action"), the Debtor and Dennis Danzik are appellants in an appeal that the Applicant is handing (the "Appeal in the Second Action"). The

Appeal in the Second Action is from a Judgment entered June 2, 2017, in which summary judgment was entered against the Debtor and Dennis Danzik in the amount of $9,023,534.49.

6. The First Appeal has been fully briefed before the Appellate Division, First Judicial Department, Supreme Court of the State of New York (the "Appellate Division"). The key ground for this appeal is that the trial court relieved counsel for Debtor and Dennis Danzik in the midst of a contempt hearing, and then, in violation of due process and New York law, continued the contempt hearing while the Debtor and Dennis Danzik had no counsel representing them.

7. In the Second Appeal, a Notice of Appeal was filed on December 7, 2017, and the Debtor and Dennis Danzik must perfect this appeal no later than September 7, 2018. The key grounds for this appeal includes that the Order (the "Order") and Warrant of Arrest (the "Warrant") were based on the same improper hearing that is the subject of the First Appeal. In addition, the Order and Warrant represented purported amendments of an earlier arrest warrant that law enforcement authorities of the executive branch had already determined not to pursue, including a determination not to seek extradition. As the Order and Warrant purport to again direct the executive branch as to who to attempt to extradite, they violate the separation of powers doctrine, and the Court was without jurisdiction or authority to issue same, because it is exclusively the executive branch of government that has the authority to determine whether to seek extradition or enter warrants in the NCIC system. In addition, the Order and Warrant were improperly based on double and triple hearsay as to what someone in the New

York City Sheriff's Office allegedly stated about the NCIC, and thus was issued without proper evidentiary support or basis.

8. The CPLR 5015 Motion to be filed in the Second Action is based on newly-discovered evidence demonstrating that the court's orders in the Second Action were based, among other things, on misrepresentations of fact and deliberately concealed evidence.

9. In the Appeal in the Second Action, a Notice of Appeal was filed on June 29, 2017, and the Debtor and Dennis Danzik must perfect this appeal no later than March 29, 2018. The ground for this appeal is as follows: there were issues of fact in contention which rendered the granting of summary judgment improper; the plain text of the Settlement Agreement provided that it would be null and void in circumstances applicable here; the Court improperly granted summary judgment despite the absence of discovery or an affidavit based on personal knowledge; the Court improperly allowed an action pursuant to CPLR 3213 where the Settlement Agreement is not an instrument for the payment of money only, and improperly purported to convert the plaintiff's CPLR 3213 papers into a complaint; the Court improperly relied on an incorrect purported ruling in another case that was not part of the record in this action to determine that there was a breach of the Settlement Agreement; the Court improperly permitted introduction of information and documents that were never properly made part of the plaintiffs' papers and improperly relied on such information and documents; and the Court otherwise made improper findings of fact and misapplied law in granting summary judgment.

10. Applicant has no amounts being held as retainers from Debtor or Dennis Danzik, including for the litigation matters set forth in Paragraph 5 (the "Litigations"). Dennis Danzik is a co-debtor of the Debtor and the CEO of the Debtor's United States subsidiary Ridgeline Energy Services (USA), Inc.

11. I have entered into a separate fee agreement ("Fee Agreement") with the Debtor and debtor-in-possession which calls for compensation for services rendered for the Debtor to occur on an hourly rate basis (this Fee Agreement is attached to this Declaration). Any fees and costs incurred under the Fee Agreement will have to be approved by the Court after proper application before they could be paid by the Debtor.

12. Inductance Energy Corporation has in the past paid Applicant for legal services provided to the Debtor and is anticipated will be paying prospective fees and costs approved by the Court incurred in the present matter. Inductance Energy Corporation is a potential investor in a prospective plan of reorganization of the Debtor. Additionally, Tony Ker, the director and acting CEO of the Debtor, has in the past paid Applicant for legal services provided to the Debtor and is anticipated that he may also be paying prospective fees and costs approved by the Court in the present matter.

13. I and my firm, Catafago Fini LLP, have the experience necessary to serve as special counsel for the debtor-in-possession in the Litigations and believe that I will be of great assistance to the Debtor in the same.

14. To the best of my knowledge, information and belief, I represent no creditors or other parties in this Chapter 11 case other than as set forth herein. Furthermore, I

5

do not hold any interest adverse to the Debtor or to the estate within the meaning of 11 U.S.C. § 327(e).

15. I have agreed to accept employment on the terms and conditions set forth in the Fee Agreement. It is my understanding and agreement that the fees paid to me pursuant to this appointment as special counsel will be as an administrative expense to the Debtor. I agree that all fees paid from the date of this appointment will be for fees incurred from the date of appointment forward and said fees must be approved by the Court after proper application. I agree not to share any fees or expenses which may be awarded as a result of my representation of the debtors in this matter as special counsel, except with members of Catafago Fini LLP.

16. I declare under penalty of perjury that the foregoing is true and correct.

Dated this 30th day of January 2018

**CATAFAGO FINI LLP**

By: /s/ Jacques Catafago

Jacques Catafago, Esq.

6