Margaret M. White 5-2065
Karpan and White, P.C.
1920 Thomes Avenue Suite 610
Cheyenne, WY 82001
(307) 637-0143 (V)
(307) 637-0477 (F)
Email address:  mmw@karpanwhite.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: ) | |
|     DENNIS MEYER DANZIK, ) | |
| ) | Case No. 17- 20934 |
| ) | CHAPTER 11 |
|                         Debtor. ) | |

## WYO TECH INVESTMENT GROUP, LLC'S APPLICATION FOR RELIEF FROM

## THE AUTOMATIC STAY

## WITH NOTICE OF TIME TO OBJECT

COMES NOW WYO Tech Investment Group, LLC ("WYO TECH"), by and through its counsel, Margaret M. White of Karpan and White, P.C. and requests an order of this court granting relief from the automatic stay to allow WYO TECH to proceed with an interpleader action filed by Wells Fargo Bank, N.A. in the District Court for the District of Arizona as case number 2:17-cv-04140-JJT (the "Interpleader Action") to determine that the funds sought to be interpleaded belong solely to WYO TECH.  In support thereof be advised as follows:

    1.      On November 9, 2017, Wells Fargo Bank, N.A. ("Wells Fargo"), filed a

Complaint for Interpleader commencing the Interpleader Action against WYO TECH, CWT Canada II Limited Partnership ("CWT"), Resources Recovery Corporation ("RRC") and Jean Noelting ("Noelting").

2. Wells Fargo sought to interplead with the Court $546,282.55 from a Wells Fargo bank account in the name of WYO TECH, in exchange for an order discharging Wells Fargo from any potential liability related to those funds. CWT, RRC, and Noelting have asserted claims to the funds from WYO TECH's account that Wells Fargo seeks to interplead.

3. CWT, RRC and Noelting (collectively, the "Judgment Claimants") obtained a judgment in the Supreme Court of the State of New York in *GEM Holdco, LLC, et al., v. Changing World Technologies, L.P., et al.*, Index No. 650841/2013, in the amount of $7,033,491.13, plus interest, against Dennis M. Danzik ("Danzik") and RDX Technologies Corporation ("RDX") (jointly, the "Judgment Debtors"). The Judgment Claimants subsequently issued a Restraining Notice and Information Subpoena ("Restraining Notice") to Wells Fargo pursuant to Section 5222(b) of the Civil Practice Law and Rules of the State of New York. Pursuant to the Restraining Notice, the Judgment Claimants asserted that Wells Fargo was ""in possession or in custody of property in which the judgment debtor has an interest as well as account(s) or any other property, tangible or intangible or interest in any property in the name of the judgment debtor, including but not limited **to the account reflected on a check which was attached as Exhibit A, and any other accounts held in the name of WYO TECH Investment Group LLC.**" The Restraining Notice is provided herewith as Exhibit I, as well as Exhibit A thereto. The check referenced was payable to Wilenchik & Bartness and was drawn on WYO

TECH's account ending -2809. Nowhere on Exhibit A to the Restraining Notice does Danzik's name appear, nor have the Judgment Claimants put forth any other evidence establishing, or even suggesting, a basis for their assertion that Danzik or RDX have an interest in any of the funds in WYO TECH's account. Nevertheless, without any factual basis, the Judgment Claimants have asserted that all funds in WYO TECH's account are property in which Danzik holds an interest. Presently at issue in the Interpleader Action is WYO TECH's account with Wells Fargo, and whether Danzik holds any interest in any portion of the funds in that account.

4. After receiving the Restraining Notice, again without any factual support, Wells Fargo froze WYO TECH's account, depriving WYO TECH of any access to funds held in the account that were needed for operating capital.

