Bradley T. Hunsicker, Wyo. Bar #7-4579
**MARKUS WILLIAMS YOUNG &
ZIMMERMANN LLC**
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (307) 638-1975
E-Mail: bhunsicker@markuswilliams.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| In Re: | Case No. 17-20934 |
|---|---|
| DENNIS MEYER DANZIK, ss # XXX-XX-1786 | Chapter 11 |
| Debtor. | |

## MOTION FOR RULE 2004 EXAM OF DEBTOR
## AND PRODUCTION OF DOCUMENTS

Creditors CWT Canada II Limited Partnership and Resource Recovery Corporation (the "CWT Parties") move under Fed.R.Bankr. P. 2004 and LBR 2004-1 for an order requiring (1) the examination of Debtor Dennis Danzik ("Danzik") on March 14 and 15, 2018, and (2) the production of the documents listed in Exhibit A by Danzik by March 9, 2018, to be used in conjunction with the 2004 examination.

### ARGUMENT

1. Danzik is a serial chapter 11 filer, whose last chapter 11 case was dismissed by this Court less than a year ago for reasons including that the Court could not find that Danzik intended in good faith to reorganize. *See Order on Sigma Opportunity Fund II, LLC's Motion to Dismiss* (Dkt. No. 393), Case No. 16-20002.

{Z0208637/1 }

2.  The CWT Parties are two of Danzik's unsecured creditors, and they have a more-than $7 million judgment against him from a New York action based on Danzik's theft of millions of dollars of the CWT Parties' tax credit funds. The New York court also held Danzik in criminal and civil contempt for, among other things, violating an attachment order that required Danzik to put the tax credit funds that he stole into a segregated account, and violating a TRO that prohibited him from paying or diverting money from RDX Technologies Corporation, the now-delisted and defunct public-energy company of which Danzik was CEO. The New York court also issued a warrant for Danzik's arrest, which it amended on November 8, 2017 in an attempt to have Danzik arrested and extradited to New York. Danzik has since fled New York, and if he returns there, he will be arrested and imprisoned.

3.  Danzik has shown that he is a serial-obstructionist, with no regard for court orders, and that he is willing to do anything to avoid paying his creditors. Indeed, the New York court—in holding him in contempt—held that Danzik was the "epitome of a recalcitrant, contemptuous, and incorrigible litigant," who "lie[d]," "deliberately did not disclose" relevant records, "coerced" a witness into "submitting false affidavits," and "perjured himself before a Canadian bankruptcy court."

4.  Under Fed.R.Bankr.P. 2004, this Court may "order the examination of any entity," including the debtor. "The purpose of a Rule 2004 examination is to 'discover the nature and extent of the bankruptcy estate' in order to distribute debtor's assets for the benefit of its creditors." *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) (citation omitted). Indeed, "'[l]egitimate goals of Rule 2004

{Z0208637/1 }                                    2

examinations include discovering assets, examining transactions, and determining whether wrongdoing has occurred.'" *Id.* (citation omitted).

5. The CWT Parties seek to examine Danzik about, among other things, his assets, liabilities, and purpose for filing his second bankruptcy. Indeed, the U.S. Trustee has already stated that he "definitely ha[s] concerns about some of" the "information that's been provided as well as potential transactions that occurred" in Danzik's first bankruptcy case," and is "leaning towards filing a motion to dismiss or convert early on." Ex. B at 17:14-16, 170:16-20; *see also id.* at 175:8-10 (U.S. Trustee stating that information elicited from Danzik during 341 meeting "certainly raised red flags aside from the gambling issues").

6. The CWT Parties also seek an order requiring Danzik to produce documents about these same topics. *See id.* at 192:16-193:10 (U.S. Trustee: "We are going to file a 2004 motion so we have something formal with the court requesting all—not only those—that employment contract between DAS and Mr. Danzik, but also any contracts between—DAS has with any third party that—you know, or source of revenue, whatever, it's going to be pretty broad. I mean, I think we need to really understand what DAS is, what funds have flowed through those and that entity's accounts. . . . I want a court order requiring all that information turned over.").

