Bradley T. Hunsicker, Wyo. Bar #7-4579
MARKUS WILLIAMS YOUNG &
ZIMMERMANN LLC
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (307) 638-1975
E-Mail: bhunsicker@markuswilliams.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| In Re:<br><br>DENNIS MEYER DANZIK,<br>ss # XXX-XX-1786<br><br>Debtor. | Case No. 17-20934<br>Chapter 11 |

**CREDITORS CWT CANADA II LIMITED PARTNERSHIP AND RESOURCE RECOVERY CORPORATION'S LIMITED OBJECTION TO WYO TECH INVESTMENT GROUP, LLC'S APPLICATION FOR RELIEF FROM THE AUTOMATIC STAY**

Creditors CWT Canada II Limited Partnership and Resource Recovery Corporation (the "CWT Parties"), through their undersigned counsel, hereby submit their limited objection to the *Wyo Tech Investment Group, LLC's Application for Relief from the Automatic Stay with Notice of Time to Object* [Doc. 57] (the "Wyo Tech Motion for Stay Relief") filed by Wyo Tech Investment Group, LLC ("Wyo Tech"). In support thereof, the CWT Parties state as follows:

1.    The CWT Parties acknowledge that: (i) on November 9, 2017, Wells Fargo Bank, N.A. ("Wells Fargo") filed an interpleader action in the District Court for the District of Arizona as case number 2:17-cv-04140-JJT (the "Interpleader Action"); (ii) the Interpleader Action was filed against Wyo Tech and the CWT Parties (along with

{Z0209516/1 }

Jean Noelting, who has not yet appeared in the Debtor's bankruptcy case); (iii) Wells Fargo sought to interplead with the Arizona court $546,282.55 from a Wells Fargo bank account in the name of Wyo Tech, in exchange for an order discharging Wells Fargo from any potential liability related to those funds; and, (iv) the CWT Parties have asserted claims against the funds in the Wyo Tech account.

2.  As a preliminary matter, it should be noted that there is no automatic stay in place that would prevent the Interpleader Action from moving forward.  *See Order Denying Debtor's Request to Continue the Automatic Stay* [Doc. 5].  Thus, parties are simply requesting a comfort order.

3.  Assuming, *arguendo*, that the automatic stay imposed pursuant to 11 U.S.C. § 362(a) was in place, the CWT Parties would agree with Wyo Tech that the stay should be lifted in order for the Interpleader Action to move forward.  That said, the CWT Parties take issue with the form of order proposed by Wyo Tech as attached to the Wyo Tech Motion for Stay Relief.  This limited objection is being filed to ensure that if the Wyo Tech Motion for Stay Relief is granted, the order entered cannot be interpreted in a manner that would limit the rights of the CWT Parties in any way in the Interpleader Action.

4.  Specifically, the proposed order (the "Proposed Order") submitted by Wyo Tech states as follows:

"… the Court finds that WYO TECH should be permitted to proceed with the Interpleader Action filed by Wells Fargo Bank, N.A., in the United States District Court for the District of Arizona as case number 2:17-cv-04140-JJT (the

{Z0209516/1 }  2

"Interpleader Action") to determine that the interplead funds belong solely to WYO TECH."

- - -

"IT IS, THEREFORE, ORDERED, that the stay afforded by 11 U.S.C. Section 362 be, and it hereby is, terminated and the movant, WYO TECH, may proceed with the Interpleader Action."

5. The Proposed Order lacks any language that makes clear that other parties to the Interpleader Action, such as the CWT Parties, may also proceed with the Interpleader Action and protect their rights in interests. Stated otherwise, the Proposed Order is much too narrow. If the Interpleader Action is allowed to move forward, all parties to that action should be free to protect their interests, not just Wyo Tech. The CWT Parties have a legitimate interest in the outcome of the Interpleader Action, and they should be allowed to proceed in that litigation on any basis they find necessary, including proceeding with the Interpleader Action to determine that the interpleaded funds belong to the CWT Parties or to the Debtor or to his estate, and asserting counterclaims, crossclaims and third-party claims. Said claims should include, but not be limited to, fraudulent transfer claims they hold against Wyo Tech and others.[1] As

