Bradley T. Hunsicker, Wyo. Bar #7-4579
MARKUS WILLIAMS YOUNG &
ZIMMERMANN LLC
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (307) 638-1975
E-Mail: bhunsicker@markuswilliams.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In Re:<br><br>DENNIS MEYER DANZIK,<br>ss # XXX-XX-1786<br><br>Debtor. | Case No. 17-20934<br>Chapter 11 |

### MOTION OF CREDITORS CWT CANADA II LIMITED PARTNERSHIP AND RESOURCE RECOVERY CORPORATION FOR ENTRY OF AN ORDER AUTHORIZING THE CWT PARTIES TO DERIVATIVELY ASSERT CLAIMS ON BEHALF OF THE DEBTOR'S ESTATE

Creditors CWT Canada II Limited Partnership and Resource Recovery Corporation (the "CWT Parties"), by and through their undersigned counsel and pursuant to sections 105(a) and 1109(b) of title 11 of the United States Code (the "Bankruptcy Code"), hereby move (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "CWT Parties' Proposed Order"), authorizing the CWT Parties to assert certain avoidance and fraudulent transfer claims on behalf of the Debtor's estate (the "Estate") in that certain interpleader action in the District Court for the District of Arizona as case number 2:17-cv-04140-JJT (the "Interpleader Action").

As the Court knows, this is the second chapter 11 case the Debtor ("Danzik") has filed in the last two years. Since this Court dismissed his first case, very little has

{Z0218479/1 }

changed, except that Danzik has become more brazen in his efforts to defraud creditors and this Court. And already explained to the Court, Danzik stole over $5 million in tax credits from the CWT Parties—leading to a more-than $7 million judgment against him (which included interest and damages for another fraud he committed). The New York court then held Danzik in criminal and civil contempt for refusing to return this money, and issued a warrant for his arrest.

Danzik fled New York, and has been living as a fugitive since. The CWT Parties were initially unable to secure Danzik's arrest outside of New York, because the New York arrest warrant was not entered into the national-criminal database for warrants, NCIC. But several months ago, the New York court issued a revised warrant, and New York authorities have now entered the warrant into NCIC—making Danzik eligible for arrest wherever he is located. The CWT Parties are working to make arrangements to secure Danzik's arrest in Wyoming or Arizona (or wherever he is) and then have him extradited to New York.

In support of the Motion, the CWT Parties respectfully state as follows:

**FACTUAL BACKGROUND**

1. On November 9, 2017, Wells Fargo Bank, N.A. ("Wells Fargo") filed an interpleader action in the District Court for the District of Arizona as case number 2:17-cv-04140-JJT (the "Interpleader Action").

2. The Interpleader Action was filed against Wyo Tech Investment Group, LLC ("Wyo Tech") and the CWT Parties (along with Jean Noelting, who has not yet appeared in the Debtor's bankruptcy case).

3. Wells Fargo sought to interplead with the Arizona court $546,282.55 from a Wells Fargo bank account in the name of Wyo Tech, in exchange for an order discharging Wells Fargo from any potential liability related to those funds.

4. The CWT Parties have asserted claims to the funds in the Wyo Tech account on the basis that Danzik has an ownership interest in the funds. Wyo Tech and Danzik have both denied that Danzik has any interest in the funds, even though, in 2017, Danzik transferred hundreds of thousands of dollars from the Wyo Tech account into other accounts that he uses for personal expenses—including high-stakes gambling in Las Vegas—the funds have been used to pay thousands of dollars of Danzik's legal fees, and Danzik's daughter is listed as Wyo Tech's owner and sole signatory on the account.

5. On February 7, 2018, Wyo Tech filed its *Wyo Tech Investment Group, LLC's Application for Relief from the Automatic Stay with Notice of Time to Object* [Doc. 57] (the "Wyo Tech Motion for Stay Relief"), wherein Wyo Tech sought an order lifting the automatic stay so that Wyo Tech could be permitted to proceed with the Interpleader Action "to determine that the interplead funds belong solely to WYO TECH." *See* Wyo Tech Motion for Stay Relief, proposed order attached thereto.

