KEN McCARTNEY, Bar No. 5-1335
The Law Offices of Ken McCartney, P.C.
Post Office Box 1364
Cheyenne, WY 82003
Tel (307) 635-0555
Email: bnkrpcyrep@aol.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

In re:                                    )
    DENNIS MEYER DANZIK,        )
                                       )   Case No.   17-20934
            Debtor        )   Chapter 11
                                       )

**OBJECTION TO THE REQUEST BY THE CWT PARTIES FOR DERIVATIVE CLAIM ASSERTIOIN AUTHORITY**

COMES NOW the Debtor above named by counsel, Ken McCartney of The Law Offices of Ken McCartney, P.C. and he objects to the request of the CWT Parties for authority to assert derivative claims on the estates behalf in the WYO Tech Interpleader Action, doc # 90.

1. The applicants' entire course of conduct in the WYO TECH interpleader action has either been a violation of the automatic stay, if the CWT Parties were to prevail, or an abuse of process, if the CWT Parties claims fail for want of any viable evidence supporting their position.

2. The application suggests throughout that the interplead funds originated from the Energy Credits received by RDX after the refinery it was buying from the CWT Parties failed to function.  But not one scintilla of evidence exists that would connect the funds taken wrongfully from WYO Tech's checking account to that

source. That conclusion is entirely supposition base on some of the funds from that account before it was wrongfully frozen being spent for Mr. Danzik's purposes. That huge leap in logic is made without probably cause.

3. No express language in the Bankruptcy Code would authorize this request. What case law the applicants site fails to support this action in this situation.

   a. The Debtor in Possession certainly does not consent to this action.

   b. By wrongfully tying up WYO Tech's funds, the CWT Parties have cost the estate far more than is involved in the interpleader. Mr. Danzik had a contract with WYO Tech for a four-year term with annual compensation of $460,000 plus, bonuses, expenses, royalty options, etc. See Exhibit A hereto. He lost the guaranteed $1,840,000 directly because of the interference with WYO Tech by the CWT Parties, see Exhibit B hereto, William Hines termination letter on the advice of counsel.

   c. By pursuing without probably cause $546,282.55, the CWT parties are directly responsible to the chapter 11 estate for the loss of significantly more than $1,840,000, a sum which pales in light of the potential for renewal of the one four-year agreement. That economic irrationality alone is a good reason not to empower the CWT Parties to act on behalf of the estate.

   d. It is not in the best interest of the estate for the CWT Parties to be involved with WYO Tech in the first place. No rational result in that case can make up for the loss of the employment contract already suffered.

    e. The Debtor's refusal to act as the CWT Parties have requested to act, is firmly based on his knowledge that he had nothing to do with depositing money into the WYO Tech account at Wells Fargo Bank.

4. The applicants efforts have already had a profound effect on the estate, but not one that positively effects unsecured creditors.

5. Granting the CWT Parties derivative action to do further damage is not in the best interest of the estate, the creditors, nor the Debtor.

6. Counsel is not aware why the CWT Parties have not formally applied for stay relief to pursue their claim in the interpleader.   If the CWT Parties prevail on any theory they are clearly litigating concerning estate property.   Their thinly vailed joinder in the WYO Tech stay relief action without paying a filing fee has resulted in a solid outcome allowing the Arizona court to decide between the CWT Parties and WYO Tech as to the funds in question, and reserving the estate's interest, if any, for this court to deal with, if such a time comes.

7. The CWT Parties assertion that some of the funds could somehow be funds fraudulently taken from their energy credits—the whole theory of the original restraint—is contrary to the funds being the property of the bankruptcy estate. Turning the CWT Parties loose with the discretion to determine the estate's interest vs. their interest in the funds in question, is a very classic conflict of interest that strongly supports the denial of this application.

WHEREFORE the Debtor requests that the application be denied.

Done this 26th day of April, 2018.

    Respectfully submitted
    For the Debtor
    /s/ Ken McCartney
    Ken McCartney Bar No. 5-1335
    The Law Offices of Ken McCartney, P.C.
    P.O. Box 1364
    Cheyenne, WY 82003-1364
    Tel (307) 635-0555
    Fax (307) 635-0585
    Email bnkrpcyrep@aol.com

## CERTIFICATE OF SERVICE

I, Ken McCartney, of The Law Offices of Ken McCartney, P.C., do hereby certify that true and correct copies of the **Objection to a Request for Derivative Authority** was served upon the following, as indicated below, on this 26th day of April, 2018.

| | |
|---|---|
| Office of the U.S. Trustee | Via Electronic Notice Only |
| Bradley T. Hunsicker Esq.<br>MARKUS WILLIAMS YOUNG &<br>ZIMMERMANN LLC, Esq. | Via Electronic Notice Only |

    /s/ Ken McCartney
    KEN McCARTNEY, #5-1335