Bradley T. Hunsicker, Wyo. Bar #7-4579
MARKUS WILLIAMS YOUNG &
ZIMMERMANN LLC
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (307) 638-1975
E-Mail: bhunsicker@markuswilliams.com

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In Re:<br><br>DENNIS MEYER DANZIK,<br>ss # XXX-XX-1786<br><br>Debtor. | Case No. 17-20934<br>Chapter 11 |

**EMERGENCY MOTION FOR ORDER DIRECTING THE APPREHENSION OF THE DEBTOR BY THE U.S. MARSHALS UNDER RULE 2005 FOR DEBTOR'S REPEATED VIOLATIONS OF THIS COURT'S MARCH 14, 2018 ORDER AND HOLDING THE DEBTOR IN CIVIL CONTEMPT**

Creditors CWT Canada II Limited Partnership and Resource Recovery Corporation (the "CWT Parties") move for an order (1) under Fed. R. Bankr. P. 2005 directing the U.S. Marshals to take custody of Debtor Dennis M. Danzik ("Danzik"), hold him in custody pending further order of this Court, and bring him to this Court or to the nearest magistrate judge, bankruptcy judge, or district judge to answer for his refusal to appear for a Rule 2004 examination in Cheyenne, Wyoming in accordance with this Court's March 14, 2018 order (Doc. 69) (the "Order"); and (2) under Fed. R. Bankr. P. 9014 and 9020 holding Danzik in contempt of court, requiring his arrest and imprisonment, and fining Danzik $1,000 per day, until he complies with the Order. The

{Z0220866/1 }

CWT Parties also seek an order directing Danzik or his counsel to pay the CWT Parties' attorneys' fees and costs incurred in making this motion.

## PRELIMINARY STATEMENT

1.      As this Court knows, Danzik owes the CWT Parties—two of his unsecured creditors—over $7 million in accordance with a New York judgment. And because of his repeated violations of attachment and discovery orders in New York, the New York court held Danzik in criminal and civil contempt, and issued a warrant for his arrest. Danzik—who has since fled—is now a fugitive and will be imprisoned if he returns to New York. New York authorities have also recently entered this arrest warrant into the national criminal database NCIC—making Danzik eligible for arrest wherever he is—and the CWT Parties are working to make arrangements to secure Danzik's arrest in Wyoming or Arizona (or wherever he is) and then have him extradited to New York.

2.      As this Court likely remembers from his first bankruptcy filing—made just two years ago—Danzik is a serial obstructionist with no regard for court orders, and he is willing to do anything to avoid paying the CWT Parties' judgment against him. Indeed, the New York court—in holding him in contempt—held that Danzik was the "epitome of a recalcitrant, contemptuous, and incorrigible litigant," who "lie[d]," "deliberately did not disclose" relevant records, "coerced" a witness into "submitting false affidavits," and "perjured himself before a Canadian bankruptcy court."

3.      As part of his continued efforts to obstruct and delay even his own bankruptcy case, Danzik has now refused to appear for his 2004 exam or produce documents in accordance with this Court's Order. And as explained below, Danzik has

{Z0220866/1 }                                                    2

repeatedly flaunted this Court's Order. This Court should no longer permit Danzik to treat this Court's orders as voluntary, and should compel his compliance by ordering his immediate arrest.

## ARGUMENT

4.      In their February 21, 2018 motion for a 2004 exam, the CWT Parties sought an order requiring Danzik to "produce the documents listed in Exhibit A" to their motion and to "appear in person at the office of Markus Williams Young & Zimmermann, LLC, 106 East Lincolnway, Suite 300, Cheyenne, WY 82001" for a two-day 2004 exam. Doc. 60 at 5.

5.      On March 14, 2018, this Court entered the Order, which "granted" the CWT Parties' motion, and held that "if an agreement for the time and place" of Danzik's 2004 exam "has not been reached" (which it had not), then the "date for the examination or production of documents" must be at least 14 days after service of the Order on Danzik and his counsel. Order at 1-2.

6.      On March 15, 2018, the CWT Parties' counsel e-mailed Danzik's counsel, Ken McCartney ("McCartney"), to tell him that, in accordance with the Order, Danzik must produce the documents listed on Exhibit A to the motion by April 2, 2018, and must appear in person in Cheyenne, Wyoming for his 2004 exam on April 9 and 10, 2018. Ex. A.

7.      Further, on March 15, 2018, the CWT Parties' served the Order on Danzik and McCartney by first-class mail, as required by the Order (at 2). Doc. 70.

