Bradley D. Bonner, WSB #5-2983
Nicholas M. Crandall, WSB #7-5144
Bonner Law Firm, P.C.
1102 Beck Avenue
Cody, Wyoming 82414
(307) 586-4135 (Phone)
(307) 586-4137 (Fax)
brad@bonnerlawfirmpc.com
nick@bonnerlawfirmpc.com
Attorneys for Creditor,
Richard S. Rofè

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| In Re: | ) | |
|---|---|---|
| | ) | Case No. 17-20934 |
| DENNIS MEYER DANZIK, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

## CREDITOR RICHARD S. ROFÈ'S APPLICATION FOR RELIEF
## FROM THE AUTOMATIC STAY
## AND NOTICE OF TIME TO OBJECT

COMES NOW creditor and movant, Richard S. Rofè ("Mr. Rofè"), by and through his undersigned counsel, and hereby respectfully requests an order of this court granting him relief from the automatic stay. The purpose of this request is to allow Mr. Rofè to proceed with that certain pre-petition Wyoming state court foreclosure action filed by Mr. Rofè in the District Court, Fifth Judicial District in and for Park County, Wyoming, as Civil Action No. 28770. Mr. Rofè hereby seeks permission to pursue all state remedies available to him under applicable law and those certain loan documents executed by the debtor, Dennis Meyer Danzik ("Mr. Danzik"), and his wife, Elizabeth Jo Danzik ("Mrs.

1

Danzik") (with Mr. Danzik and Mrs. Danzik collectively referred to as the "Danziks"). In support of this motion, Mr. Rofè states and alleges as follows:

1.   On February 26, 2015, Mr. Rofè loaned the Danziks the principal amount of $750,000.00 (the "Loan"), as evidenced by the Promissory Note executed by the Danziks in favor of Mr. Rofè on the same date (the "Note"). A copy of the Note is attached hereto as <u>Exhibit A</u> and made a part hereof by this reference.

2.   The Note provides, in relevant part, as follows:

   a.   The entire principal amount of the Note shall be payable by the Danziks to Mr. Rofè in one lump sum balloon payment on February 26, 2016 (*See* <u>Ex. A</u>, ¶2);

   b.   Interest shall initially accrue on the outstanding principal balance of the Note at the rate of 15% per annum (*See* <u>Exhibit A</u>, Introductory Paragraph), and that at the time of execution of the Note, the Danziks shall pay the interest for the following year in advance, in the amount of $112,500.00 (*See* <u>Exhibit A</u>, ¶1), which the Danziks did pay to Mr. Rofè;

   c.   In the event the Danziks fail to pay the entire principal when due or are otherwise in default, Mr. Rofè shall have the right to accelerate and declare the entire unpaid amount of the Note due and payable, with default interest at the rate of 20% per annum beginning to accrue on the unpaid amount of the Note (*See* <u>Exhibit A</u>, ¶5); and

   d.   Mr. Danzik and Mrs. Danzik are jointly and severally liable

2

for all of the obligations set forth in the Note (*See* <u>Exhibit A</u>, ¶10).

3.	On February 26, 2015, to secure their obligations under the Note, the Danziks further executed a Mortgage in favor of Mr. Rofè (the "Mortgage") (with the Note and Mortgage collectively referred to as the "Loan Documents"). The Mortgage granted Mr. Rofè a first priority security interest in real property owned by the Danziks commonly referred to as 1334 Sunset Blvd. South, Cody, Wyoming 82414, which is more particularly described in "Exhibit A" to the Mortgage, a copy of which is attached hereto as <u>Exhibit B</u> and made a part hereof by this reference (with the real property described therein referred to as the "Cody Home"). The Mortgage was duly recorded with the Park County Clerk and Recorder on March 3, 2015 as Document No. 2015-947 (*See* <u>Exhibit B</u>, Recording Information).

