Bradley T. Hunsicker, Wyo. Bar #7-4579
MARKUS WILLIAMS YOUNG &
ZIMMERMANN LLC
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (307) 638-1975
E-Mail: bhunsicker@markuswilliams.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| In Re:<br><br>DENNIS MEYER DANZIK,<br>ss # XXX-XX-1786<br><br>Debtor. | Case No. 17-20934<br>Chapter 11 |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF EMERGENCY MOTION FOR ORDER TO U.S. MARSHALS TO TAKE CUSTODY OF DEBTOR UNDER RULE 2005 FOR REPEATED VIOLATIONS OF THIS COURT'S MARCH 14, 2018 ORDER, AND IN OPPOSITION TO DANZIK'S MOTION FOR AN ORDER VACATING AN ORDER DIRECTING THAT A 2004 EXAM BE CONDUCTED**

Creditors CWT Canada II Limited Partnership and Resource Recovery Corporation (the "CWT Parties") submit this memorandum of law (1) in further support of their Emergency Motion for Order Directing the Apprehension of the Debtor by the U.S. Marshals Under Rule 2005 for Debtor's Repeated Violations of this Court's March 14, 2018 Order and Holding the Debtor in Civil Contempt (Doc. 101) (the "Arrest Motion"), and (2) in opposition to Debtor Dennis M. Danzik's Motion for an Order Vacating an Order Directing that a 2004 Exam Be Conducted (Doc. 102) (the "Vacatur Motion").

{Z0223827/1 }

# ARGUMENT

1. In their opening brief in support of the Arrest Motion, the CWT Parties showed that Danzik has repeatedly refused to comply with this Court's March 14, 2018 order directing him to appear in Cheyenne, Wyoming for a Rule 2004 examination and to produce the documents requested by the CWT Parties (Doc. 69) (the "Order")—despite the CWT Parties' many efforts to accommodate his and his counsel's schedule. The CWT Parties further showed that given Danzik's willful refusal to appear for his 2004 exam or produce documents in accordance with the Order, the Court should issue an order under Rule 2005 directing his arrest, and under Rules 9014 and 9020 holding him in contempt of court. *See* Doc. 101.

2. In opposition to the Arrest Motion, Danzik "does not dispute" that he has willfully refused to comply with the Order, and so he "concedes" it. *Berg v. Frobish*, 2013 WL 2434573, at *3 (D. Kan. June 4, 2013); *see* Doc. 106. Instead, Danzik's only excuse for his noncompliance is that the CWT Parties are "'mak[ing] such a fuss that the court looses [sic] track of who sold a 30 million dollar refinery that never refined anything at any time.'" Doc. 106. This statement is nonsensical, and even if true (which it is not), does not excuse Danzik from complying with the Order.

3. Though incomprehensible, Danzik's argument seems to be that because the CWT Parties allegedly committed fraud in the sale of the Carthage refinery to RDX Technologies Corporation—the defunct company of which Danzik used to be CEO—Danzik is not required to comply with the Order.

4.      However, Danzik is precluded by the New York judgment from arguing that the CWT Parties committed fraud in the sale of this refinery, because he made this exact argument in New York—which the New York court rejected. *See Josey v. Goord*, 9 N.Y.3d 386, 389-90 (N.Y. 2007) (under New York's transactional approach to *res judicata*, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy").

5.      Danzik is also precluded from even relitigating the preclusive effect of the New York judgment, because the Arizona federal court already held that this fraud claim is "barred by res judicata." Ex. A at 21-23; *see Gardner v. Comm'r of Internal Revenue*, 704 F. App'x 720, 721 (9th Cir. 2017) ("Collateral estoppel applies if '(1) the issue at stake [is] identical to the one alleged in the prior litigation; (2) the issue [was] actually litigated by the party against whom preclusion is asserted in the prior litigation; and (3) the determination of the issue in the prior litigation [was] a critical and necessary part of the judgment.'") (citation omitted).

6.      More fundamentally, even if Danzik were right that the CWT Parties committed fraud in the sale of the Carthage refinery (he is not), and even if Danzik were not precluded from relitigating this issue (he is), Danzik is still not entitled to disregard this Court's Order. Thus, Danzik has presented no valid excuse for his willful noncompliance with the Order.

7. Danzik also separately moves to vacate the Order, claiming that "the Debtor believes it would be better to have any 2004 examination conducted by a party in interest to this case." Doc. 102 ¶ 4. This motion is frivolous and should be denied.

8. **First**, Danzik's filing of the Vacatur Motion does not excuse his noncompliance with the Order. Indeed, Danzik has not sought, let alone obtained, a stay of the Order. Every day that goes by is another day that Danzik continues to violate the Order.

