IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

FILED

12:03 pm, 6/19/18

Tim J. Ellis
Clerk of Court

In re:                              )
    DENNIS MEYER DANZIK,    )
                            )   Case No. 17-20934
                            )   CHAPTER 11
              Debtor.       )

## ORDER DENYING CREDITOR'S MOTION TO SEIZE DEBTOR

This matter is before the court on the *Emergency Motion for Order Directing the Apprehension of the Debtor by the U.S. Marshals under Rule 2005 for Debtor's Repeated Violations of this Court's March 14, 2018 Order and Holding the Debtor in Civil Contempt* filed by Creditors CWT Canada II Limited Partnership and Resource Recovery Corporation (CWT Parties), its Memorandum of Law[1] and Debtor's Response. Upon review of the pleadings, the court determines a hearing will not benefit the court in making a decision on this matter. Therefore, the court rules without a hearing.

**Jurisdiction**

The court has jurisdiction of this matter under 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper under 28 U.S.C. § 1408.

**Background**

CWT Parties brings this motion requesting the court order Debtor be taken into custody for refusal to appear at a 2004 examination; (2) hold Debtor in contempt, arrested and imprisoned, imposing a daily fine until Debtor appears at a 2004 examination; and (3) costs for filing this Motion.

The court has been made aware of the history of the CWT Parties and Debtor and the New York proceedings through Debtor's bankruptcy cases and will not go into the entire history here. Suffice it to say, the relationship is litigious, hostile, volatile and based on the CWT Parties frustration and Debtor's actions, does not appear that it will improve at any point in the future.

---

[1] CWT Parties' Opposition to Debtor's motion for an order vacating an order directing a 2004 examination be conducted is included in the Memorandum of Law. The court will enter a separate order on Debtor's motion.

The CWT Parties filed a Motion for a Rule 2004 examination and for production of documents on February 21, 2018, requesting the court order Debtor's attendance and production of documents. These orders are routinely entered by the court. However, in this case, the court provided that the dates requested were approved, upon Debtor's agreement. In the event Debtor did not consent to those dates, the court provided the "date for the examination or production of documents may not be sooner than 14 days after service of the order . . ." As described in CWT's Motion, Debtor did not attend, nor produce requested documents. Debtor's response did not address the reasons for his non-attendance.

**Discussion**

The court may enter orders to carry out the requirements of the Bankruptcy Code, based on the necessities of judicial administration and this court's authority under Section 105. Any party in interest may request a Rule 2004 examination by filing a motion to examine the debtor relating to the acts, conduct or property, or to the liability and financial condition of debtor.[2] The examination may also include any matter which may affect the administration of the bankruptcy estate or Debtor's discharge.[3] Attendance may be compelled under Rule 9016, by subpoena.[4]

Due to the contentious relationship between the parties and the disagreement regarding the court's previous order, the court will not hold Debtor in contempt, nor order his arrest.

The court cautions that any attempt to effectuate an arrest warrant during the course of the bankruptcy case would be an action against the debtor, and considered a violation of the automatic stay. This subjects creditor(s) to costs, including attorney fees, punitive damages and other relief this court deems necessary. Any arrest while in attendance of the exam or for any time period before or after while traveling, will be presumed to be the willful action of a violation of the stay by this court.

The court also cautions parties that if Mr. Danzik sets aside funds per the New York Court judgment, those funds may <u>not</u> be administered or distributed absent an order from this court.

---

[2] Fed. R. Bankr. P. 2004.
[3] *Id.*
[4] *Id.*

In conclusion, the court, using its authority pursuant to Section 105, denies CWT Parties' requests based on the necessities of the judicial administration of this bankruptcy case. Therefore,

IT IS ORDERED the *Emergency Motion for Order Directing the Apprehension of the Debtor by the U.S. Marshals under Rule 2005 for Debtor's Repeated Violations of this Court's March 14, 2018 Order and Holding the Debtor in Civil Contempt* is DENIED.

BY THE COURT

_____  6/19/2018
Honorable Cathleen D. Parker
United States Bankruptcy Judge