FILED

1:18 pm, 8/1/18

Tim J. Ellis
Clerk of Court

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF WYOMING**

|  |  |  |
|---|---|---|
| In re: | ) | |
| DENNIS MEYER DANZIK, | ) | |
| | ) | Case No.  17-20934 |
| | ) | CHAPTER 11 |
| Debtor. | ) | |

**ORDER SUSTAINING, IN PART, DEBTOR'S OBJECTION
TO THE AMOUNT OF PROOFS OF CLAIM 7 AND 8, TO BE PAID ONE AMOUNT
BETWEEN THE TWO CLAIMS AND
ORDER OVERRULING WITHOUT PREJUDICE DEBTOR'S OBJECTION TO THE PROOFS
OF CLAIM NO. 7 AND CLAIM NO. 8 AS TO VALIDITY**

Debtor Dennis Meyer Danzik objects to the above-captioned claims. Creditors CWT Canada II Limited Partnership and Resource Recovery Corporation and CWT Canada, (CWT Parties), responded. Each party filed subsequent addendum and supplements. Generally, Debtor objects to the claims on two basis: 1) the claims are duplicative; and, 2) the New York court entered the default judgment in error.

**JURISDICTION**

This court has jurisdiction of this matter under 28 U.S.C. §§ 1334 and 157. This is a core proceeding under § 157(b)(2)(B). Venue is proper under 28 U.S.C. §§ 1408 and 1409.[1]

**FACTS**

The court is familiar with the facts of this case, and Debtor's previous Bankruptcy Case No. 16-20002, which are extensively set forth in written decisions from this court.

Additional facts include Debtor's allegations that CWT Parties procured the judgments entered against him in the Supreme Court of the State of New York – New York County, by fraud in the inducement. Debtor, through counsel, reports he filed a motion to vacate that judgment.

**DISCUSSION**

If the proof of claim is sufficient to constitute *prima facie* evidence of the validity and amount of the claim, then "[t]he objecting party has the burden of going forward with evidence supporting the objection."[2] "Such evidence must be of probative force equal to that of the allegations contained in the proof of claim."[3] "Once the objecting party has reached this threshold, the creditor [claimant] has the ultimate burden of persuasion as to the validity and amount of the claim."[4]

---

[1] Unless noted otherwise, all citations are to the United States Code, title 11.

[2] *In re Kendall*, 380 B.R. 37, 43-4 (Bankr. N.D. Okla. 2007) (citing *Wilson v. Broadband Wireless Int'l Corp.* (*In re Broadband Wireless Int'l Corp.*), 295 B.R. 140, 145 (B.A.P. 10th Cir. 2003).

[3] *Wilson v. Broadband Wireless Int'l Corp.* 295 B.R. at 145.

[4] *Id.* (citing *Agricredit Corp. v. Harrison* (*In re Harrison*), 987 F.2d 677, 680 (10th Cir. 1993)).

1.      Amount of claims

Debtor's first objection argues the CWT Canada and Resource Recoveries claims, *i.e.*, No. 7 and No. 8, are duplicative and should be one joint claim. Each claim is for $7,034,081.13, plus interest, based upon the New York court judgment of September 7, 2016. The CWT Parties assert that each hold a valid legal claim against Debtor, and they are entitled to enforce the claim in their separate capacities. The CWT Parties concede, if allowed, Debtor will only have to pay the total amount once. The court finds this concession resolves the objection and sustains Debtor's objection.

2.      Validity of claims

The remaining issue involves the litigation in the Supreme Court of the State of New York – New York County, Index No. 650841/2013, where judgment was entered. As stated, Debtor is pursuing vacation of the New York judgment, which goes to the validity of the claims. Debtor's assertion the judgment is subject to being vacated, is of probative force equal to the allegations contained in the proof of claim. The burden of persuasion shifts to CWT Parties to determine the validity of the claims.

The CWT Parties contend Debtor may not relitigate the issues the New York court determined by arguing the CWT Parties committed fraud in the sale of the refinery, as Debtor made this argument to the New York court, which it rejected. The CWT Parties assert res judicata precludes Debtor from relitigating the issues in this court, as Debtor has not had the New York default judgment vacated. The CWT Parties' second argument is Debtor is precluded from re-litigating the preclusive effect of the New York judgment, as the Arizona federal court held Debtor's fraud claim is barred by res judicata.

