KEN McCARTNEY, Bar No. 5-1335
The Law Offices of Ken McCartney, P.C.
Post Office Box 1364
Cheyenne, WY 82003
Tel (307) 635-0555
Email: bnkrpcyrep@aol.com

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: ) | |
|    DENNIS MEYER DANZIK, ) | |
| ) | Case No.   17-20934 |
| ) | CHAPTER 11 |
| Debtor. ) | |

## MOTION FOR ALTERATION OR AMENDMENT
## OF AN ORDER OF THE COURT

TO the Honorable United States Bankruptcy Judge:

THE APPLICATION of Dennis Meyer Danzik, the Debtor-In-Possession, by Ken McCartney of The Law Office of Ken McCartney P.C. is brought pursuant to Federal Bankruptcy Rule 9023(e) and would request the court alter its February 6th, 219, Order Dismissing (Doc#202) the above described proceeding and enter an order converting the above described proceeding to one providing relief under chapter 7 of the bankruptcy code. In support thereof be advised as follows:

1. It has been seven days since the Order in question was entered, well under the fourteen period of time in which such a motion is considered timely.

2. At the time the cases was dismissed, the Debtor had been accumulating funds in both a Debtor-in-Possession's Account and a trust account labeled "Tax Account," for use as a deposit to move forward a chapter 11 plan.

3. The monthly report last filed in this case show the accounts to have had EOM balances of $95,310.03 in the Dip Account and $345,925.10 in the Tax Account, a total of $441,2235.13 on deposit in good faith for furtherance of the bankruptcy process.

4. Within moments of the Court's Order Dismissing, the CWT Parties served the Debtor-in Possession bank, exhibit A hereto effectively garnering the entire balances of both accounts for the CWT Parties purpose, and their purpose alone.

5. This transaction would easily be an avoidable preference if the Debtor were to file a chapter 7 petition today. That chapter 7 would require the trustee to deal with the levy as a preference in adversary litigation that can be avoided if this case is simply converted to chapter 7.

6. The Debtor would suggest that the results of one party action of the CWT Parties after this court's ruling on dismissal constitute traditional grounds for reconsideration of the court's earlier order as now it is quite clear that the best interest of the creditor**s** as the Debtor suggests, and the Debtor as evidence by his making this request, would be served by the orderly pro-rata distribution of the Debtor-in-possession's funds provided for under the bankruptcy accomplished by an impartial chapter 7 trustee.

7. The Debtor claims no exemption in these funds under Wyoming law and does not anticipate any direct financial benefit to himself as a result of this action. Counsel has discussed this request with the Office of the US Trustee and counsel

for the IRS with no resulting commitment of support or opposition expressed prior to the filing of the actual pleading. No representation can be made about the US Trustee or IRS's position will be in the presence of this actual request.

WHEREFORE, Applicant prays for the annexed Order for which no previous application has been made.

DONE this 14th day of February, 2019.

> Respectfully submitted for the Debtor
>
> By: /s/ Ken McCartney
> KEN McCARTNEY, Bar No. 5-1335
> The Law Offices of Ken McCartney, P.C.
> Post Office Box 1364
> Cheyenne, WY 82003
> Tel (307) 635-0555
> Fax 307) 635-0585
> Email: bnkrpcyrep@aol.com