Case 17-20934   Doc 207   Filed 02/27/19   Entered 02/27/19 15:59:53   Desc Main
                    Document      Page 1 of 8

Bradley T. Hunsicker (Wyo. Bar 7-4579)
**MARKUS WILLIAMS YOUNG & HUNSICKER LLC**
106 East Lincolnway, Suite 300
Cheyenne, WY  82001
Telephone: 307-778-8178
bhunsicker@markuswilliams.com

Jeffrey M. Eilender (*pro hac vice*)
Bradley J. Nash (*pro hac vice*)
Joshua D. Wurtzel (*pro hac vice*)
**SCHLAM STONE & DOLAN LLP**
26 Broadway
New York, NY 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
jeilender@schlamstone.com
bnash@schlamstone.com
jwurtzel@schlamstone.com

Attorneys for Creditors CWT Canada II Limited Partnership
and Resource Recovery Corporation

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In Re:<br><br>DENNIS MEYER DANZIK,<br>xxx-xx-1786<br><br>Debtor. | Case No. 17-20934<br>Chapter 11 |

## OBJECTION TO MOTION TO ALTER OR AMEND

Creditors CWT Canada II Limited Partnership ("CWT Canada") and Resource Recovery Corporation ("RRC") (the "CWT Parties") submit this *Objection to Motion to Alter or Amend* and state as follows:

{Z0259788/1 }                                                    1

## BACKGROUND

1. On September 7, 2016, the Supreme Court of New York for the County of New York entered judgment in favor of the CWT Parties against Dennis Danzik ("Debtor") for the amount of $7,033,491.13.

2. On December 6, 2017, Debtor filed a Chapter 11 bankruptcy petition, starting the above-captioned bankruptcy case (the "Debtor's Case"). [Doc. 1.]

3. During the pendency of the Debtor's Case, Debtor held accounts, including a debtor-in-possession account, at U.S. Bank ("Debtor's accounts").

4. On October 24, 2018, the CWT Parties filed their *Motion to Dismiss*. [Doc. 180.]

5. On November 13, 2018, Debtor filed *Debtor's Response to Motion to Dismiss of the CWT Parties*. [Doc. 184.]

6. On November 15, 2018, the CWT Parties filed their *Reply to Debtor's Response to Motion to Dismiss*. [Doc. 186.]

7. On November 20, 2018, the Court held an evidentiary hearing on the Motion to Dismiss.

8. On December 4, 2018, the Court entered a minute order on the Motion to Dismiss indicating that the Court took the matter under advisement. [Doc. 197.]

9. On February 6, 2019, the Court entered its Decision Memorandum on CWT's Motion to Dismiss (the "Opinion"), [Doc. 201], and its *Judgment on CWT Parties' Motion to Dismiss* (the "Judgment"). [Doc. 202.] In the Judgment, the Court ordered that "Dennis Meyer Danzik's Chapter 11 bankruptcy case is dismissed." *Id.* at 1.

10. Later that same day, the CWT Parties served a *Restraining Notice and Information Subpoena* on U.S. Bank in New York (the "Restraining Notice"), in which it noted that it had a judgment against Debtor for $7,033,491.13 and restrained transfer of Debtor's accounts.

11. On February 14, 2019, Debtor filed his *Motion for Alteration or Amendment of an Order of the Court* (the "Motion"). [Doc. 205.] Debtor filed a copy of the Restraining Notice as Exhibit A to the Motion. [Doc. 206.]

12. In the Motion, Debtor asks the Court to alter the judgment to convert the case to Chapter 7 instead of dismissing the case. The Motion at 1. Debtor argues that the Court should so alter the judgment because the CWT Parties' served the Restraining Notice. Debtor reasons that

> the results of one party action of the CWT Parties after this court's ruling on dismissal constitute traditional grounds for reconsideration of the court's earlier order as now it is quite clear that the best interest of the creditor**s** . . . would be served by the orderly pro-rata distribution of the Debtor-in-possession's funds provided for under the bankruptcy accomplished by an impartial chapter 7 trustee.

The Motion at 2 (emphasis in original). Debtor further argues that, were he to file a Chapter 7 today, the Restraining Notice would be an avoidable preference. Debtor concludes that the Court should alter the judgment to convert the case to Chapter 7 as of the date of dismissal to avoid the preference litigation and distribute the funds in Debtor's accounts.

13. In short, Debtor asks the Court to alter its judgment on the basis that a creditor moving to enforce its judgment after a bankruptcy case is dismissed shows that, conversion, not dismissal, is in creditors' best interest.

## AUTHORITY AND ARGUMENT

14. The Federal Rules of Civil Procedure provide that "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." ("Rule 59(e)"). Fed. R. Civ. P. 59(e). This rule applies to bankruptcy cases, with some exceptions that do not apply here, and in bankruptcy cases a motion "to alter to amend a judgment shall be filed . . . no later than 14 days after the entry of judgment." Fed. R. Bankr. P. 9023. Because Rule 59(e) is incorporated into the bankruptcy rules, "nonbankruptcy cases that interpret the rules are applicable." *Eglin Fed. Credit Union v. Horlacher* (*In re Horlacher*), 389 B.R. 257, 261 (Bankr. N.D. Fla 2008). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted)

15. By its terms, "Rule 59(e) does not set forth any grounds for relief and the district court has considerable discretion in reconsidering an issue." *In re Horlacher*, 389 B.R. at 261.

