FILED

10:18 am, 3/8/19

Tim J. Ellis
Clerk of Court

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: ) | |
| DENNIS MEYER DANZIK, ) | Case No. 17-20934 |
| Debtor. ) | CHAPTER 11 |

## ORDER DENYING MOTION TO ALTER OR AMEND COURT'S ORDER

Debtor requests the court alter or amend its Judgment dismissing his Chapter 11 bankruptcy case, entered February 6, 2019. Debtor requests the court enter an order converting the Chapter 11 case to a Chapter 7 case. After examining the record, the court determined that a hearing would not materially assist in the determination of this matter. Having reviewed the pleadings, the court denies the Motion.

**Jurisdiction**

This court has jurisdiction of this matter under 11 U.S.C. § 1334. This is a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(A), matters concerning the administration of the estate. Venue is proper under 11 U.S.C. §§ 1408 and 1409.[1]

Under Rule 9023, motions to vacate or reconsider final bankruptcy court decisions are determined under the same standard Fed. R. Civ. P. 59 prescribes.[2] "Grounds warranting a motion to reconsider [under Rule 59(e)] include: 1) an intervening change in the controlling law, 2) new evidence previously unavailable, and 3) the need to correct clear error or prevent manifest injustice." Rule 59(e) motions are appropriate where a court has misapprehended the facts, a party's position, or controlling law.[3] Motions to alter or amend the judgment made pursuant to this Rule serve to correct manifest errors of law or fact, or to consider the impact of new evidence unavailable in prior proceedings. Courts should grant motions to alter or amend a judgment under Rule 59(e), only to present newly discovered evidence or to correct manifest errors of law.[4]

---

[1] All citations, unless otherwise noted, refer to the United States Code, title 11.
[2] Fed. R. Bankr. P. 9023, makes Fed. R. Civ. P. 59, applicable, except a motion to alter or amend a judgment in bankruptcy must be filed no later than 14 days after the entry of the judgment.
[3] *In re Sun River Energy, Inc.*, 536 B.R. 872, 876 (Bankr. D. Colo. 2015).
[4] *In re Davalos,* 426 B.R. 871, 872 (Bankr. D.N.M. 2010) (Rule 59(e) does not allow a party to raise new legal theories that should have been raised earlier). *In re Expert S. Tulsa, LLC*, 522 B.R. 634, 650 (B.A.P. 10th Cir. 2014), aff'd, 619 F. App'x 779 (10th Cir. 2015).

Debtor never argued for conversion to Chapter 7 liquidation proceedings instead of dismissal before or during the hearing. While Debtor repeatedly asserted creditors would be better served by proceedings in bankruptcy court rather than collection actions in state court, these arguments were brought in the context of his attempts to remain within Chapter 11 proceedings. All creditors had notice of CWT's Motion to Dismiss, yet none contested it or advocated for conversion to Chapter 7, rather than dismissal. After Judgment was entered, Debtor now requests a "do-over."

There has not been intervening change of controlling law regarding dismissal of a Chapter 11 bankruptcy case, pursuant to § 1112, as determined by the court in its ruling. Debtor does not present argument of new evidence previously unavailable.

Debtor refers to "paragraph number 20 and 21 of the objection, as a manifest error than can be corrected by conversion. . . ." in his reply to CWT's objection. Debtor expands his argument that "These paragraphs point out that the court has twice ruled that 'any liquidation would be for the sole benefit of secured creditors.' " A manifest error is a clear error of law and risk of manifest injustice.[5] Debtor apparently asserts unsecured creditors and CWT's actions post-Judgment show a simple conversion may correct what he perceives to be a clear error of law and risk of manifest injustice. His argument is based upon CWT's action to halt transfer of account balances after the Judgment was entered. He argues conversion is in creditors' best interest because of the funds in debtor-in-possession accounts should be available to pay the IRS priority tax claim of $56,325,31, and the benefit of all creditors.  However, the IRS tax claim on file before and after the hearing also includes a secured debt in excess of $630,000.00. This is not new evidence as Debtor presented the claim as part of its case. The court's conclusion was not clear error of law. Debtor fails to prove this factor.

In conclusion, as stated, Debtor never argued for conversion – only the opportunity to remain in Chapter 11. He asserted this argument vigorously. He testified to having two DIP accounts, one with substantial funds to pay the Internal Revenue Service and the other account for payments to other creditors.

---

[5] *GOComputer, Inc. v. Microsolft Corp.*, 508 F.3d 170, 177 (4th Cir. 2007); Venegas- *Hernandez v Sonolux Records*, 370 F.3d 183, 189 (1st Cir. 2004) (citing 11 Wright, Miller & Kane, Federal Practice and Procedure, § 2810.1 (West 1995)).

Debtor asserted no factual or legal basis for vacating the dismissal. Debtor does not argue there is an intervening change of the controlling law. Debtor does not argue that there was new evidence previously unavailable. Last, the court does not find Danzik's manifest error argument to be a clear error of law and a risk of manifest injustice. There were little to no funds to pay unsecured creditors' debt amassing in the millions based upon the evidence presented.

IT IS ORDERED Debtor's Motion for Alteration or Amendment of an Order of the Court is DENIED.

BY THE COURT

_____ 3/8/2019
Honorable Cathleen D. Parker
United States Bankruptcy Court
District of Wyoming

Service:
  Ken McCartney
  Bradley T. Hunsicker
  Jeffrey M. Eilender
  Bradley J. Nash
  Joshua D. Wurtzel