UNITED STATES BANKRUPTCY COURT
DISTRICT OF WYOMING

FILED

2:24 pm, 3/15/19

Tim J. Ellis
Clerk of Court

In re                                )
DENNIS MEYER DANZIK,                 )        Case No. 17-20934
                                     )        Chapter 11
        Debtor.                      )

**ORDER DENYING MOTION TO BAR DEBTOR FROM FILING FOR 180 DAYS**

Creditors CWT Canada II Limited Partnership and Resource Recovery Corporation (CWT) seeks an order barring Debtor Dennis Danzik from refiling a case pursuant to Sections 349(a) and 109(g). While styled as a separate motion, CWT is really asking the court to amend its previous order of dismissal to one of dismissal with prejudice. CWT provides no authority, and the court can find none, that permits a party on separate motion, after dismissal, to seek a bar to refiling. The cases CWT cites to in its Motion all consider barring refiling in conjunction with a motion to dismiss.

Under Rule 9023, motions to vacate or reconsider final bankruptcy court decisions are determined under the same standard Federal Rule Civil Procedure 59 prescribes. Motions to alter or amend the judgment made pursuant to this rule serve to correct manifest errors of law or fact, or to consider the impact of new evidence unavailable in prior proceedings. Courts should grant motions to alter or amend a judgment under Rule 59(e) only to present newly discovered evidence or to correct manifest errors of law.[1] Rule 59(e) does not allow a party to raise new legal theories that should have been raised earlier.[2]

CWT did not raise the issue or argue for dismissal with prejudice. CWT repeatedly address the grounds for the judgment and the behavior it believed amounted to bad faith, but

---

[1] *In re Davalos*, 426 B.R. 871, 872 (Bankr. D.N.M. 2010).
[2] *In re Expert S. Tulsa, LLC*, 522 B.R. 634, 650 (B.A.P. 10th Cir. 2014), aff'd, 619 F. App'x 779 (10th Cir. 2015).

never presented the argument within the constraints of Sections 349(a) and 109(g). As set forth in its Motion, CWT identifies multiple factors for a court to consider. Without notice of the issue, Debtor did not have an opportunity to present evidence to address the factors. All creditors had notice of CWT's Motion to Dismiss, yet none joined and advocated for dismissal with prejudice. CWT could have amended its Motion for dismissal but chose not to do so.

Since CWT did not bring this Motion under Rule 9023, it does not address the grounds for amending the judgment pursuant to those standards.

IT IS ORDERED the Motion to Bar Debtor from refiling for 180 days is denied.

BY THE COURT

_____ 3/15/2019
Honorable Cathleen D. Parker
United States Bankruptcy Court
District of Wyoming

Service:
    Bradley T. Hunsicker
    Jeffrey M. Eilender
    Bradley J. Nash
    Joshua D. Wurtzel
    Ken McCartney