KEN McCARTNEY, Bar No. 5-1335
The Law Offices of Ken McCartney, P.C.
Post Office Box 1364
Cheyenne, WY 82003
Tel (307) 635-0555
Email: bnkrpcyrep@aol.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: ) | |
|     DENNIS MEYER DANZIK, ) | |
| ) | Case No.  17-20934 |
| ) | CHAPTER 11 |
|                        Debtor. ) | |

## REQUEST TO CONTINUE THE AUTOMATIC STAY PURSUANT TO 11 USC §362(c)(3)(A) & (B)

COMES NOW the Debtor above named, by counsel, Ken McCartney of The Law Offices of Ken McCartney, P.C., and he requests that the Automatic Stay be continued in the now pending Chapter 7 proceeding. In support thereof, he alleges as follows:

1. The present case was commenced on March 12th, 2019, by voluntary petition.

2. A previous Chapter 11 was commenced by the same individual Debtor on December 6, 201, at case number 17-20934 in the same judicial district. That case was dismissed on March 6, 2019, hence one case was pending within the year preceding the filing of this case.

3. The Debtor had one other bankruptcy pending but NOT in the year previous to this case, and has never been a Debtor in any other bankruptcy.

4. This case is presumptively filed in bad faith as to several individual creditors who filed for relief from the automatic stay pursuant to §362(d), some of which were pending at the time of dismissal.

5. In contradiction of the bad faith presumption, the Debtor offers the following:

   a. The first chapter 7 filing was intended as means to avoid a prepetition caesura either by the trustee's collection or avoidance powers to allow a pro-rata distribution to several effected creditors.

   b. This case is also intended as a 100% federal income tax payment case and appears to be within the Debtor's current means. It will treat all creditors, to which the bad faith presumption is extended by 11 U.S.C. §362(c) 3C(ii).

   c. The treatment of the Internal Revenue Service—payment in full of its now pending claim—would not be possible with the interruption of the debtor's accounts on going at the time the petition in this proceeding was filed.

   d. It should not surprise the court that judgment creditors were vigorously challenging the Debtor's livelihood at the time the petition was filed in this case.

   e. It would stretch the definition of bad faith to include a 100% tax claim payment process in the open and public forum of chapter 7

represents.

6. The Court may impose such conditions or limitations as it deems appropriate when granting the requested relief. Debtor's proposed counsel would volunteer a communication to those claimants who filed proofs of claim in the first case suggesting a second proof of claim with the balance calculated to the new petition date in an effort to avoid prejudice brought on by the confusion of two filings.

WHEREFORE the Debtors pray the Automatic Stay be continued beyond the 30-day expiration to include the duration of payout under the plan as to all claimants to allow an orderly pro rata payout. This is a short time request as discharge becomes operative in roughly 103 days.

DATED this 15th day of March, 2019.

> RESPECTFULLY SUBMITTED FOR:
> DENNIS MEYER DANZIK
> PROPOSED COUNSEL FOR THE DIP
>
> By:
> /s/ Ken McCartney
> KEN McCARTNEY, #5-1335
> The Law Offices of Ken McCartney, P.C.
> P.O. Box 1364
> Cheyenne, WY 82003-1364
> Telephone: (307) 635-0555
> Email: bnkrpcyrep@aol.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 5th day of January, 2018, a true and correct copy of the foregoing *Debtor's Request for the Extension of the Automatic Stay Beyond Thirty Days together with a Notice of Opportunity to Object, and Proposed Order* was served to the following parties:

| | |
|---|---|
| Daniel Morse<br>Deputy US Trustee | Via Electronic Mail Only |
| All on attached matrix | Via United States Mail<br>First Class postage prepaid<br>unless indicated "E" for electronically. |

/s/ Ken McCartney
KEN McCARTNEY