5. Shortly after Wells Fargo froze WYO TECH's account, counsel for WYO TECH notified Wells Fargo by letter disputing that the funds in WYO TECH's account are related in any way to the Judgment Claimants' judgment, asserting that WYO TECH is the sole account holder and only party whom funds in the account are owed, asserting that "neither Mr. Danzik nor RDX nor any member of Mr. Danzik's family holds any right, title, or interest" in the account, acknowledging that a small indebtedness may be owed from WYO TECH to Danzik Applied Sciences, disputing that the Judgment Claimants' Restraining Notice is effective, and threatening to sue Wells Fargo and Judgment Claimants in Arizona if WYO TECH's funds were not released by November 10, 2017. A copy of that letter is attached hereto as Exhibit II.

6. None of the funds deposited in WYO TECH's Account No. -2809 since its inception have been funds belonging to either of the Judgment Debtors.

7. Despite having been put on notice that there are no funds in WYO TECH's account in which either of the Judgment Debtors have any right, title or interest, and despite the fact that WYO TECH is not a judgment debtor and has never appeared in or been named as a party litigant in the Judgment Claimant's New York case, Wells Fargo continues to refuse to restore WYO TECH access to its funds.

8. On December 6, 2017, Danzik filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code commencing Case No. 17-20934 in the United States Bankruptcy Court for the District of Wyoming (the "Petition Date").

9. Schedule A/B: Property filed by Danzik in his Chapter 11 proceedings does not identify any claim to the funds held in WYO TECH's account. Danzik's bankruptcy Schedule A/B are on file with this Court.

10. In addition, Danzik signed a declaration stating he has no claim on the funds held in WYO TECH's account. A copy of Danzik's declaration is attached hereto and made a part hereof as Exhibit III.

11. While neither Danzik, nor his bankruptcy estate have asserted any interest in the funds at issue in the Interpleader Action and it seems unlikely that that proceeding is subject to the automatic stay, in an abundance of caution, WYO TECH requests relief from the automatic stay of 11 U.S.C. §362.

12. WYO TECH wishes for stay relief and desires an Order from this Court confirming WYO TECH's right to proceed with the Interpleader Action.

13. WYO TECH believes that pursuant to 11 U.S.C. §362(d)(1), there is "cause" for

the modification of the automatic stay provided by 11 U.S.C. §362(d), and all other applicable stays, to permit WYO TECH to proceed with the Interpleader Action.

WHEREFORE, movant prays that, upon proper notice to debtor, debtor's attorney, the US Trustee, Wells Fargo, CWT, RRC and Noelting, the stay pursuant to 11 U.S.C. §362(d) be modified to allow WYO TECH to proceed with the Interpleader Action.

DONE this 7th day of February, 2018.

FOR THE MOVANT: WYO TECH

/s/ Margaret M. White
Margaret M. White 5-2065
Karpan and White, P.C.
1920 Thomes Avenue Suite 610
Cheyenne, WY 82001
(307) 637-0143 (V)
(307) 637-0477 (F)
Email address: mmw@karpanwhite.com

## NOTICE OF TIME TO OBJECT

YOU ARE HEREBY NOTIFIED that if you desire to oppose this Motion, you are required to file with this court and serve on Margaret M. White of Karpan and White, P..C. attorney for Movant, whose address is listed above, a written objection to the Motion on or before or February 26, 2018 or the relief requested may be granted by the court.

DATED this 7th day of February, 2018.

/s/ Margaret M. White
Margaret M. White 5-2065
Karpan and White, P.C.
1920 Thomes Avenue
Suite 610
Cheyenne, WY 82001
(307) 637-0143 (V)
(307) 637-0477 (F)
mmw@karpanwhite.com

## CERTIFICATE OF SERVICE

The undersigned caused a true and correct copy of the foregoing to be served on the following in the fashion indicated this 7th day of February, 2018.

By regular mail:

Dennis and Elizabeth Danzik
1108 14th St.
Cody, Wyoming 82414

By Electronic Service:

Ken McCartney

US Trustee

Counsel for Wells Fargo:
Barbara J. Dawson
Carlie Shae Tovrea
Matt Jarvy

Counsel for Judgment Claimants:
Henk Taylor
Jeffrey M Eilender
Bradley J. Nash
Joshua Wurtzel

/s/ Margaret M. White