7. In accordance with LBR 2004-1, on February 8, 2018, the CWT Parties' counsel asked Danzik's counsel whether Danzik will agree to a Rule 2004 examination on March 14 and 15, 2018 in person in Cheyenne, Wyoming. Danzik's counsel stated that "when the time comes," Danzik "will appear in person if you will," but refused to

{Z0208637/1 }                                                    3

agree to a date for a Rule 2004 examination—claiming that "[a]ctivity is stayed right now." Exs. C-D. While, on January 18, 2018, this Court stayed "all action" and "all deadlines" pending resolution of Danzik's application to employ counsel (Dkt. No. 41), Danzik has since made four separate filings for relief—including an application for an order approving the employment of special litigation counsel in New York. *See* Dkt. Nos. 42, 43, 53, 56. The CWT Parties' counsel then clarified that they were only seeking to work out a date for a 2004 examination "subject to a court order," but Danzik's counsel did not respond. Ex. C.

8.  Given that Danzik has shown that he will invoke this Court's authority when it suits him, despite the stay, this Court should require that he appear for a Rule 2004 examination and produce relevant documents—either on the dates requested in this motion, or immediately after the stay is lifted. Given the significant concerns that the U.S. Trustee raised concerning Danzik's filing, the Court should also permit the examination to continue for two full days.

9.  Further, this Court should require that Danzik appear for his Rule 2004 examination in person in Cheyenne, Wyoming. Indeed, Danzik appeared for his Section 341 meeting by Skype, but the signal kept dropping and it was hard to hear Danzik—so the U.S. Trustee stated that he would require Danzik to appear in person for the Rule 2004 examination. Ex. B at 174:20-21 (U.S. Trustee: "Mr. Danzik needs to be here in person."); *id.* at 227:11-12 (U.S. Trustee: "[W]e're going to require Mr. Danzik to be here in person."). Danzik's counsel also agreed that he would appear in person. *Id.* at

178:21-22 (Danzik's Counsel: "I would not oppose a 2004 in person."); Ex. D (Danzik's Counsel stating that Danzik "will appear in person if you will").

**WHEREFORE**, in accordance with the attached proposed order, the Court should require Danzik to (1) appear in person at the office of Markus Williams Young & Zimmermann, LLC, 106 East Lincolnway, Suite 300, Cheyenne, WY 82001 on March 14 and 15, 2018, beginning at 10:00 a.m. MST each day and continuing for seven hours of record time per day, to be examined under oath in accordance with Fed.R.Bankr.P. 2004; and (2) produce the documents listed in Exhibit A by March 9, 2018.

Dated: Cheyenne, Wyoming
February 21, 2018

    Respectively submitted,

    **CWT Canada II Limited Partnership and Resource Recovery Corporation,** *Creditors and Movants*

By:   */s/ Bradley T. Hunsicker*
Bradley T. Hunsicker, #7-4579
**MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC**
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (307) 638-1975
E-Mail: bhunsicker@markuswilliams.com

By:   /s/
Jeffrey M. Eilender
Bradley J. Nash
Joshua Wurtzel
**SCHLAM STONE & DOLAN LLP**
26 Broadway
New York, New York 10004
Telephone: (212) 344-5400

Facsimile: (212) 34407677
E-Mail: jme@schlamstone.com
E-Mail: bnash@schlamstone.com
E-Mail: jwurtzel@schlamstone.com

*Attorneys for Creditors CWT Canada II Limited Partnership and Resource Recovery Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February, 2018, I caused a true and correct copy of the foregoing **MOTION FOR RULE 2004 EXAM OF DEBTOR AND PRODUCTION OF DOCUMENTS** to be served upon the parties below as indicated:

| | |
|---|---|
| **Ken McCartney**<br>The Law Offices of Ken McCartney, P.C.<br>P.O. Box 1364<br>Cheyenne, WY 82003<br>bnkrpcyrep@aol.com<br>*Attorney for Debtor* | Via the Court's CM/ECF system |
| **Daniel J. Morse**<br>Assistant U.S. Trustee<br>308 West 21st Street, Room 203<br>Cheyenne, WY 82001<br>daniel.j.morse@usdoj.gov | Via the Court's CM/ECF system |
| **Dennis Danzik**<br>1108 14th Street<br>Cody, WY 82414 | Via U.S. Mail |

*/s/ Bradley T. Hunsicker*
Bradley T. Hunsicker

{Z0208637/1}                                6