---

[1] Arguably, the Debtor's estate is the proper party to assert certain avoidance and other claims and causes of action under and pursuant to 11 U.S.C. §§ 541, 544, 545, 547, 548, 549, 550, and 551, including claims for fraudulent transfer and conspiracy to commit fraudulent transfer claims (collectively, the "Estate Claims"), in the Interpleader Action. *See, e.g., Hoyt v. Aerus Holdings, L.L.C.,* 447 B.R. 283 (Bankr. D. Ariz. 2011) (stating "even though creditors may have their own fraudulent transfer causes of action under the Uniform Fraudulent Transfer Act, upon the filing of a bankruptcy only the trustee may pursue such causes of action"). But for the filing of this chapter 11 case, the CWT Parties would be in a position to bring such claims in the Interpleader Action. The Debtor has indicated he has no intention of bringing any such claims in the Interpleader Action considering his assertion he has no interest in the matter (*see* [Doc. 59]). As a result, the CWT Parties intend to seek derivative standing to pursue any

{Z0209516/1}  3

written, the Proposed Order could be interpreted by the Arizona court as meaning that Wyo Tech, alone, may proceed with the Interpleader Action "to determine that the interplead funds belong solely to WYO TECH," nothing more.

6. Bankruptcy Code § 362(d)(1) permits relief from the automatic stay, "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). "Although cause is not defined . . . Congress did intend that the automatic stay be lifted to allow litigation involving the debtor to continue in nonbankruptcy forums." *In re United Imports, Inc.*, 203 B.R. 162, 166 (Bankr. D. Neb. 1996) (citing legislative history); *see also Robbins v. Robbins*, 964 F.2d 342, 345 (4th Cir. 1992) (citing legislative history). The legislative history of § 362 reveals that Congress intended "that one of the factors to consider when determining whether to modify the stay is whether to doing so would permit pending litigation involving the debtor to continue in a non-bankruptcy forum" as "[i]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." H.R. Rep. No. 95-595, at 371 (1977), U.S. Code Cong. & Admin. News 1978 at 5963, 6297; S. Rep. No. 95-989 at 50 (1978), U.S. Code Cong. & Admin. News at 5787, 5836.

7. The Bankruptcy Code does not define the term "cause," leaving the courts to make "a discretionary determination [] on a case-by-case basis." *Carbaugh v.*

---

potential Estate Claims in the Interpleader Action and will be filing a separate motion seeking an order regarding the same in the immediate future.

{Z0209516/1}  4

x

*Carbaugh (In re Carbaugh)*, 278 B.R. 512, 525 (10th Cir. BAP 2002) (citing *Pursifull v. Eakin*, 814 F.2d 1501, 1506 (10th Cir. 1987)). Moreover, the "term 'cause' is used by many courts as a 'broad and flexible concept'" *In re Mid-Atlantic Handling,* 304 B.R. 111, 129-30 (Bankr. D.N.J. 2003) (quoting *In re The Score Bd., Inc.,* 238 Br. 585, 593 (D.N.J. 1999)). Thus, a "Bankruptcy Court is granted wide discretion to determine whether to lift an automatic stay for cause." *Id.* *"Significantly, the leave from the stay may be granted when it is necessary to permit litigation **to be concluded** in another forum, particularly if the non-bankruptcy suit involves multiple parties or is ready for trial."* *Id.* (Internal quotation marks omitted) (emphasis added).

8. In determining whether to modify or to lift the automatic stay, bankruptcy courts in the Tenth Circuit have applied a twelve-factor test articulated in *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984). Of those factors, the primary factors[2] deserving of discussion for purposes of the Wyo Tech Motion for Stay Relief include the following:

(1) Whether the relief will result in a partial or complete resolution of the issues; and,

(2) The lack of any connection with or interference with the bankruptcy case.[3]

9. In this instance, the Proposed Order, as written, does not provide for the complete resolution of the issues. In order for the Interpleader Action to be completely

---

[2] "A court need only apply the factors that are relevant to the particular case, and does not need to give each factor equal weight." *In re Project Orange Assocs., LLC,* 432 B.R. 89, 104 (Bankr. S.D.N.Y. 2010).