6. Given that Wyo Tech's proposed order was improperly narrow—seeking an order that would allow only Wyo Tech to show that the interplead funds belong "solely" to it—on February 19, 2018, the CWT Parties' counsel circulated a proposed revised order to counsel for Wyo Tech and counsel for the Debtor. As demonstrated by the CWT Parties' proposed order, the CWT Parties indicated their intent to seek derivative standing to pursue certain avoidance and other claims and causes of action in

{Z0218479/1 }                                    3

the Interpleader Action on behalf of the Estate. The claims at issue arise under 11 U.S.C. §§ 541, 544, 545, 547, 548, 549, 550, and 551, and include claims for fraudulent transfer and conspiracy to commit fraudulent transfers (collectively, the "Estate Claims"). Specifically, the evidence shows that Danzik—acting on his own or through an agent—transferred funds, intellectual property, and other valuable assets to Wyo Tech (and a related company, Inductance Energy Company) for the purpose of laundering those funds, intellectual property, and other valuable assets through Wyo Tech and back to an entity or entities owned or controlled by Danzik, as well as his family members.

7. Both Wyo Tech and the Debtor indicated their disagreement with the CWT Parties' proposed order, but neither party proposed any revisions. Rather, counsel for the Debtor advised the CWT Parties' counsel to "[f]ile your objection."

8. On February 20, 2018, the Debtor filed his *Debtor's Statement of No Opposition to Stay Relief as Requested by Wyo Tech* [Doc. 59]) wherein the Debtor asserted that "the Debtor and the estate have absolutely no interest in the subject matter of the [Interpleader Action]."

9. On February 26, 2018, the CWT Parties filed their limited objection to the Wyo Tech Motion for Stay Relief. *See* [Doc. 61] (the "CWT Parties' Limited Objection"). In addition to reserving their ability to seek derivative standing to assert the Estate Claims in the Interpleader Action (the subject of this Motion), the purpose of the CWT Parties' Limited Objection was to ensure that if the Wyo Tech Motion for Stay Relief was granted, the CWT Parties were free to litigate the Interpleader Action in any manner deemed necessary.

10. On April 18, 2018, after holding a telephonic conference and hearing argument from the parties, this Court ordered that "the stay afforded by 11 U.S.C. Section 362 terminated and the interpleader parties may proceed with the Interpleader Action." [Doc. 83]. But the CWT Parties also have fraudulent transfer, and conspiracy to commit fraudulent transfer, claims against Wyo Tech, Inductance, one of Danzik's associates—Bill Hinz, Danzik's wife, Elizabeth Danzik, and Danzik's daughter, Jovahna Danzik. While most of the assets that Danzik has fraudulently transferred are not Estate assets—because they originated with the $5 million he stole from (and has never returned to) the CWT Parties—the CWT Parties recognize that, while Danzik is in chapter 11, all fraudulent transfer claims arguably must be asserted as Estate Claims. Thus, in this Motion, the CWT Parties seek derivative standing to assert the Estate Claims in the Interpleader Action.

## ARGUMENT

11. As stated by one court, "[a]lthough no express language of the Bankruptcy Code explicitly precludes creditors from bringing their own causes of action when they overlap with trustees' causes of action, the Supreme Court established this principle under the Bankruptcy Act of 1867 that only the trustee may pursue those causes of action once a bankruptcy case is filed." *Hoyt v. Aerus Holdings, L.L.C.*, 447 B.R. 283, 287 (Bankr. D. Ariz. 2011) (*citing Glenny v. Langdon*, 98 U.S. 20 (1878)). In this instance, but for the filing of this chapter 11 case, the CWT Parties would be in a position to bring certain claims in the Interpleader Action that are now held by the Estate (*i.e.*, the Estate Claims).