8.      On March 19, 2018, McCartney responded to the March 15 email from counsel to the CWT Parties.  McCartney stated that despite the Order, he and Danzik are "not going to appear at a 2004 exam with [Danzik] unrepresented." Ex. A. But McCartney's statement that Danzik was "unrepresented" as of March 19 was false: while McCartney had not yet been formally approved to be paid for his legal services to the Estate (which the Court knew when it entered the Order on March 14), he was still Danzik's counsel, and indeed made seven filings on Danzik's behalf between January 18, 2018—when the Court stayed all proceedings pending resolution on the U.S. Trustee's opposition to McCartney's appointment—and March 14—when the Order was entered. *See* Docs. 42, 43, 51, 52, 53, 56, 59.

9.      On March 19, 2018, Danzik moved for clarification of the Court's January 18 stay order. Doc. 72. On March 27, 2018, this Court approved McCartney to represent Danzik's Estate (Doc. 74), and on March 30, 2018, this Court denied Danzik's motion for clarification as moot (Doc. 76).

10.     On March 27, 2018, counsel for the CWT Parties again e-mailed McCartney, telling him that given the Court's approval of his retention, Danzik had no further excuse to avoid producing documents by April 2 and appearing for his 2004 exam on April 8 and 9 in accordance with the Order. In response, McCartney responded merely that the CWT Parties "do not need to plan on a 2004 anytime in the next fifteen days." Ex. A.

11.     On March 30, counsel for the CWT Parties again e-mailed McCartney, stating that "while we think that we are well within our rights to insist that Mr. Danzik

appear for his Rule 2004 exam on April 9 and 10, we will agree to adjourn his Rule 2004

exam to April 23 and 24," and will also agree to "extend Mr. Danzik's time to produce

the documents in the court's Rule 2004 order to April 9." *Id.*

12.    On April 5, 2018, McCartney e-mailed the CWT Parties' counsel stating

that "April 23rd does not work for Dennis" because he has a "board meeting the 23rd

which has been scheduled for almost a year." Ex. B. In response, the CWT Parties'

counsel questioned what board meeting Danzik had, given that he did not disclose any

board memberships in his bankruptcy Schedules and Statement of Financial Affairs. *Id.*

In any event, the CWT Parties agreed to take a 60-minute break on April 23 to

accommodate Danzik's alleged "board meeting." *Id.* Danzik's counsel did not respond to

the CWT Parties' questions or offer.

13.    On April 9, 2018, the CWT Parties' counsel again e-mailed McCartney to

confirm Danzik's attendance at his 2004 exam on April 23 and 24, explaining that

Danzik's refusal to attend on those dates was a violation of the Order. Ex. C. Rather than

confirming, McCartney again insisted that Danzik would not comply, stating that it is

"unreasonable" for Mr. Danzik to have to "commute from Arizona two times"—once for

his continued Section 341 meeting and once for his 2004 exam. *Id.* Danzik's counsel

further complained that he "cannot possibly gather documents" by April 23 and 24 (even

though the CWT Parties had demanded that Danzik produce documents by April 9). *Id.*

14.    In response, the CWT Parties' counsel wrote that "[a]sking the Debtor to

appear in Wyoming, where he indicates he resides, is hardly unreasonable, especially

given the advanced notice." *Id.* The CWT Parties' counsel further wrote that Danzik

"should have realized that if he filed in WY, it was conceivable he would actually have to be in Wyoming, and maybe even more than just one time"—and that Danzik's refusal to comply has given the CWT Parties "no alternative other than to make a further request to the Court." *Id.*

15.     On or around April 11, 2018, McCartney called the CWT Parties' counsel, stating that Danzik would appear for his 2004 exam on any date in May (rather than in April), and that McCartney was also working on a document production.

16.     Despite Danzik's and McCartney's continued delay and obstruction, on April 19, 2018, the CWT Parties' counsel again e-mailed McCartney, stating that this was their "final attempt" to work with Danzik on dates and a production deadline, and that the CWT Parties would agree to hold Danzik's 2004 exam on May 21 and 22, with Danzik's document production due on May 7. Ex. D. The CWT Parties' counsel asked McCartney to confirm that Danzik would finally comply with these dates.

17.     By April 20, 2018, McCartney still had not confirmed. As a result, the CWT Parties' counsel again asked him to confirm, warning him that if he refused to confirm Danzik's compliance with these twice-adjourned dates, the CWT Parties would move to have Danzik arrested and brought to his 2004 exam under Rule 2005. *Id.* McCartney responded to this and another follow-up e-mail from the CWT Parties' counsel with other comments, but still refused to confirm that Danzik would comply.

18.     On April 23, 2018, the CWT Parties' counsel again e-mailed McCartney, explaining that because McCartney had not confirmed that Danzik would comply with the Order and the twice-adjourned dates the CWT Parties proposed, the CWT Parties

would assume that Danzik would not comply—but that McCartney should let the CWT

Parties' counsel know immediately if that assumption was incorrect. *Id.* McCartney did

not respond.

19.     Thus, Danzik has made clear that despite this Court's Order, he will not

appear for his 2004 exam or produce the required documents.