4.	The Mortgage provides, in relevant part, as follows:

	a.	If the Danziks are in default and fail to timely cure the same after proper notice by Mr. Rofè, Mr. Rofè may, in addition to other rights afforded to him under the Loan Documents and applicable law, require immediate payment in full of all sums secured by the Mortgage without further demand and foreclose on the Mortgage by an action in equity or at law (*See* <u>Exhibit B</u>, ¶22); and

	b.	If the Danziks fail to perform the covenants and agreements contained in the Mortgage or if there is a legal proceeding that might

3

significantly affect Mr. Rofè's interest in the Cody Home and/or rights under the Mortgage (such as a proceeding in bankruptcy), then Mr. Rofè may do and pay for whatever is reasonable or appropriate to protect his interest in the Cody Home and rights under the Mortgage. This may include paying any sums secured by a lien which has priority over the Mortgage, appearing in court and paying reasonable attorneys' fees to protect Mr. Rofè's interest in the Cody Home and/or rights under the Mortgage, including its secured position in a bankruptcy proceeding, with any amounts so disbursed by Mr. Rofè becoming additional debt of the Danziks secured by the Mortgage and bearing interest at the Note rate and becoming payable, with such interest, upon notice from Mr. Rofè to the Danziks requesting payment (*See* Exhibit B, ¶9).

5. On January 4, 2016, prior to the maturity date of the Note, Mr. Danzik filed a voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Wyoming as Case No. 16-20002 (the "Initial Bankruptcy Proceeding").

6. As a secured creditor of Mr. Danzik, Mr. Rofè was made a party to the Initial Bankruptcy Proceeding in order to protect his interest in the Cody Home and his other rights under the Loan Documents.

7. The Initial Bankruptcy Proceeding continued until it was dismissed by the United States Bankruptcy Court for the District of Wyoming on March 8, 2017.

4

8. Following the dismissal of the Initial Bankruptcy Proceeding, the Danziks failed to timely pay Mr. Rofè the full amount due to him under the Note.

9. Because the Danziks failed to timely pay to Mr. Rofè the full amount due to him under the Loan Documents, on March 28, 2017, Mr. Rofè, by and through his counsel, sent the Danziks and Mr. Danzik's attorney a formal Notice of Default which identified the Danziks' breaches of the Loan Documents and the actions the Danziks were required to take in order to cure said defaults.

10. The Danziks failed at that time to take the necessary actions to cure the defaults, which constituted a default under the Loan Documents and caused all amounts due to Mr. Rofè under the Loan Documents to be accelerated and default interest to accrue at the rate of 20% per annum beginning on April 1, 2017.

11. On May 1, 2017, Mr. Rofè filed his Complaint against the Danziks in the District Court, Fifth Judicial District in and for Park County, Wyoming as Civil Action No. 28770, to enforce his rights under the Loan Documents, which included a request to foreclose on the Cody Home by judicial decree (the "Foreclosure Action").

12. On September 6, 2017, the United States of America's Internal Revenue Service (the "IRS") recorded its Notice of Federal Tax Lien in the

5

amount of $557,237.85 in the office of the County Clerk and Recorder in and for Park County, Wyoming as Document No. 2017-4476 as a result of Mr. Danzik's alleged unpaid income taxes (the "IRS Tax Lien"), a copy of which is attached hereto as <u>Exhibit C</u> and made a part hereof by this reference.

13. On November 2, 2017, Mr. Rofè filed his First Amended Complaint in the Foreclosure Action.

14. On December 6, 2017, Mr. Danzik again filed a voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Wyoming as Case No. 17-20934 (the "Current Bankruptcy Proceeding").

15. As of December 6, 2017, the date Mr. Danzik filed the Current Bankruptcy Proceeding, the Danziks were indebted to Mr. Rofè in the amount of $951,048.72, which represents the entire unpaid principal balance of $750,000.00, plus accrued but unpaid interest at the rate of 15% per annum between February 27, 2016 and March 31, 2017 in the amount of $122,979.53, plus accrued but unpaid interest at the rate of 20% per annum between April 1, 2017 and December 6, 2017 in the amount of $102,739.74, plus Mr. Rofè's pre-petition attorney's fees and costs in the amount of $75,329.45, minus a $100,000.00 payment previously paid to Mr. Rofè.  Further, Mr. Rofè has and will continue to incur post-petition attorney's fees and costs in protecting his rights under the Loan Documents.

16. Pursuant to the Declaration of John Parsons, who is a local,

licensed real estate agent in Cody, Wyoming, the market value of the Cody Home is $1,190,000.00.  The Declaration of John Parsons is attached hereto as Exhibit E and made a part hereof by this reference.

17.   Mr. Rofè desires an Order from this Court which modifies the automatic stay so that he may proceed with the Foreclosure Action for purposes of obtaining a money judgment against the Danziks for the amount owed to Mr. Rofè under the Loan Documents, a decree of foreclosure to judicially foreclose on the Cody Home, a determination of the fees and costs Mr. Rofè is entitled to recover under the Loan Documents, and obtaining a deficiency judgment against the Danziks in the event the proceeds from said foreclosure sale are insufficient to repay the full amount owed to Mr. Rofè under the Loan Documents.