9. **Second**, Danzik states that the Order makes his 2004 exam "contingent upon 'if the Debtor Agreed.'" *Id.* ¶ 1. That is not what the Order says. To the contrary, the Order "granted" the CWT Parties' motion for a 2004 exam, which sought an order requiring Danzik to "produce the documents listed in Exhibit A" to their motion and to "appear in person at the office of Markus Williams Young & Zimmermann, LLC, 106 East Lincolnway, Suite 300, Cheyenne, WY 82001" for a two-day 2004 exam (Doc. 60 at 5). Order at 1. The Order further stated that "if an agreement for the time and place" of Danzik's 2004 exam "has not been reached" (which it had not), then the "date for the examination or production of documents" must be at least 14 days after service of the Order on Danzik and his counsel. *Id.* The Order did not make a 2004 exam of Danzik "contingent upon" Danzik's agreement.

10. **Third**, as explained in the CWT Parties' Arrest Motion (¶¶ 6, 11, 16), the CWT Parties offered Danzik's counsel three different sets of dates in April and May. Each time, Danzik's counsel responded with an excuse for why Danzik could not appear, or he simply refused to respond. Thus, contrary to Danzik's suggestion, this is not a

dispute over scheduling, but a more fundamental dispute over whether Danzik may ignore this Court's Order that he appear for a 2004 exam.

11. **Fourth**, Danzik erroneously argues that he "believes it would be better to have any 2004 examination conducted by a party in interest to this case," and since "[t]he CWT Parties [sic] standing as a creditor has been challenged by multiple professional opinions" supported by affidavits that make it "pretty clear" that the CWT Parties committed fraud, the CWT Parties are "[w]ithout standing," and thus "should not be conducting 2004 examinations." Doc. 102 ¶ 4.

12. As a threshold matter, Danzik's argument on this point is again incomprehensible, and his logic makes no sense.

13. Cutting through this gibberish, Danzik appears to be arguing that the CWT Parties are not "part[ies] in interest," and thus lack standing. Danzik is wrong. To the contrary, "[a] creditor is clearly a party in interest, as expressed in 11 U.S.C. § 1109(b)." *In re Texaco Inc.*, 79 B.R. 551, 552 (Bankr. S.D.N.Y. 1987); *see also* 11 U.S.C. § 1109(b) ("party in interest" includes "a creditor"). As unsecured creditors, the CWT Parties are parties in interest, and are "entitled to seek"—and take—a "Rule 2004 examination of the debtor." *In re Texaco Inc.*, 79 B.R. at 552. In sum, Danzik's argument that the CWT Parties lack standing to take Danzik's 2004 exam—which Danzik did not even raise in opposition to the CWT Parties' motion for 2004 examination—is frivolous.

**WHEREFORE**, the Court should (1) order the U.S. Marshals to take custody of Danzik and bring him to this Court or—if he is apprehended over 100 miles from this Court—to the nearest magistrate judge, bankruptcy judge, or district judge to answer for

his refusal to appear for his Rule 2004 exam; (2) hold Danzik in contempt of court, require his arrest and imprisonment, and fine hiim $1,000 per day, until he complies with the Order; (3) direct Danzik to pay the CWT Parties' attorneys' fees and costs incurred in making the Arrest Motion, including filing this reply; and, (4) deny the Vacatur Motion.

Dated: May 25, 2018
Cheyenne, Wyoming

>Respectively submitted,
>
>**CWT Canada II Limited Partnership and Resource Recovery Corporation,** *Creditors and Movants*
>
>By: */s/ Bradley T. Hunsicker*
>Bradley T. Hunsicker, #7-4579
>**MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC**
>106 East Lincolnway, Suite 300
>Cheyenne, WY 82001
>Telephone: (307) 778-8178
>Facsimile: (307) 638-1975
>E-Mail: bhunsicker@markuswilliams.com
>
>By: */s/*
>Jeffrey M. Eilender (*admitted pro hac vice*)
>Bradley J. Nash (*admitted pro hac vice*)
>Joshua Wurtzel (*admitted pro hac vice*)
>**SCHLAM STONE & DOLAN LLP**
>26 Broadway
>New York, New York 10004
>Telephone: (212) 344-5400
>Facsimile: (212) 34407677
>E-Mail: jme@schlamstone.com
>E-Mail: bnash@schlamstone.com
>E-Mail: jwurtzel@schlamstone.com
>
>*Attorneys for Creditors CWT Canada II Limited Partnership and Resource Recovery Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on May 25, 2018, *electronically,* via the Court's CM/ECF system upon the following parties who have entered their appearance in the above-captioned matter.

**Ken McCartney**
The Law Offices of Ken McCartney, P.C.
P.O. Box 1364
Cheyenne, WY 82003
bnkrpcyrep@aol.com
*Attorney for Debtor*

>  */s/ Bradley T. Hunsicker*
>  Bradley T. Hunsicker