Federal courts must give a state-court judgment the same preclusive effect as would be given that judgment under the state's law where the court rendered judgment.[5] "A party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter."[6] The rule applies to claims actually litigated and claims that parties could have raised in prior litigation.[7]

The doctrine "is applicable to an order or judgment entered upon default that has not been vacated, as well as to issues that were or could have been raised in the prior proceeding."[8] The party to be precluded must have had a full and fair opportunity to contest the prior determination is of greater concern in cases involving a so-called "pure default," when defendant never responds to complaint or

---

[5]  *Estate of Bassatt v. Sch. Dist. No. 1 in the City & Cty. of Denver*, 775 F.3d 1233, 1238 (10th Cir. 2014); *see also Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 385 (10th Cir. 1987) (holding federal courts must "apply the law of the state rendering the judgment to determine collateral estoppel effect").

[6]  *In re Hunter*, 827 N.W.2d 269, 274 (N.Y. 2005).

[7]  *Id.*

[8]  *Yardeny v. Jordan*, 988 N.Y.S.2d 658, 659 (App. Div. 2014) (quoting *Allstate Inx. Co. v. Williams*, 816 N.Y.S.2d 497 (App. Div. 2006)).

appears in action, than in cases in which the defendant appeared and defended the action for a time, but later abandoned the defense.[9] Thus, New York law governs the preclusive effect of the New York judgment, which Debtor relies upon as a basis for his objection to Claim Nos. 7 and 8.

    a.    New York litigation

Claim preclusion (sometimes used interchangeably with "res judicata") more broadly bars the parties or their privies from relitigating issues that they did or could have raised in that action.[10] The doctrine "encompasses the law of merger and bar"—it precludes the relitigation of all claims falling within the scope of the judgment, regardless of whether or not the parties actually litigated those claims.[11] As such, claim preclusion serves to bar not only every matter which the parties offered and the court received to sustain or defeat the claim or demand, but also any other admissible matter which the parties might have offered for that purpose.[12] In other words, claim preclusion may "foreclos[e] litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit."[13]

Collectively, the issue preclusion and claim preclusion doctrines serve to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudication[14] Res judicata shields litigants from undue harassment and protects against the substantial time and expense of needless and repetitive litigation.[15] Reducing duplicative proceedings furthers the goals of convenience, efficiency and judicial economy—the same trial court presides over discovery, motions, and a single trial.[16] Res judicata also preserves the integrity of the courts by fostering finality and minimizing the risk of conflicting judgments, which undermines public confidence in the judicial process.[17]

To establish claim preclusion, a party must show: (1) a final judgment on the merits, (2) identity or privity of parties, and (3) identity of claims in the two actions.[18]

---

[9] *In re Soliman*, 515 B.R. 179, 187 (Bankr. S.D.N.Y. 2014).

[10] *Paramount Pictures Corp. v. Allianz Risk Transfer AG*, 96 N.E.3d 737, 743 (N.Y. 2018) (citing *Cromwell v. County of Sac,* 94 U.S. 351, 352, (1877)).

[11] *Migra v. Warren City School Dist. Bd. Of Educ.*, 465 U.S. 75, 77 n. 1, (1984); *Monahan v. New York City Dept. of Corrections*, 214 F.3d 275, 285 (2d Cir. 2000); Wright, 6 Fed Prac & Proc Juris § 1417).

[12] *Nevada v. United States*, 463 U.S. 110, 129–30 (1983) (citing *Cromwell*, 94 U.S. at 352).

[13] *Migra*, 465 U.S. at 77 n. 1.

[14] *Paramount Pictures Corp.,* 96 N.E.3d 737, 743–44, (N.Y. 2018).

[15] *Id.*; s*ee also* Allan D. Vestal, Res Judicata/Preclusion by Judgment: The Law Applied in Federal Courts, 66 Mich. L Rev 1723, 1723 (1968).

[16] *Allen v. McCurry,* 449 U.S. 90, 94, (1980).

[17] *Paramount Pictures Corp.,* 96 N.E.3rd at 744*; See Nevada v. U.S.*, 463 U.S. at 128–129*;* Vestal, 66 Mich. L Rev at 1723.

[18] *Blonder–Tongue Lab., Inc. v. Univ. of Ill. Found.,* 402 U.S. 313, 323–324 (1971); *Allen*, 449 U.S. at 94; *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 345–346 (2d Cir. 1995).

(i)      Final judgment

It is uncontested that the Supreme Court of the State of New York entered a final judgment. The court did so after granting a default judgment and striking Debtor/Defendant's defenses due to his failure to comply with discovery orders. Debtor did not appeal the default judgment.