16. In exercising this "considerable discretion," courts have set out standards for evaluating motions to alter or amend. In particular, courts have held that "a motion to alter or amend the judgment under Rule 59(e) must **clearly establish either a manifest error of law or fact or must present newly discovered evidence** and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (internal quotation marks omitted) (emphasis added).

17. Some courts in the 10th Circuit treat motions to alter or amend as motion as motions for reconsideration and apply the same substantive standards:

> A Rule 59(e) motion to alter or amend judgment is essentially a motion for reconsideration. Grounds warranting a motion to reconsider include **(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice**. Moreover, a party cannot invoke Rule 59(e) to raise arguments or present evidence that should have been set forth in the first instance or to rehash arguments previously considered and rejected by the court. Whether to grant or deny a Rule 59(e) motion is within the district court's sound discretion.

*Pound v. Airosol Co.*, 368 F. Supp. 2d 1158, 1159 (D. Kan. 2004) (citations and internal quotation marks omitted) (emphasis added). "The bankruptcy court will deny a motion to reconsider unless the movant can make a showing of one of the[se] enumerated grounds for relief." *In re Bell*, No. 09-10941-8-JRL, 2010 Bankr. LEXIS 2743, at *1 (Bankr. E.D.N.C. Sep. 3, 2010).

18. First, Debtor does not allege, much less support, that there has been an intervening change in the law, that Debtor has discovered new evidence that was previously unavailable, or that the Court made a clear error that must be corrected to prevent a manifest injustice. Accordingly, Debtor has not shown any of the enumerated grounds for relief, and the Court should deny the Motion.

19. Second, to the extent that Debtor argues that the CWT Parties' service of the Restraining Notice constitutes "newly discovered evidence," the Court should reject that argument. A creditor moving quickly to enforce its $7 million judgment is not "newly discovered evidence," or even surprising. In fact, it should be expected. If Debtor thinks that this highly foreseeable event is relevant to the Court's decision on whether to convert

or dismiss, Debtor could have and should have raised it before the Judgment issued. Debtor did not do so and Rule 59(e) is an improper vehicle to raise the issue now. *See Pound v. Airosol Co.*, 368 F. Supp. 2d 1158, 1159 (D. Kan. 2004) ("[A] party cannot invoke Rule 59(e) to raise arguments or present evidence that should have been set forth in the first instance."). The Court should deny the Motion.

20. Finally, the Court has already considered precisely the issue that Debtor raises in the Motion and rejected it. The Court has already (twice) made its assessment of whether conversion or dismissal is in the best interest of creditors—specifically noting the status of secured claims in this case and concluding that Chapter 7 was inappropriate:

> CWT requests dismissal rather than conversion. Mr. Danzik's exempt assets would only be available to the IRS and secured creditors, leaving no assets for a trustee to administer. There is no pending litigation that would benefit a Chapter 7 estate. The court applies the same analysis from Debtor's first case:
>
>> It is in the best interest of the estate to dismiss. Any liquidation would be for the sole benefit of the secured creditors. A liquidation bankruptcy case is not administered for the benefit of a debtor's secured creditors but for the benefit of its unsecured creditors.
>
> Therefore, it is in the best interest of the estate and creditors that the court dismiss the case.

The Opinion at 13–14 (footnotes and internal quotation marks omitted).

21. Because the Court has (twice) noted that "any liquidation would be for the sole benefit of secured creditors" and dismissed instead of converting, the Court has (twice) substantively addressed and rejected Debtor's argument. *Id.* The CWT Parties moving quickly to enforce is judgement is consistent with the Court's analysis and conclusion that

dismissal, not conversion, is in the best interest of creditors. Because the Court has already considered the status of secured claims and decided to dismiss, the Court should reject Debtor's attempt to rehash these same issues through Rule 59(e). *See Pound v. Airosol Co.*, 368 F. Supp. 2d 1158, 1159 (D. Kan. 2004) ("[A] party cannot invoke Rule 59(e) . . . to rehash arguments previously considered and rejected by the court.").

22. In short, Debtor has presented nothing to compel the Court to exercise its "considerable discretion" and grant the "extraordinary remedy" that Debtor seeks. The Court should deny the Motion.

## CONCLUSION

**WHEREFORE**, the CWT Parties request that the Court deny Debtor's Motion for Alteration or Amendment of an Order of the Court.

Dated: Cheyenne, Wyoming
February 27, 2019

Respectfully submitted,

**CWT Canada II Limited Partnership and Resource Recovery Corporation,** *Creditors and Movants*

*By: /s/ Bradley T. Hunsicker*
Bradley T. Hunsicker, #7-4579
**MARKUS WILLIAMS YOUNG & HUNSICKER LLC**
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (307) 638-1975
E-Mail: bhunsicker@markuswilliams.com

*Attorneys for Creditors CWT Canada II Limited Partnership and Resource Recovery Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on February 27, *electronically,* via the Court's CM/ECF system upon the following parties who have entered their appearance in the above-captioned matter.

**Ken McCartney**
The Law Offices of Ken McCartney, P.C.
P.O. Box 1364
Cheyenne, WY 82003
bnkrpcyrep@aol.com
*Attorney for Debtor*

                                                 */s/ Bradley T. Hunsicker*
                                                 Bradley T. Hunsicker