[3] "The most important factor in determining whether to grant relief from the automatic stay to permit litigation against the debtor in another forum is the effect of such litigation on the administration of the estate." *Curtis*, 40 B.R. at 806.

resolved, without subsequently interfering with the Debtor's bankruptcy case, any order entered granting the Wyo Tech Motion for Stay Relief must allow the CWT Parties to fully litigate the matter, including, if deemed necessary, the filing of counterclaims, crossclaims and third-party claims. Such relief is necessary in order to avoid substantial prejudice to the CWT Parties by preventing them from protecting their rights (and claims) as they deem necessary.

10. Last, given the Debtor's position that "the Debtor and the estate have absolutely no interest in the subject matter of the [Interpleader Action]" (*see Debtor's Statement of No Opposition to Stay Relief as Requested by Wyo Tech* [Doc. 59]), there should be no dispute with the relief being requested by the CWT Parties. That said, the Debtor and Wyo Tech both objected to the form of proposed order prepared by the CWT Parties and circulated prior to filing this limited objection (see proposed order of the CWT Parties attached hereto at Exhibit A). It would appear that both the Debtor and Wyo Tech support relief from the automatic stay, but only for the narrow purpose of allowing Wyo Tech to protect its rights in the Interpleader Action. Indeed, if the Debtor had no interest in these funds, then the Debtor should have had no problem with the CWT Parties' proposed order. That the Debtor objected—and then refused to explain the basis for his objection despite a request for clarification from the CWT Parties—shows the importance of allowing the CWT Parties to pursue these funds.

11. The CWT Parties simply request that they be allowed to protect their interests and rights in the Interpleader Action. If the Wyo Tech Motion for Stay Relief is granted, the CWT Parties respectfully ask the Court that the same relief be afforded to

them as the other parties in the Interpleader Action. Said relief can be accomplished through the entry of the proposed order attached hereto at Exhibit A.

**WHEREFORE** the CWT Parties request that, if the Court approves the Wyo Tech Motion for Stay Relief, the Court enter the proposed order attached hereto at Exhibit A, and for such other and further relief as the Court deems just and appropriate.

Dated: Cheyenne, Wyoming
February 26, 2018

        Respectively submitted,

        **CWT Canada II Limited Partnership and Resource Recovery Corporation,** *Creditors and Movants*

By: */s/ Bradley T. Hunsicker*
Bradley T. Hunsicker, #7-4579
**MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC**
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (307) 638-1975
E-Mail: bhunsicker@markuswilliams.com

By: /s/
Jeffrey M. Eilender
Bradley J. Nash
Joshua Wurtzel
**SCHLAM STONE & DOLAN LLP**
26 Broadway
New York, New York 10004
Telephone: (212) 344-5400
Facsimile: (212) 34407677
E-Mail: jme@schlamstone.com
E-Mail: bnash@schlamstone.com
E-Mail: jwurtzel@schlamstone.com

*Attorneys for Creditors CWT Canada II*

*Limited Partnership and Resource Recovery Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of February, 2018, I caused a true and correct copy of the foregoing **CREDITORS CWT CANADA II LIMITED PARTNERSHIP AND RESOURCE RECOVERY CORPORATION'S LIMITED OBJECTION TO WYO TECH INVESTMENT GROUP, LLC'S APPLICATION FOR RELIEF FROM THE AUTOMATIC STAY** to be served upon the parties below as indicated:

| | |
|---|---|
| **Ken McCartney**<br>The Law Offices of Ken McCartney, P.C.<br>P.O. Box 1364<br>Cheyenne, WY 82003<br>bnkrpcyrep@aol.com<br>*Attorney for Debtor* | Via the Court's CM/ECF system |
| **Daniel J. Morse**<br>Assistant U.S. Trustee<br>308 West 21st Street, Room 203<br>Cheyenne, WY 82001<br>daniel.j.morse@usdoj.gov | Via the Court's CM/ECF system |
| **Margaret M. White**<br>Karpan and White, P.C.<br>1920 Thomes Avenue, Suite 610<br>Cheyenne, WY<br>mmw@karpanwhite.com<br>*Attorney for Wyo Tech Investment Group, LLC* | Via the Court's CM/ECF system |
| **Dennis Danzik**<br>1108 14th Street<br>Cody, WY  82414 | Via U.S. Mail |

*/s/ Bradley T. Hunsicker*
Bradley T. Hunsicker