12. "Several circuit level courts have 'found an implied but qualified right under certain circumstances for creditors, through 'derivative standing,' to pursue . . . claims that otherwise belong exclusively to the trustee . . . ." *Springs East Land Co., LLC v. Goss (In re Ellicott Springs Res., LLC)*, 485 B.R. 626 (Bankr. D. Colo. 2013) (*citing In re Terra Bentley II, LLC*, 2011 Bankr. LEXIS 806, 2011 WL 808190, at *4 (Bankr. D. Kan. Mar. 2, 2011) ("In *In re Racing Servs., Inc.* [540 F.3d 892 (8th Cir. 2008)], the Eight Circuit joined the Second, Third, Fifth, Sixth, Seventh, and Ninth Circuits in recognizing an implied right for a creditor . . . to be granted permission to pursue avoidance actions on behalf of the bankruptcy estate . . . .")); *see, generally, In re STN Enterprises,* 779 F.2d 901 (2nd Cir. 1985); *In re Commodore Int'l Ltd.,* 262 F.3d 96 (2nd Cir. 2001); *In re Housecraft Indus. USA, Inc.,* 310 F.3d 64 (2nd Cir. 2002); *contra United Phosphorus, Ltd. v. Fox (In re Fox),* 304 B.R. 912 (10th Cir. BAP 2004). In fact, the court in *Terra Bentley* indicated there was "no reason to believe the Tenth Circuit would disagree with the unanimous view of the Circuits that have decided the question" that a creditor has the ability to obtain derivative standing to prosecute estate causes of action. 2011 Bankr. LEXIS 806, 2011 WL 808190, at *4 (citations omitted).

13. "Courts have found that a creditor requesting derivative standing must generally demonstrate two things: (i) the creditor has the consent of the trustee; and (ii) the bankruptcy court finds that the suit is (a) in the best interest of the bankruptcy estate; and (b) necessary and beneficial to the fair and efficient resolution of the bankruptcy proceedings." *Springs East Land Co.,* 485 B.R. at 636-37 (citations omitted).

14. Courts have also granted derivative standing when a trustee (or debtor-in-possession) has unjustifiably or unreasonably refused to bring the claim, or does not formally oppose the relief. *See In re STN Enterprises*, 779 F.2d 901, 904 (2nd Cir. 1985) (finding derivative standing "to initiate suit with the approval of the bankruptcy court" exists when the "debtor in possession [has] unjustifiably failed to bring suit."); *see also Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548, 579 (3rd Cir. 2003) (en banc) (finding derivative standing appropriate where a "debtor unreasonably refuses to pursue" a fraudulent transfer action); *Canadian Pac. Forest Prods. v. J.D. Irving, Ltd. (In re Gibson Group)*, 66 F.3d 1436, 1438 (6th Cir. 1995) (requiring, inter alia, that the debtor-in-possession have unjustifiably refused a demand to sue); *PW Enters. v. N.D. Racing Comm'n (In re Racing Servs.)*, 540 F.3d 892, 902 (8th Cir. 2008) (finding "a creditor may proceed derivatively when the trustee (or debtor-in-possession) consents (or does not formally oppose) the creditor's suit.").

15. Here, Danzik has not consented to allowing the CWT Parties to pursue the Estate Claims. But given that Danzik's own fraudulent transfers serve as the basis for the Estate Claims, it is not surprising that Danzik does not want to pursue the Estate Claims himself, or have the CWT Parties pursue these claims. Thus, if the CWT Parties are unable to pursue these claims, then the claims will remain unpursued, the Estate will suffer, and Danzik will continue to reap the fruits of his fraudulent transfers by depriving the Estate—and its creditors—of these proceeds.

16. The CWT Parties' prosecution of the Estate Claims may have a profound effect on the Estate by substantially increasing its size and creating the possibility of a

recovery to priority and unsecured creditors.[1] Further, considering that the Estate is not paying the professional fees of the CWT Parties, any projected costs of pursuing the Estate Claims in the Interpleader Action are dwarfed by the potential recoveries that may be obtained for the benefit of the Estate.[2] Based on the foregoing, granting the CWT Parties' derivative standing to assert the Estate Claims is in the best interest of the Estate and necessary and beneficial to the fair and efficient resolution of this case.