20.     When a debtor "fails to appear" for his Rule 2004 examination and fails to

"produce all requested documents," the Court may order the debtor's "incarceration as a

mechanism to compel Debtor's compliance with the Orders of this Court pursuant to its

inherent authority and F.R.B.P. 2005." *In re Keith*, 2010 WL 5348785, at *6 (Bankr. D.

Mont. Dec. 21, 2010). Indeed, "[s]ubsection (a)(3) of Fed. R. Bankr. P. 2005 permits the

apprehension and detention of a debtor by the United States Marshal where the 'debtor

has willfully disobeyed a subpoena or order to attend for examination, duly served.'" *In

re TAAF, LLC*, 2010 WL 964240, at *9 (Bankr. E.D.N.C. Mar. 12, 2010).

21.     Given that Danzik has willfully refused to appear for his 2004 exam or

produce documents in accordance with the Order, and given that Danzik has already

delayed his 2004 exam and document production under the Order, the Court should—

under Rule 2005—direct the U.S. Marshals to immediately take custody of Danzik and

bring him to this Court or—if he is over 100 miles from this Court—to the nearest

magistrate judge, bankruptcy judge, or district judge to answer for his refusal to appear

for his 2004 exam and produce documents responsive to Exhibit A in accordance with the

Order. *In re Fulcher*, 2010 WL 3087488, at *2 (Bankr. E.D.N.C. Aug. 3, 2010)

("apprehension and detention" under Rule 2005 was "appropriate" because debtor "disregarded the orders to appear for examination as required by this Court").

22.    Further, given Danzik's repeated attempts to delay and frustrate the CWT Parties' efforts to work cooperatively with him to schedule a 2004 exam, the Court should also—under Rules 9014 and 9020—hold Danzik in contempt of court for violating the Order.

23.    In support of this motion, and as required by Fed. R. Bankr. P. 2005, attached hereto at Exhibit E is the *Declaration of Joshua Wurtzel in Support of the CWT Parties' Emergency Motion for Order Directing the Apprehension of the Debtor by the U.S. Marshals under Rule 2005 for Repeated Violations of this Court's March 14, 2018 Order and Holding the Debtor in Civil Contempt*.

**WHEREFORE**, the CWT Parties request that this Court enter an order (1) directing the U.S. Marshals to take custody of Danzik and bring him to this Court or—if he is apprehended over 100 miles from this Court—to the nearest magistrate judge, bankruptcy judge, or district judge to answer for his refusal to appear for his Rule 2004 exam; (2) holding Danzik in contempt of court, require his arrest and imprisonment, and fine him $1,000 per day, until he complies with the Order; and, (3) directing Danzik or his counsel to pay the CWT Parties' attorneys' fees and costs incurred in making this motion.

Dated: May 8, 2018
Cheyenne, Wyoming

Respectively submitted,

**CWT Canada II Limited Partnership and Resource Recovery Corporation,** *Creditors and Movants*

By:   /s/ Bradley T. Hunsicker
Bradley T. Hunsicker, #7-4579
**MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC**
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (307) 638-1975
E-Mail: bhunsicker@markuswilliams.com

By:   /s/
Jeffrey M. Eilender (*admitted pro hac vice*)
Bradley J. Nash (*admitted pro hac vice*)
Joshua Wurtzel (*admitted pro hac vice*)
**SCHLAM STONE & DOLAN LLP**
26 Broadway
New York, New York 10004
Telephone: (212) 344-5400
Facsimile: (212) 34407677
E-Mail: jme@schlamstone.com
E-Mail: bnash@schlamstone.com
E-Mail: jwurtzel@schlamstone.com

*Attorneys for Creditors CWT Canada II Limited Partnership and Resource Recovery Corporation*

{Z0220866/1 }                                             9

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May, 2018, I caused a true and correct copy of the foregoing **EMERGENCY MOTION FOR ORDER DIRECTING THE APPREHENSION OF THE DEBTOR BY THE U.S. MARSHALS UNDER RULE 2005 FOR DEBTOR'S REPEATED VIOLATIONS OF THIS COURT'S MARCH 14, 2018 ORDER AND HOLDING THE DEBTOR IN CIVIL CONTEMPT** to be served upon the parties below as indicated:

**Ken McCartney**                            Via the Court's CM/ECF system
The Law Offices of Ken McCartney, P.C.
P.O. Box 1364
Cheyenne, WY 82003
bnkrpcyrep@aol.com
*Attorney for Debtor*


**Daniel J. Morse**                          Via the Court's CM/ECF system
Assistant U.S. Trustee
308 West 21st Street, Room 203
Cheyenne, WY 82001
daniel.j.morse@usdoj.gov


**Dennis Danzik**                            Via U.S. Mail
1108 14th Street
Cody, WY  82414


                              */s/ Bradley T. Hunsicker*
                              Bradley T. Hunsicker