18.   Pursuant to 11 U.S.C. § 362(d)(1), the Court shall grant relief from the automatic stay for cause, including the lack of adequate protection of an interest in property of a party in interest.

19.   Sufficient grounds exist to modify the automatic stay as set forth herein pursuant to 11 U.S.C. §362(d)(1) for the following reasons:

   a.   The property taxes for the Cody Home have gone unpaid since 2015.  As of April 2, 2018, the total payoff amount for said property taxes equals $23,769.22, which continues to accrue at the statutory rate of 18% per annum.  A printout provided by the Park County Treasurer's office which

substantiates this amount is attached hereto as <u>Exhibit D</u> and made a part hereof by this reference.

  b. Mr. Rofè does not have and has not been offered adequate protection for his interest in the Cody Home from Mr. Danzik.

 20. Pursuant to 11 U.S.C. § 362(d)(2), the Court shall grant relief from the automatic stay if the estate has no equity in the property, and such property is not necessary for an effective reorganization.

 21. Sufficient grounds exist to modify the automatic stay as set forth herein pursuant to 11 U.S.C. §362(d)(2) for the following reasons:

  a. The market value of the Cody Home, which is $1,190,000.00 pursuant to the Declaration of John Parsons attached hereto as <u>Exhibit E</u>, does not exceed the amount of all debts secured by liens on the Cody Home, which consists of, at a minimum: (i) Mr. Rofè's Loan, which equals $951,048.72, (ii) the IRS Tax Lien, which equals $557,237.85, and (iii) the unpaid property taxes owed to the Park County Treasurer, which, as of April 2, 2018, equals $23,769.22 (and continues to accrue at the statutory rate of 18% per annum), for a total amount as of April 2, 2018 of $1,532,055.79.

  b. Mr. Danzik does not conduct any business out of the Cody Home which is necessary to an effective reorganization, and all indications point to the fact the Danziks rent a home in Arizona where Mr. Danzik spends nearly all of his time between travelling to and from his various jobs around the country.

22. In the event the relief sought herein is granted by this Court and Mr. Rofè receives net proceeds from any resulting foreclosure sale which exceed the amount of his claim set forth herein, Mr. Rofè will provide an accounting thereof to the U.S. Trustee and Mr. Danzik.

23. In support of the foregoing, Mr. Rofè has attached the Declaration of Richard S. Rofé as <u>Exhibit F</u> hereto, which is made a part hereof by this reference.

WHEREFORE, Mr. Rofè prays that the Court enter an order substantially in the form submitted concurrently herewith, which modifies the automatic stay pursuant to 11 U.S.C. §362(d) to permit Mr. Rofè to proceed with the Foreclosure Action for purposes of pursuing all state remedies available to him under the Loan Documents and applicable law, which include obtaining a money judgment against the Danziks for the amount owed to Mr. Rofè under the Loan Documents, a decree of foreclosure to judicially foreclose on the Cody Home, a determination of the fees and costs Mr. Rofè is entitled to recover under the Loan Documents, and obtaining a deficiency judgment against the Danziks in the event the proceeds from said foreclosure sale are insufficient to repay the full amount owed to Mr. Rofè under the Loan Documents, and that in the event Mr. Rofè receives net proceeds from any resulting foreclosure sale which exceed the amount of his claim set forth herein, Mr. Rofè shall provide an accounting thereof to the U.S. Trustee and Mr. Danzik.

DATED this 8th day of May, 2018.

        BONNER LAW FIRM, P.C.

        /s/
        Bradley D. Bonner, WSB #5-2983
        Nicholas M. Crandall, WSB #7-5144
        Bonner Law Firm, P.C.
        1102 Beck Avenue
        Cody, Wyoming 82414
        (307) 586-4135 (Phone)
        (307) 586-4137 (Fax)
        brad@bonnerlawfirmpc.com
        nick@bonnerlawfirmpc.com
        Attorneys for Creditor
        Richard S. Rofè

**NOTICE OF TIME TO OBJECT**

YOU ARE HEREBY NOTIFIED that if you desire to oppose this motion, you are required to file with this court and serve upon Bradley D. Bonner and Nicholas M. Crandall, attorneys for the movant, whose address is 1102 Beck Ave., Cody, Wyoming 82414, a written objection to the motion on or before May 25, 2018, or the relief requested may be granted by the court.