(ii)     Identity or privity of parties

It is also uncontested that Debtor and the CWT Parties are the same parties as in the New York case.

(iii)    Identity of claims in the two actions

Again, the claims of the action in New York court and this court are the same. CWT Parties assert the claims based upon the New York judgment or the underlying claims involving the tax credits and Debtor's stricken defenses. Debtor argues the CWT Parties were not entitled to the tax credits due to breach of warranties in the Unit Purchase Agreement between Ridgeline Energy Services Inc., CWT Parties and GEM HOLDCO LLC. However, the New York court entered its judgment striking the arguments. CWT argues res judicata precludes Debtor from relitigating the defenses again. In another case the New York Court, Appellate Division found that res judicata bars debtor's claims that it could have raised as defenses in the action.[19] Prior determinations are res judicata and parties cannot collaterally attack them by way of either defense or affirmative claim.[20] Based upon New York law, res judicata bars Debtor's claims or defenses. [21]

(iv)     Res judicata and default judgment

In New York, a judgment of default, which a party has not vacated, is conclusive for res judicata purposes, and encompasses the issues, which the parties raised or could have raised in the prior action. Debtor expressed his intent to set aside the New York Court's judgment, based upon fraud in the inducement stating he had filed the motion. Debtor alleges the basis of the default judgment, Debtor's failure to produce discovery documents, is due to Plaintiff's actions. Therefore, the New York court should vacate the default judgment. However, applying New York res judicata law, the court finds the New York court has not vacated the judgment, so, res judicata applies precluding this court from relitigating the issues.

In summary, the court finds the concessions of the CWT parties establishes the amount of the claims, providing for one total claim distribution between the CWT Parties. Additionally, the court finds the CWT Parties met their burden of persuasion that res judicata applies and the validity of the claims is

---

[19] *Yardeny v. Jordan*, 988 N.Y.S.2d 658, 659 (App. Div. 2014).
[20] *Chase Manhattan Bank, N.A. v Natarelli*, 93 Misc.2d 78, 83–84 (N.Y. Supp. 1977).
[21] *Tromba v Eastern Fed. Sav. Bank, FSB*, 148 A.D.3d 753, 754 (N.Y. App. Div. 2017).

established. However, as Debtor pursues the vacation of the default judgment in the New York court, the court will overrule Debtor's objection to the validity without prejudice, in the event the New York court finds in favor of Debtor.

      b.      <u>Arizona litigation</u>

Debtor asserts the same argument presented to this court as was determined by the United States District Court – District of Arizona, pursuant to a motion to dismiss. The Arizona District Court entered its order, relying upon New York law, which is the state in which the judgment was rendered. The court determined that res judicata barred claims asserted for fraud, negligent misrepresentation, breach of contract, and breach of implied warranty of good faith and fair dealing, based on the UPA and associated negotiations.

Under principles of *stare decisis,* a decision of a federal district court judge or bankruptcy court is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.[22] At the same time, courts respect its prior decisions as well as decisions of Courts of Appeal and depart from them only for compelling reasons.[23] As Debtor's bases his objection on fraud in the inducement, this court cannot find the Arizona Court decision as binding precedent and declines to adopt the Arizona Order in this case.

In conclusion, the court sustains the Debtor's objection to the amount of the proofs of claim based upon CWT Parties' concession as to the distribution of proofs of claim No. 7 and No. 8 shall be the total amount distributed between the two claimants. Additionally, the court finds CWT Parties met their burden of persuasion of the validity of the claims and res judicata applies precluding relitigation of this issue.

THEREFORE IT IS ORDERED Debtor's objection the Claim No. 7 filed by the CWT Parties and Claim Number 8 filed by Resource Recovery Corporation is sustained, in part. The total amount will be paid only one time but owed to the two Claimants.

---

[22] *See e.g. Fishman & Tobin, Inc. v. Tropical Shipping & Constr. Co., Ltd.,* 240 F.3d 956 (11th Cir. 2001); *Threadgill v. Armstrong World Indus. Inc.,* 928 F.2d 1366, 1371 (3d Cir. 1991).
[23] *In re Jones*, 538 B.R. 844, 848 (Bankr. W.D. Okla. 2015).

IT IS FURTHER ORDERED other than the validity of the amount and allocation ordered above, Debtor's objections are OVERRULED WITHOUT PREJUDICE.

BY THE COURT

Honorable Cathleen D. Parker  8/1/2018
United States Bankruptcy Judge
District of Wyoming