**WHEREFORE**, the CWT Parties respectfully request that the Court enter an order substantially in the form attached hereto granting derivative standing to the CWT Parties to pursue any Estate Claims in the Interpleader Action, and such other and further relief the Court deems just and necessary.

Dated: Cheyenne, Wyoming
April 23, 2018

Respectively submitted,

**CWT Canada II Limited Partnership and Resource Recovery Corporation,** *Creditors and Movants*

By: */s/ Bradley T. Hunsicker*
Bradley T. Hunsicker, #7-4579
**MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC**

---

[1] Notwithstanding the forgoing, if it is determined that the interplead funds are the CWT Parties' stolen tax credits, the Estate would have no interest therein, and—in this Motion—the CWT Parties do not waive their right to argue that any proceeds recovered from the prosecution of these claims belong to the CWT Parties, and not the Estate. That said, the Estate suffers no loss if the funds are the stolen tax credits considering that the Estate is not funding the litigation expenses of the Interpleader Action. Further, if the funds are determined to be the stolen tax credits and recovered by the CWT Parties, the CWT Parties' claims against the Estate would be reduced resulting in a greater recovery for other creditors. As a result, the Estate only stands to benefit from the CWT Parties pursing the Estate Claims.

[2] The CWT Parties reserve their right to seek reimbursement for their fees and costs incurred in the Interpleader Action pursuant to sections 503(b)(3)(B) and (4) of the Bankruptcy Code in the event that they are ultimately successful in recovering property for the benefit of the Estate.

        106 East Lincolnway, Suite 300
        Cheyenne, WY 82001
        Telephone: (307) 778-8178
        Facsimile: (307) 638-1975
        E-Mail: bhunsicker@markuswilliams.com

By: /s/
        Jeffrey M. Eilender
        Bradley J. Nash
        Joshua Wurtzel
        **SCHLAM STONE & DOLAN LLP**
        26 Broadway
        New York, New York 10004
        Telephone: (212) 344-5400
        Facsimile: (212) 34407677
        E-Mail: jme@schlamstone.com
        E-Mail: bnash@schlamstone.com
        E-Mail: jwurtzel@schlamstone.com

        *Attorneys for Creditors CWT Canada II Limited Partnership and Resource Recovery Corporation*

## CERTIFICATE OF SERVICE

   I hereby certify that on this 23rd day of April, 2018, I caused a true and correct copy of the foregoing **MOTION OF CREDITORS CWT CANADA II LIMITED PARTNERSHIP AND RESOURCE RECOVERY CORPORATION FOR ENTRY OF AN ORDER AUTHORIZING THE CWT PARTIES TO DERIVATIVELY ASSERT CLAIMS ON BEHALF OF THE DEBTOR'S ESTATE** to be served upon the parties below as indicated:

| | |
|---|---|
| **Ken McCartney**<br>The Law Offices of Ken McCartney, P.C.<br>P.O. Box 1364<br>Cheyenne, WY 82003<br>bnkrpcyrep@aol.com<br>*Attorney for Debtor* | Via the Court's CM/ECF system |
| **Daniel J. Morse**<br>Assistant U.S. Trustee<br>308 West 21st Street, Room 203<br>Cheyenne, WY 82001<br>daniel.j.morse@usdoj.gov | Via the Court's CM/ECF system |
| **Margaret M. White**<br>Karpan and White, P.C.<br>1920 Thomes Avenue, Suite 610<br>Cheyenne, WY<br>mmw@karpanwhite.com<br>*Attorney for Wyo Tech Investment Group, LLC* | Via the Court's CM/ECF system |
| **Dennis Danzik**<br>1108 14th Street<br>Cody, WY  82414 | Via U.S. Mail |

              */s/ Bradley T. Hunsicker*
              Bradley T. Hunsicker