DATED this 8th day of May, 2018.

                          RICHARD S. ROFÈ

              By:   BONNER LAW FIRM, P.C.

                     /s/
                  Bradley D. Bonner, WSB #5-2983
                  Nicholas M. Crandall, WSB #7-5144
                  Bonner Law Firm, P.C.
                  1102 Beck Avenue
                  Cody, Wyoming 82414
                  (307) 586-4135 (Phone)
                  (307) 586-4137 (Fax)
                  brad@bonnerlawfirmpc.com
                  nick@bonnerlawfirmpc.com
                  Attorneys for Creditor
                  Richard S. Rofè

# CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May, 2018, I caused a true and correct copy of the foregoing to be served upon the parties below as indicated:

| | |
|---|---|
| Dennis Danzik<br>1108 14th St.<br>Cody, Wyoming 82414<br>*Debtor* | Via U.S. Mail |
| Ken McCartney<br>The Law Offices of Ken McCartney, P.C.<br>P.O. Box 1364<br>Cheyenne, WY 82003<br>bnkrpcyrep@aol.com<br>*Attorney for Debtor* | Via U.S. Mail |
| Jacques Catafago<br>The Law Offices of Catafago Fini LLP<br>The Empire State Building<br>350 Fifth Avenue, Suite 7710<br>New York, NY 10118<br>*Attorney for Debtor* | Via U.S. Mail |
| Daniel J. Morse<br>Assistant U.S. Trustee<br>308 West 21st Street, Room 203<br>Cheyenne, WY 82001<br>daniel.j.morse@usdoj.gov | Via U.S. Mail |
| Elizabeth Danzik<br>1108 14th St.<br>Cody, Wyoming 82414<br>*Joint Owner and Co-Borrower* | Via U.S. Mail |
| Debtor's Top 14 Unsecured Creditors<br>(listed on the following page) | Via U.S. Mail |
| All other parties entitled to<br>receive electronic notice | Via the Court's CM/ECF system |

/s/ Joy M. Clemens
Joy M. Clemens

## Debtor's Top 14 Unsecured Creditors

| | | |
|---|---|---|
| BANK OF AMERICA<br>P.O. BOX 15019<br>WILMINGTON, DE 19850-5019 | CHASE BANK-UNITED VISA<br>P.O. BOX 94014<br>PALATINE, IL 60094-4014 | CITI BANK-DIAMOND PREFERRED<br>P.O. BOX 6500<br>SIOUX FALLS, SD 57117-6500 |
| CITI BANK-DIVIDEND<br>P.O. BOX 6500<br>SIOUX FALLS, SD 57117-6500 | CITI BANK-REWARDS PLUS<br>P.O. BOX 6500<br>SIOUX FALLS, SD 57117-6500 | CWT CANADA II LIMITED PARTNERSHIP<br>C/O BRADLEY T. HUNSICKER<br>Markus Williams Young & Zimmermann<br>106 E. LINCOLNWAY, SUITE 300<br>CHEYENNE, WY 82001-4567 |
| DINER'S CLUB<br>P.O. BOX 6101<br>CAROL STREAM, IL 60197-6101 | GEM HOLDCO<br>590 MADISON AVENUE, 36TH FLOOR<br>NEW YORK, NY 10022 | HOME DEPOT CREDIT<br>PO BOX 790328<br>ST. LOUIS, MO 63179 |
| INTERNAL REVENUE SERVICE<br>PO BOX 7346<br>PHILADELPHIA, PA 19101-7346 | LISA HEIL<br>PO BOX 35336<br>PHOENIX, AZ 85069 | RICHARD GANNON<br>C/O WEISSMAN LAW FIRM<br>DONALD WEISSMANN, ESQ.<br>5567 RESEDA BLVD, SUITE 118<br>TARZANA, CA 91356 |
| SIGMA OPPORTUNITY FUND<br>800 3RD AVENUE, 17TH FLOOR<br>NEW YORK, NY 10022 | SOUTH COAST AIR QUALITY<br>MANAGEMENT DISTRICT<br>ATTN: KARIN MANWARING, SCAQMD<br>21865 COPLEY DRIVE<br>DIAMOND BAR, CA 91765 | |

13